UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DOW CHEMICAL CANADA, INC., on its own behalf and as assignee of THE DOW CHEMICAL COMPANY,<br><br>Plaintiff, Counter-Defendant,<br><br>v.<br><br>HRD CORPORATION (d/b/a Marcus Oil & Chemical)<br><br>Defendant, Counter-Plaintiff. | Case No. 05-023 (JJF) |

**DOW CHEMICAL CANADA, INC.'S MOTION TO DISMISS
HRD CORPORATION'S COUNTERCLAIMS AND TO STRIKE
<u>HRD CORPORATION'S AFFIRMATIVE DEFENSES</u>**

Plaintiff and Counter-Defendant, Dow Chemical Canada, Inc. ("DCCI"), by and through its attorneys, hereby moves to: (1) dismiss Count II of HRD Corporation's ("HRD") counterclaims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure; (2) dismiss Counts III and IV of HRD's counterclaims pursuant to Rule 12(b)(6) or, in the alternative, require HRD to provide a more definite statement pursuant to Rule 12(e); and (3) strike HRD's "defenses" pursuant to Rule 12(f). In support of this motion, DCCI states:

1.      On March 31, after receiving two extensions of time to respond, HRD filed an answer to DCCI's complaint asserting four counterclaims and five defenses to DCCI's action for breach of contract. HRD's ambiguous and unsubstantiated pleading fails to provide minimally sufficient detail to permit DCCI to frame an appropriate response. In addition, HRD's answer improperly asserts what HRD labels "defenses" though its allegations do not in fact state affirmative defenses pursuant to Fed.R.Civ.P. 8(c).

        2.      Count II of HRD's counterclaims alleges that "Dow" breached a Joint Development Agreement ("JDA") that was entered into between HRD and The Dow Chemical Company ("TDCC"). However, DCCI, the only party to HRD's counterclaims, is not a party to the Joint Development Agreement. Thus, under basic principles of contract law, DCCI can not breach that contract. Accordingly, HRD's claim against DCCI for breach of the Joint Development Agreement in Count II of its counterclaims should be dismissed.

        3.      Count III of HRD's counterclaims, which has left DCCI perplexed as to its basis, alleges that "Dow" misappropriated HRD's trade secrets in violation of the Delaware Uniform Trade Secrets Act. Count III does not allege any specific information regarding the alleged misappropriation, except that it involves information that HRD disclosed to TDCC under a confidentiality provision in the JDA, which HRD entered into with TDCC, not DCCI. Despite HRD's allegation of misappropriation against "Dow," it is clear that HRD's allegations, if they have any basis at all, can relate only to TDCC, which is a party to the JDA and was responsible for developing the successful product with HRD under that Agreement. Accordingly, this Court should dismiss HRD's counterclaim in Count III for failure to state a claim. Alternatively, this Court should require HRD to provide a more definite statement of its claims under Count III, because DCCI is unable to answer the claims as currently alleged by HRD.

        4.      Count IV of HRD's counterclaims alleges that "Dow" breached the Supply Agreement and the JDA by failing to provide adequate assurances of future performance under those agreements. However, as noted above, DCCI is the only party to HRD's counterclaims and is not a party to the JDA. In addition, Count IV is merely a duplicate of Counts I and II, which allege breaches of the Supply Agreement and the JDA, respectively. Accordingly, Count IV of HRD's counterclaims should be dismissed for failure to state a claim.

Alternatively, HRD should be required to provide a more definite statement regarding its claim for failure to provide adequate assurances, as DCCI has no record of having received a written demand for adequate assurances from HRD under either the Supply Agreement or the JDA.

      5.      Finally, HRD's purported affirmative defenses suffer from many of the same defects as its answer and counterclaims. HRD's affirmative defenses of failure of consideration, prior breach, failure to perform conditions precedent, failure to give adequate assurance of future performance, and breach of the duty of good faith and fair dealing are not properly brought as affirmative defenses. Instead, these allegations are merely denials of DCCI's breach of contract allegations. Accordingly, HRD's affirmative defenses should be stricken.

      6.      In further support of this motion, DCCI has simultaneously submitted its supporting memorandum which is incorporated by reference as set forth fully herein.

      WHEREFORE, DCCI respectfully requests that this Court grant its motion to (1) dismiss Count II of HRD's counterclaims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure; (2) dismiss Counts III and IV of HRD's counterclaims pursuant to Rule 12(b)(6) or, in the alternative, require HRD to provide a more definite statement pursuant to Rule 12(e); and (3) strike HRD's affirmative defenses pursuant to Rule 12(f).

                MORRIS NICHOLS ARSHT & TUNNELL

                /s/ Kenneth J. Nachbar
                Kenneth Nachbar (#2067)
                David J. Teklits (#3221)
                1201 North Market Street
                P.O. Box 1347
                Wilmington, DE  19899-1347
                (302) 575-7294
                knachbar@mnat.com
                dteklits@mnat.com
                    *Attorneys for Dow Chemical Canada, Inc.*

OF COUNSEL:

Donald R. Cassling
Christopher Tompkins
Zachary V. Moen
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL  60611
(312) 923-2951

April 20, 2005

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on April 20, 2005 I electronically filed DOW CHEMICAL CANADA, INC.'S MOTION TO DISMISS HRD CORPORATION'S COUNTERCLAIMS AND TO STRIKE HRD CORPORATION'S AFFIRMATIVE DEFENSES with the Clerk of the Court using CM/ECF which will send notification of such filing to the following

>Richard I. Horwitz
>Suzanne M. Hill
>Potter Anderson & Corroon LLP
>Hercules Plaza, 6th Floor
>1313 North Market Street
>Wilmington, DE  19899-0951

>/s/ Kenneth J. Nachbar
>Kenneth J. Nachbar (#2067)
>Morris, Nichols, Arsht & Tunnell
>1201 North Market Street
>P.O. Box 1347
>Wilmington, DE  19899-1347
>(302) 658-9200
>knachar@mnat.com