### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DOW CHEMICAL CANADA, INC., on its own behalf and as assignee of THE DOW CHEMICAL COMPANY, | ) ) ) ) | |
| Plaintiff, Counter-Defendant, | ) ) | |
| v. | ) ) | Case No. 05-023 (JJF) |
| HRD CORPORATION (d/b/a Marcus Oil & Chemical) | ) ) ) | |
| Defendant, Counter-Plaintiff. | ) ) ) | |

### DOW CHEMICAL CANADA, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS HRD CORPORATION'S COUNTERCLAIMS AND TO STRIKE HRD CORPORATION'S AFFIRMATIVE DEFENSES

Plaintiff and Counter-Defendant, Dow Chemical Canada, Inc. ("DCCI"), by and through its attorneys, respectfully submits this memorandum in support of its motion to: (1) dismiss Count II of HRD Corporation's ("HRD") counterclaims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure; (2) dismiss Counts III and IV of HRD's counterclaims pursuant to Rule 12(b)(6) or, in the alternative, require HRD to provide a more definite statement pursuant to Rule 12(e); and (3) strike HRD's affirmative defenses pursuant to Rule 12(f).

### INTRODUCTION

DCCI brings this motion to dismiss counterclaims II-IV and strike the "defenses" contained in HRD's March 31 answer to DCCI's January 18 complaint.  HRD's ambiguous and unsubstantiated pleading asserts claims against nonparties to this litigation and fails to provide minimally sufficient detail to permit DCCI to frame an appropriate response.  In addition, HRD's answer improperly asserts what HRD labels "defenses" though its allegations do not in fact state affirmative defenses pursuant to Fed.R.Civ.P. 8(c).  DCCI therefore moves to dismiss HRD's

counterclaims and strike HRD's "defenses."  Alternatively, DCCI requests that the Court order

HRD to provide a more definite statement of its counterclaim counts III and IV.

This litigation arises out of a contractual dispute concerning DCCI's supply of

polyethylene wax ("PE Wax") to HRD.  As outlined more fully in DCCI's complaint, the

relationship between the parties is documented in two agreements originally executed by The

Dow Chemical Company ("TDCC") and HRD.  Under the first agreement, the Joint

Development Agreement ("JDA"), TDCC and HRD agreed to develop specifications for the PE

Waxes to be supplied.  (*See* Pl. Compl. Ex. A.)  The second Agreement, the Sarnia PE Wax

Supply Agreement ("Supply Agreement"), established the terms on which the PE Wax

developed pursuant to the JDA would be supplied to HRD.  (*See* Pl. Compl. Ex. B.)  Prior to

commencement of production, TDCC assigned the Supply Agreement to DCCI to reflect the fact

that commercial  production would take place at DCCI's Sarnia Product Development Plant

("Sarnia").  (*See* Pl. Compl. Ex. E.)   In connection with this assignment agreement, HRD agreed

that TDCC was released from most of its obligations under the Supply Agreement.  (*Id.* ¶ 6.)

After a period of development work pursuant to the JDA, TDCC and HRD agreed

on specifications for the PE Wax that DCCI was to produce pursuant to the Supply Agreement.

However, after agreeing on product specifications, and after DCCI modified Sarnia and

commenced production, HRD breached the Supply Agreement by refusing to make payments

due under the Supply Agreement.  HRD now attempts to justify its breach by claiming that the

PE Wax produced pursuant to the specifications developed pursuant to the JDA (and agreed to

by HRD) was not fit for HRD's purposes.  In light of HRD's breach of contract, DCCI filed a

complaint for breach of the Supply Agreement.  Because there has not been a breach of the JDA,

and because TDCC had assigned its interests and obligations in the Supply Agreement to DCCI, the January 18 complaint was brought by DCCI and not TDCC.

On March 31, after receiving two extensions of time to respond, HRD filed an answer to DCCI's complaint asserting four counterclaims and five defenses to DCCI's action for breach of contract. The four counterclaims attempt to allege claims for breach of the Supply Agreement (Count I), breach of the JDA (Count II), misappropriation of trade secrets (Count III), and apparently a claim that both the JDA and the Supply Agreement were breached by failure to give adequate assurance of future performance (Count IV). (HRD Answer & Counterclaims ¶¶ 109-133.) HRD's answer also contains allegations labeled as "defenses" which assert failure of consideration, prior breach, failure to perform conditions precedent, failure to give adequate assurance of future performance, and breach of the obligation of good faith and fair dealing. (*Id.* ¶¶ 102-108.)

HRD's counterclaims fail to meet the basic requirements of notice pleading under the Federal Rules in two ways:

First, HRD's counterclaims fail to state with any specificity whether it is asserting its counterclaims against DCCI, against TDCC (which is not a party to this lawsuit), or against both DCCI and TDCC. In particular, all four of HRD's counterclaims are asserted against "Dow," a term defined as in HRD's answer as including both DCCI and TDCC.[1] (HRD Answer & Counterclaims ¶¶ 115-133.) Based on the minimal detail provided in the complaint, it appears that some claims are directed against TDCC and not DCCI. TDCC, however, was not a

---

[1]     DCCI acknowledges that it used the same convention in portions of its complaint when alleging actions that were undertaken by both DCCI and TDCC. However, DCCI's complaint makes clear that it is DCCI, and not TDCC, that is alleging breach of the Supply Agreement and TDCC is not named as a party in the January 18 complaint.

named party in DCCI's January 18 complaint, and is not identified as a party in HRD's answer. As of the date of this motion, TDCC has not been served with HRD's counterclaims.

Despite this ambiguity, DCCI has filed an answer to HRD's counterclaim Count I, which alleges that "Dow" breached the Supply Agreement.   DCCI has assumed that this claim has been asserted against DCCI alone, given that DCCI is the appropriate party against which to assert a breach of the Supply Agreement, and is the plaintiff in January 18 complaint.

HRD's ambiguity, however, prevents DCCI from answering the remaining counterclaims.  In particular, Count II asserts a breach of the JDA.  However, DCCI cannot respond to this count given that it is not a party to the JDA.  Count III asserts misappropriation of trade secrets exchanged during the course of performance of the JDA.  As with Count II, DCCI cannot answer Count III because it appears directed against TDCC.  Finally, Count IV asserts a breach of both the JDA and the Supply Agreement based on alleged failure to give adequate assurances of future performance.  DCCI is unable to answer this counterclaim to the extent that it alleges a breach of the JDA given that DCCI is not a party to that agreement.  To the extent that Count IV is directed against DCCI for breach of the Supply Agreement, that claim should be dismissed as duplicative of Count I.

<u>Second</u>, even if HRD had asserted its counterclaims against the appropriate party, HRD has failed to provide minimally sufficient detail that would permit DCCI to respond to its allegations.  In particular, HRD's counterclaim Count III fails to provide any indication of how HRD's trade secrets are being misappropriated.  Similarly, Count IV fails to provide any detail regarding when HRD requested adequate assurance of future performance.  This stands in stark contrast to DCCI's twenty page complaint which sets forth the basis for this lawsuit in great detail.  While DCCI does not demand this level of detail, DCCI is left wondering whether HRD

has *any* good faith basis for its counterclaim because HRD's general allegations contain no detail regarding the "who," "what," "when," "where," and "why" of HRD's claims.   At a minimum, HRD should be required to provide sufficient detail to make clear who it is asserting its counterclaims against.

HRD's purported "defenses" suffer from many of the same defects as its answer and counterclaims.  HRD's affirmative defenses of failure of consideration, prior breach, failure to perform conditions precedent, failure to give adequate assurance of future performance, and breach of the duty of good faith and fair dealing are not properly brought as affirmative defenses. Instead, these allegations are merely denials of DCCI's breach of contract allegations. Accordingly, HRD's "defenses" should be stricken.

## **ARGUMENT**

I.    COUNTS II, III, AND IV OF HRD'S COUNTERCLAIMS SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.    ALTERNATIVELY, THIS COURT SHOULD ORDER HRD TO PROVIDE A MORE DEFINITE STATEMENT OF ITS CLAIMS IN COUNTS III AND IV.

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may dismiss a complaint for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  When considering a motion to dismiss, a court must accept as true all allegations in the complaint and must draw all reasonable factual inferences in the light most favorable to the plaintiff.  *Rottlund Homes of New Jersey v. Saul, Ewig, Remick, & Saul LLP*, 243 F. Supp.2d 145, 156 (D. Del. 2003).  However, the court is "not required to accept legal conclusions either alleged or inferred from the pleaded facts."  *Id.*  Dismissal is appropriate when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief."  *Id.*

Rule 8 of the Federal Rules of Civil Procedure requires only a short and plain statement of a claim that will give defendant fair notice of what plaintiff's claim is and grounds upon which it rests.  Fed. R. Civ. P. 8(a).  However, if a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

Rule 12(e) of the Federal Rules of Civil Procedure allows a party to move for a more definite statement when a pleading is "so vague or ambiguous that the party cannot reasonably be required to frame a responsive pleading."  Fed. R. Civ. P. 12(e); *see Schaedler v. Reading Eagle Publications, Inc.*, 370 F.2d 795, 798 (3d Cir. 1967).

> A.     Count II of HRD's Counterclaims Against DCCI For Breach of the Joint Development Agreement Should Be Dismissed Because DCCI is Not a Party to That Agreement.

Count II of HRD's counterclaims, which alleges that "Dow" breached the JDA, should be dismissed pursuant to FRCP 12(b)(6) for failure to state a claim because DCCI is not a party to that Agreement.  Count II of HRD's counterclaims alleges that "Dow" breached the JDA by "failing to execute its obligations under that contract in good faith" and by "breaching the confidentiality agreement by using proprietary information to compete directly with HRD." (HRD Answer & Counterclaims at ¶ 123.)

However, only DCCI is named as a defendant in HRD's counterclaims, and DCCI is not a party to the JDA.  (*See id.*; *see also* JDA, Pl. Compl. Ex. A.)  In fact, HRD expressly states in its counterclaim that "the Joint Development Agreement obligated *TDCC* to develop with HRD specifications for a particular kind of polyethylene wax . . . ."  (HRD Answer & Counterclaims ¶ 109 (emphasis added).)  It is a "general principle of contract law that only a party to a contract may be sued for breach of that contract."  *Gotham Partners L.P. v. Hallwood*

*Realty Partners, L.P.*, 817 A.2d 160, 172 (Del. 2002); *Wallace v. Wood*, 752 A.2d 1175, 1180 (Del. Ch. 1999). Because DCCI is not a party to the Joint Development Agreement, it cannot, under "general principle[s] of contract law," be sued for breach of that Agreement. Accordingly, this Court should dismiss Count II of HRD's counterclaims.

        B.      Count III Of HRD's Counterclaims Against DCCI For Misappropriation of Trade Secrets Should Be Dismissed Or, In The Alternative, HRD Should Be Required To Provide A More Definite Statement of its Claim Against DCCI.

Count III of HRD's counterclaims should be dismissed for failure to state a claim because HRD's vague and ambiguous allegations, assuming that they have any basis at all, can only logically refer to TDCC, who is a party to the confidentiality provisions of the JDA and worked with HRD to develop the product under that Agreement, but is not a party to this lawsuit. Alternatively, HRD should be required to provide a more definite statement of its misappropriation claim against DCCI because, as it is currently stated, DCCI is unable to formulate a response to the claim.

        1.      Count III Of HRD's Counterclaims Should Be Dismissed For Failure To State A Claim.

In Count III, HRD alleges that it entered into a confidentiality agreement with "Dow" as part of the JDA and shared "information with Dow in furtherance of their joint development and production of polyethylene wax." (HRD Answer & Counterclaims ¶ 124.) HRD further alleges that "[d]espite Dow's contractual obligations to the contrary, Dow used HRD's proprietary information to develop a plan to enter into direct competition with HRD, with the aid of the information Dow misappropriated from HRD." (*Id.* ¶ 125.)

HRD does not provide any information as to what trade secrets were allegedly misappropriated, when they were allegedly misappropriated, how they were allegedly

misappropriated, or who allegedly misappropriated them. HRD does allege that the purported misappropriation involves information that HRD disclosed to TDCC under a confidentiality provision in the Joint Development Agreement. (*Id.*) DCCI is left perplexed as to what basis, if any, HRD has for its misappropriation claim.

Although HRD uses the term "Dow" in Count III of its counterclaims, HRD entered into the JDA with TDCC, not DCCI. Thus, as discussed above, DCCI is not a party to the JDA and is not subject to the confidentiality provision of that Agreement.

Despite HRD's allegation of misappropriation against "Dow," it is clear that HRD's allegations, if they have any basis at all, can relate only to TDCC, which is a party to the JDA and was responsible for developing the successful product with HRD under that Agreement, but is not a party to this lawsuit.

Therefore, as in Count II of its counterclaims, HRD has not stated a claim against DCCI and its counterclaim for misappropriation of trade secrets should be dismissed.

> 2.    In The Alternative, HRD Should Be Required To Provide A More Definite Statement Of Its Claims Under Count III.

In the alternative, this Court should order HRD to provide a more definite statement of its misappropriation counterclaim against DCCI pursuant to Rule 12(e) because DCCI is without notice of the basis of the misappropriation claim against it and is accordingly unable to answer the claim as it is currently pled. As discussed above, HRD's allegations in Count III of its counterclaims are so vague and ambiguous that they have left DCCI perplexed as to what basis, if any, HRD has for asserting the claim. HRD does not provide any information as to what specific trade secrets were allegedly misappropriated, when they were allegedly misappropriated, how they were allegedly misappropriated, or who allegedly misappropriated them. Accordingly, DCCI is unable to answer the claims as currently alleged by HRD.

C.     Count IV Of HRD's Counterclaims Against DCCI For
Failure To Provide Adequate Assurances Should Be
Dismissed Or, In The Alternative, HRD Should Be
Required To Provide A More Definite Statement Of Its
Claims.

Count IV of HRD's counterclaims should be dismissed because: (1) DCCI is not a party to the Joint Development Agreement; and (2) Count IV is duplicative of Counts I and II. In the alternative, this Court should require HRD to provide a more definite statement of its counterclaim in Count IV pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.

1.     Count IV Should Be Dismissed In Part
Because DCCI Is Not A Party To The Joint
Development Agreement.

Count IV of HRD's counterclaims against DCCI should be dismissed in part because DCCI is not a party to the Joint Development Agreement.  In Count IV, HRD alleges that "Dow's refusal to adequately assure HRD of its future performance in conformity with Dow's contractual obligations is a wrongful repudiation of the Joint Development Agreement and the Supply Agreement."  (HRD Answer &  Counterclaims ¶ 133.)  However, as discussed above, DCCI is not a party to the Joint Development Agreement and therefore can not be sued for breach of that Agreement under general principles of contract law.  Because DCCI is the only named defendant in HRD's counterclaims, HRD's claims in Count IV of its counterclaims that DCCI allegedly breached the Joint Development Agreement should be dismissed.

2.     Count IV Should Be Dismissed Because It
Is Duplicative of Counts I and II.

Count IV of HRD's counterclaims should also be dismissed because it is duplicative of and fully subsumed within Counts I and II of HRD's counterclaims, which allege that "Dow" breached the Supply Agreement and the Joint Development Agreement.  Courts routinely dismiss claims that are merely duplicative of other claims.  *See, e.g., Specialty Ins. Co.*

*v. Royal Indemnity Co.*, No. 00-2482, 2002 U.S. Dist. LEXIS 12203, at *20 (E.D. Pa. Mar. 22, 2002) (dismissing plaintiff's claims for breach of duty of good faith and fair dealing because they were "nothing more than a duplication of its claims for breach of contract."); *Cary Oil Co., Inc. v. MG Refining and Mktg., Inc.*, 90 F. Supp. 2d 401, 418-19 (S.D.N.Y. 2000) (same); *In re Buckhead Am. Corp.*, 178 B.R. 956, 968 (D. Del. 1994) (dismissing tort claims that were duplicative of other tort claims raised in the complaint); *Leucadia v. Applied Extrusion Tech., Inc.*, 755 F. Supp. 635, 636 (D. Del 1991) (dismissing a tort claim that was duplicative of another tort claim except that it sought different relief).

Count I of HRD's counterclaims alleges that "Dow breached multiple provisions of the Supply Agreement."  (HRD Answer &  Counterclaims ¶ 119.)  Count II of HRD's counterclaims alleges that DCCI "materially breached the Joint Development Agreement."  (*Id.* at ¶ 120.)  Count IV alleges that Dow's failure to give adequate assurance of future performance under the Supply Agreement and the Joint Development Agreement was a wrongful repudiation of the those agreements and thus breached the agreements.  (*Id.* ¶ 123.)

Thus, Counts I and IV both allege that DCCI breached the Supply Agreement, and Counts II and IV both allege that DCCI breached the Joint Development Agreement. Accordingly, Count IV should be dismissed because it is duplicative of and subsumed under the claims in Counts I and II.

>          3.     In The Alternative, HRD Should Be
>                 Required To Provide A More Definite
>                 <u>Statement of its Claims in Count IV.</u>

In the alternative, this Court should order HRD to provide a more definite statement pursuant to Rule 12(e) of the basis for its counterclaim in Count IV for failure to provide adequate assurances because DCCI is without notice of the basis of the claim against it and is accordingly unable to answer the claim as it is currently pled.  HRD alleges that it

"notified Dow in writing of [the] failures to comply with its contractual obligations . . . ."  (HRD Answer &  Counterclaims ¶ 129.)  However, HRD does not provide any further information about this alleged written demand, including when the alleged written demand was sent to DCCI.

DCCI has no record of having received a written demand for adequate assurances from HRD under either the Supply Agreement or the Joint Development Agreement and is thus uncertain what basis, if any, HRD has for asserting this claim against DCCI.   Accordingly, this Court should require HRD to provide a more definite statement of its claims in Count IV, because DCCI is unable to answer the claims as currently alleged by HRD.

III.    HRD'S "DEFENSES" SHOULD BE STRIKEN BECAUSE THEY ARE NOT PROPERLY PLED AS AFFIRMATIVE DEFENSES.

Rule 12(f) of the Federal Rules of Civil Procedure allows a party to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter."  Fed. R. Civ. P. 12(f).  "All well-pleaded facts are taken as admitted on a motion to strike but conclusions of law or of fact do not have to be treated in that fashion." *United States v. Kramer*, 757 F. Supp. 397, 409 (D.N.J. 1991) (quoting 5A Wright & Miller, Federal Practice and Procedure: Civil 2d (Federal Practice) § 1380, pp. 655-656 (1990)).

When analyzing a motion to strike an affirmative defense, the court must consider: (1) whether the matter is properly pleaded as an affirmative defense; (2) if the matter is properly an affirmative defense, whether it is adequately pleaded under Rules 8 and 9 of the Federal Rules of Civil Procedure; and (3) whether an affirmative defense meeting the first two requirements would withstand a Rule 12(b)(6) challenge. *Ocean Atlantic Development Corp. v. Willow Tree Farm LLC*, No. 01 C 5014, 2002 U.S. Dist. LEXIS 5465, at *6 (N.D. Ill. Mar. 29, 2002); *Sanwa Business Credit Corp. v. Harris*, No. 91 C 0204, 1991 U.S. Dist. LEXIS 10960, at *2 (N.D. Ill. Aug. 6, 1991).

An affirmative defense is generally an admission of the allegations of the complaint, coupled with some additional reason why the defendant should not be held liable. *Sanwa*, 1991 U.S. Dist. LEXIS 10960, at *2. Rule 8(c) of the Federal Rules of Civil Procedure lists nineteen affirmative defenses.[2]  *Id.*  Other matters labeled as "affirmative defenses" may be stricken if they are "clearly mistitled or if they are surplusage, that is, they raise matters which unquestionably have already been raised under the defendant's denial."  *Id.*; *see also Greiff v. T.I.C. Enterprises LLC*, No. 03-882-SLR, 2004 U.S. Dist. LEXIS 680, at *9-10 (D. Del. Jan 9, 2004) (finding that prior breach of contract is not properly pleaded as an affirmative defense, but denying motion to strike under the circumstances).

HRD defenses of failure of consideration, prior breach, failure to perform conditions precedent, failure to give adequate assurance of future performance, and breach of the duty of good faith and fair dealing are not properly brought as affirmative defenses.  Each "defense" is a different way for HRD to assert that it denies breaching the Supply Agreement under Count I of DCCI's Complaint.  Thus, these "defenses" are mere surplusage that raise matters which unquestionably have already been raised under HRD's denial.

Accordingly, HRD's "defenses" should be stricken pursuant to Rule 12(f).

## CONCLUSION

For the foregoing reasons, DCCI respectfully requests that this Court grant its motion to (1) dismiss Count II of HRD's counterclaims pursuant to Rule 12(b)(6) of the Federal

---

[2]    FRCP Rule 8(c) states that: "[i]n pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense. When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation.

Rules of Civil Procedure; (2) dismiss Counts III and IV of HRD's counterclaims pursuant to Rule 12(b)(6) or, in the alternative, require HRD to provide a more definite statement pursuant to Rule 12(e); and (3) strike HRD's "defenses" pursuant to Rule 12(f).

MORRIS NICHOLS ARSHT & TUNNELL

/s/ Kenneth J. Nachbar
Kenneth J. Nachbar (#2067)
David J. Teklits (#3221)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 575-7294
knachbar@mnat.com
dtelkits@mnat.com
    *Attorneys for Dow Chemical Canada, Inc.*

OF COUNSEL:

Donald R. Cassling
Christopher Tompkins
Zachary V. Moen
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL  60611
(312) 923-2951

April 20, 2005

13

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on April 20, 2005 I electronically filed

DOW CHEMICAL CANADA, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS

MOTION TO DISMISS HRD CORPORATION'S COUNTERCLAIMS AND TO STRIKE

HRD CORPORATION'S AFFIRMATIVE DEFENSES with the Clerk of the Court using

CM/ECF which will send notification of such filing to the following

      Richard I. Horwitz
      Suzanne M. Hill
      Potter Anderson & Corroon LLP
      Hercules Plaza, 6th Floor
      1313 North Market Street
      Wilmington, DE  19899-0951

      /s/ Kenneth J. Nachbar
      Kenneth J. Nachbar (#2067)
      Morris, Nichols, Arsht & Tunnell
      1201 North Market Street
      P.O. Box 1347
      Wilmington, DE  19899-1347
      (302) 658-9200
      knachar@mnat.com