**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

DOW CHEMICAL CANADA, INC. on          )
Its own behalf and as assignee of          )
THE DOW CHEMICAL COMPANY,          )
                          Plaintiff,          )
                                                 )
                 v.                              )
                                                 )          C.A. No. 05-23 (JJF)
                                                 )
HRD CORPORATION (d/b/a          )
Marcus Oil & Chemical),          )
                          Defendant.          )

**HRD CORPORATION'S MEMORANDUM OF LAW IN OPPOSITION TO
DOW CHEMICAL CANADA, INC.'S MOTION TO DISMISS
HRD CORPORATION'S COUNTERCLAIMS AND TO STRIKE
HRD CORPORATION'S AFFIRMATIVE DEFENSES**

Richard L. Horwitz (#2246)
Suzanne M. Hill (#4414)
POTTER ANDERSON & CORROON LLP
1313 North Market Street
Hercules Plaza, 6th Floor
P.O. Box 951
Wilmington, DE  19889-0951
Telephone:  (302) 984-6000
Facsimile: (302) 658-1192

*Attorneys for HRD Corporation*

OF COUNSEL:

John O'Neill
Sheryl A. Falk
Eleanor K. Vernon
1000 Louisiana
Suite 1800
Houston, TX  77002-5018
Telephone:  (713) 787-7600
Facsimile: (713) 654-7690

Dated: May 4, 2005

PA&C 680656v1

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ................................................................................................ ii

NATURE AND STAGE OF PROCEEDINGS ........................................................................ 1

SUMMARY OF ARGUMENT ............................................................................................ 2

FACTS ........................................................................................................................ 3

ARGUMENT ................................................................................................................. 5

    1.  HRD COUNTER-CLAIMS PROVIDE FAIR NOTICE OF ITS
        CLAIMS AGAINST DOW ........................................................................5

    2.  HRD PROPERLY STATED A CLAIM AGAINST DOW IN
        COUNT II FOR BREACH OF THE JDA ....................................................6

    3.  HRD PROPERLY STATED A CLAIM AGAINST DOW IN
        COUNT III OF ITS COUNTERCLAIM FOR MISAPPROPRIATION
        OF TRADE SECRETS .............................................................................7

    4.  HRD PROPERLY STATED A CLAIM THAT DOW BREACHED
        THE SUPPLY AGREEMENT AND JDA BY FAILING TO PROVIDE
        ADEQUATE ASSURANCES OF FUTURE PERFORMANCE ...............9

    5.  HRD PROPERLY PLEADED DEFENSES TO DOW'S CLAIMS ...........9

CONCLUSION .............................................................................................................. 12

# TABLE OF AUTHORITIES

**PAGE**

*Admiral Financial Corp. v. United States,*
   57 Fed. Cl. 418 (Fed. Cl. 2003) ............................................................................................ 10

*Beach v. KDI Corp.,*
   490 F.2d 1312 (3d Cir. 1974).................................................................................................. 10

*Bobbitt v. Victorian House, Inc.*
   532 F. Supp. 734 (Ill. 1982).................................................................................................... 11

*Burger King Corp. v. Hinton, Inc.,*
   203 F. Supp.2d 1357 (S.D. Fla. 2002) .................................................................................. 10

*Ciralsky v. Central Intelligence Agency,*
   355 F.3d 661 (D.C. Cir. 2004).................................................................................................. 5

*Conley v. Gibson,*
   355 U.S. 41 (1957)..................................................................................................................... 5

*Countrywide Services Corp. v. SIA Ins. Co., Ltd.,*
   235 F.2d 390 (8th Cir. 2000) ...........................................................................................10, 11

*Donahue v. Ridge Homes,*
   390 A.2d 413, (Del. 1978) ...................................................................................................... 10

*E. I. duPont de Nemours and Company v. Rhone Poulenc Fiber and Resin
Intermediates, S.A.S.,*
   269 F.3d 187 (3d Cir. 2001)....................................................................................................... 6

*Hishon v. King & Spalding,*
   467 U.S. 69 (1984)....................................................................................................................... 5

*Jones v. General Elec. Co.,*
   87 F.3d 209 (7th Cir. 1996) ...................................................................................................... 5

*McManus v. Fleetwood Enters., Inc.,*
   320 F.3d 545 (5th Cir. 2003) ..................................................................................................... 8

*Mead Corp. v. ABB Power Generation, Inc.,*
   319 F.3d 790 (6th Cir. 2003) ..................................................................................................... 9

*Modern Air Conditioning, Inc. v. Cunderilla Homes, Inc.,*
    596 P.2d 816 (Kan. 1979)...........................................................................................4

*Murphey, Taylor, & Ellis, Inc. v. Williams,*
    153 S.E.2d 542 (Ga. 1967)..........................................................................................4

*Proctor & Gamble Co. v. Nabisco Brands, Inc.,*
    697 F. Supp. 1360 (D. Del. 1988).............................................................................9

*Sanwa Business Credit Corp. v. Harris,*
    1991 WL 156116 (Ill. 1991) ....................................................................................11

*In re Stack Elecs. Sec.Litig.,*
    89 F.3d 1399 (9th Cir. 1996) .....................................................................................5

*Starkey, Kelly, Blaney & White v. Estate of Nicolaysen,*
    773 A.2d 1176 (N.J. Super. A.D. 2001) ...................................................................10

*Suplee v. Eckert,*
    122 A.2d 918 (Del. Ch. 1956).....................................................................................9

*Swierkiewicz v. Sorema,*
    534 U.S. 506 (2002).....................................................................................................5

*Weston v. Pennsylvania,*
    251 F.3d 420 (3d Cir. 2001)........................................................................................5

## RULES AND STATUTES

Del. Superior Ct. Rule of Civil Procedure 8(c).....................................................*passim*

D. Del. LR 7.1.1 ...............................................................................................................2

6 *Del. C.* §2-609 ..............................................................................................................10

## TREATISES

RESTATEMENT (SECOND) OF CONTRACTS §205 (1981)...............................................11

RESTATEMENT (SECOND) OF TORTS, § 491, com.(6)(1965). ......................................4

## NATURE AND STAGE OF PROCEEDINGS

On January 18, 2005, Dow Chemical Canada, Inc. ("Dow"), on its own behalf and as assignee of The Dow Chemical Company, filed suit against HRD Corporation, doing business as Marcus Oil & Chemical ("HRD"). (D.I. 1) On March 31, 2005, HRD filed its Answer and Counterclaim against Dow. (D.I. 15) HRD responded to Dow's complaint, and included in its answer properly pleaded defenses and counterclaims.

On April 20, 2005, Dow filed a Motion to Dismiss HRD's Counterclaims and to Strike HRD's Affirmative Defenses (D.I. 19), an Answer to Counterclaim Count I (D.I. 20), and a Memorandum of Law in Support of Its Motion to Dismiss and Strike (D.I. 21). Dow's motion is without merit, and HRD requests the Court deny Dow's motion. Alternatively, HRD requests an opportunity to amend its pleading.[1]

This is HRD's Memorandum of Law in Opposition to Dow's Motion to Dismiss and Strike.

---

[1] *Local District Court Rule 7.1.1* provides "Unless otherwise ordered, the Court will not entertain any non-dispositive motion, unless counsel for the moving party files with the Court, at the time of filing the motion, a statement showing that the attorney making the motion has made a reasonable effort to reach agreement with the opposing attorneys on the matters set forth in the motion." Had Dow complied with Local Rule 7.1.1; it might have led to discussions that could have clarified, if not fully resolved, the issues raised by Dow. Although HRD believes its pleaded claims and defenses are stated with sufficiency, however, HRD may seek to add another party in an amended pleading.

1

## SUMMARY OF ARGUMENT

1.      HRD's claims provide Dow with fair notice of the claims and the basis for the
        claims, in conformity with the Federal Rules.

2.      HRD adequately pleaded facts in support of a claim for breach of the Joint
        Development Agreement in Count II of its Counterclaims.

3.      HRD adequately pleaded facts in support of its claim for misappropriation of
        trade secrets.

4.      HRD adequately pleaded facts in support of its claim for breach of the supply
        agreement and the joint development agreement by Dow's failure to provide
        adequate assurance of future performance.

5.      HRD's defenses to Dow's claims were properly pleaded.

## FACTS

Dow Chemical Canada, Inc. (Dow), acting on its own behalf and as assignee of The Dow Chemical Company (Dow Chemical) has sued HRD for breach of contract arising out of a business deal between HRD, Dow Chemical, and Dow. However, in its motion to strike, Dow purports to be "perplexed" by HRD's counterclaims, which assert breach of contract and misappropriation of trade secrets arising out of the same business deal. In reality, Dow seeks to shield itself from liability by claiming that it succeeded to the rights of Dow Chemical on the one hand, but not the obligations on the other.

Dow Chemical entered into a Joint Development Agreement (JDA) and a Supply Agreement with HRD for the development and manufacture of polyethylene wax. During the development phase, Dow Chemical entered into a partial assignment of its interest in the Supply Agreement to its affiliate, Dow. Dow proceeded to breach both the Supply Agreement and the JDA, which gives rise to HRD's counterclaims. Dow claims it can be liable only for breach of the Supply Agreement and not the JDA, since it is not a party to the JDA. However, the JDA allows Dow Chemical to share confidential information with its affiliates, with the express provision that each affiliate undertakes the obligations of confidentiality and limited use under the JDA, which are at least as stringent as those undertaken by Dow Chemical. As Dow Chemical's affiliate, Dow is an intended beneficiary of the JDA, and in that capacity received confidential trade secrets related to the manufacture of polyethylene waxes.

Additionally, both Dow and Dow Chemical undertook a joint enterprise to develop the wax manufacture process with HRD through these contracts with HRD. Dow Chemical and Dow employees worked on the negotiation, development, and manufacturing processes, as agents for each other and, until Dow filed this lawsuit, there has been no distinction

3

made between Dow and Dow Chemical. Dow Chemical and its affiliate Dow have worked together to achieve the common purpose of developing and manufacturing wax first to sell to HRD and then to third parties, in breach of the JDA and Supply Agreements.

Because of Dow and Dow Chemical's involvement in the joint enterprise, the law considers them the agent or servant of each other. RESTATEMENT (SECOND) OF TORTS, § 491, com.(6)(1965). As agents for one another, pursuant to this joint enterprise relationship, each is liable for the acts committed by the other. See, *Modern Air Conditioning, Inc. v. Cunderilla Homes, Inc.,* 596 P.2d 816, 822 (Kan. 1979); *Murphey, Taylor, & Ellis, Inc. v. Williams,* 153 S.E.2d 542, 545 (Ga. 1967). Accordingly, Dow is liable for Dow Chemical's breaches of contract as well as its own.

**ARGUMENT**

When considering Dow's motion, the Court must construe the factual allegations in the complaint in the light most favorable to the HRD. *In re Stack Elecs. Sec.Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996); *Jones v. General Elec. Co.*, 87 F.3d 209, 211 (7th Cir. 1996). Only if no possible construction of the alleged facts will entitle Defendant to relief should the Court grant Plaintiff's motion. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232 (1984). If the factual allegations in HRD's counterclaim support any legal theory that entitles it to some relief, the Court should overrule Dow's motion.

**1.     HRD COUNTERCLAIMS PROVIDE FAIR NOTICE OF ITS CLAIMS AGAINST DOW**

Dow complains that HRD's pleading is "ambiguous and unsubstantiated," yet the Federal Rules "do not require a claimant to set out in detail the facts upon which he bases his claim." *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 103 (1957). HRD's pleading must only give "fair notice of what the claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema*, 534 U.S. 506, 512, 122 S.Ct. 992, 998 (2002). Moreover, Federal Rule 8(a) states that a pleading setting forth a claim for relief shall contain "a short and plain statement of the claim showing the pleader is entitled to relief...." Rule 8(e) adds, "Each averment of a pleading shall be simple, concise, and direct." "Taken together, [FRCP8(a) and FRCP8 (e)(1)] underscore the emphasis placed on clarity and brevity by the federal pleading rules." *Ciralsky v. Central Intelligence Agency*, 355 F.3d 661, 669 (D.C. Cir. 2004); *Weston v. Pennsylvania*, 251 F.3d 420, 429 (3d Cir. 2001) (quoting Conley v. Gibson, 355 U.S. 41, 47-48, 78 S.Ct. 103 (1957)).

HRD's claims provide Dow with fair notice of the claims and the basis for the claims, in conformity with the Federal Rules. HRD claims that Dow materially breached two contracts with HRD causing damage to HRD. The pleading details the manner in which Dow

5

breached its agreements with HRD providing the basis of the claims. This Court should therefore deny Dow's motion. Alternatively, HRD is willing to amend its pleadings in accordance with any Court Order.

2.    **HRD PROPERLY STATED A CLAIM AGAINST DOW IN COUNT II FOR BREACH OF THE JDA**

Dow claims that it cannot be liable to HRD for Dow's breach of the JDA since Dow was not a party to the JDA. In fact, the JDA specifically authorizes Dow Chemical to share with its affiliates confidential information developed from HRD under the JDA. Moreover, the JDA specifically binds the affiliates who benefit by sharing the confidential information. The JDA states that Dow Chemical can disclose confidential information to its Affiliates:

> [A]s may reasonably be required to carry out the Recipient's obligations and/or to exercise the rights or licenses expressly granted under this JDA, provided that each such Affiliate…undertakes obligations of confidentiality which are at least as stringent to those undertaken by the Parties hereunder, and obligations of limited use which are reasonably appropriate for the situation…

*See* JDA, § 6.4(b), attached as Exhibit A.   Upon information and belief, Dow obtained confidential information from Dow Chemical and bound itself to the confidentiality provisions of the JDA.  A beneficiary of a contract becomes bound by the contract obligations.  *E.I. Dupont De Nemours and Company v. Rhone Poulenc Fiber and Resin Intermediates, S.A.S.*, 269 F.3d 187 (3d Cir. 2001).

HRD sufficiently alleged facts necessary to prove each element of the counterclaim against Dow for breach of the JDA. HRD pleaded that Dow gained proprietary information from HRD pursuant to the JDA and that Dow then misused HRD's proprietary information to enter into direct competition with HRD, which constituted a breach of the JDA. HRD requests that this Court deny Dow's motion. Alternatively, HRD is willing to amend its pleading in accordance with any Court order.

6

3.      **HRD PROPERLY STATED A CLAIM AGAINST DOW IN COUNT III OF ITS COUNTERCLAIM FOR MISAPPROPRIATION OF TRADE SECRETS**

Dow's claim that HRD fails to state a misappropriation claim against it, on the grounds that such a claim can relate only to Dow Chemical, is wrong. Dow has an obligation not to violate either the JDA, under which it obtained confidential information, or the Supply Agreement. The JDA governed the confidentiality of HRD's trade secrets that would be divulged during the development phase of the product. Dow Chemical agreed on its own behalf as well as its affiliates that any confidential information would be strictly guarded. *See* JDA § 6.2-6.4. It is undisputed that confidential information passed from HRD to Dow Chemical and Dow jointly under the JDA during the development phase of the wax product. By accepting confidential and proprietary information, including market readiness information pertaining to the wax product, Dow bound itself not to violate the JDA. The JDA expressly provides that the confidential information should not be used outside the scope of the Agreement. *See* JDA § 6.4(b).

Further, Dow became bound to comply with the exclusivity clause of the Supply Agreement, upon accepting Dow Chemical's assignment. The exclusivity provision provides that Dow will use the confidential wax manufacture process to produce and sell wax exclusively to HRD for as long as the Agreement is in effect and if the agreement is terminated then Dow will not sell the wax for an agreed upon period of time.[2] *See* Supply Agreement, § 31, attached as Exhibit B.

_____

[2]  "TDCC promises that it will sell PE Wax only to HRD for as long as the Agreement is in effect. Should the Agreement be terminated for any reason other than a reason set out in Clause 21.1 after the Implementation Date but prior to the date of Beneficial Manufacture, this promise shall continue for an additional two (2) years from the date of termination. Should the

7

HRD has properly pleaded that, upon information and belief, Dow has used the confidential knowledge it obtained during the development process to manufacture and sell wax to third parties in violation of the JDA and Supply Agreements. It is impossible to state with precision all the facts supporting this allegation, as discovery has not yet commenced, however the Federal Rules do not contemplate a detailed pleading which as Dow demands. FED. R. CIV. P. 8.

Dow's motion to dismiss is without merit and should be denied. Alternatively, HRD requests an opportunity to amend its pleading and plead with more specificity, if so requested by the Court.

4.        **HRD PROPERLY STATED A CLAIM THAT DOW BREACHED THE SUPPLY AGREEMENT AND JDA BY FAILING TO PROVIDE ADEQUATE ASSURANCES OF FUTURE PERFORMANCE**

HRD has properly pleaded its right to adequate assurance of performance from Dow with respect to Dow's obligations under both the JDA and the Supply Agreement. Dow complains that it does not have the precise details surrounding HRD's demand of Dow for adequate assurance of performance. By virtue of this argument, Dow seeks to impose a pleading standard that is not called for by the Federal Rules. The "notice pleading requirements of FRCP 8 and case law do not require an inordinate amount of detail or precision." *McManus v. Fleetwood Enters., Inc.*, 320 F.3d 545, 551 (5th Cir. 2003). HRD's counterclaim alleges that Dow failed to provide adequate assurance of future performance, despite written demand that it do so. HRD's claim is specific enough to place Dow on notice of the claim against it and the basis for that claim.

---

Agreement be terminated for any reason other than a reason set out in 21.1 after the date of Beneficial Manufacture this promise shall continue for an additional three (3) years from the date of termination. At the expiry of the Agreement, TDCC will not sell PE Wax for an additional three (3) years." *See* Supply Agreement, § 21.

8

Further, Dow's claim that HRD mistakenly pleaded this claim is wrong. Alternatively, even if HRD had mistakenly pleaded a counterclaim as a defense, FED. R. CIV. P. 8(c) states that when a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation. *See Mead Corp. v. ABB Power Generation, Inc.*, 319 F.3d 790, 795 (6th Cir. 2003) (label which plaintiff applies to pleading does not determine nature of cause of action). Dow's motion to dismiss is without merit and should be denied. Alternatively, HRD requests an opportunity to amend its pleading if so requested by the Court.

5.          **HRD PROPERLY PLEADED DEFENSES TO DOW'S CLAIMS**

Motions to strike affirmative defenses are disfavored. "Matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation. If there is any doubt as to whether under the contingency the matter may raise an issue, the motion should be denied." *Suplee v. Eckert*, 35 Del. Ch. 550, 552-53, 122 A.2d 918, 919 (Del. Ch. 1956); *Proctor & Gamble Co. v. Nabisco Brands, Inc.*, 697 F. Supp. 1360, 1362 (D. Del. 1988). HRD vigorously denies Dow's claim that HRD's defenses of failure of consideration, prior breach, failure to perform conditions precedent, failure to give adequate assurance of future performance, and breach of the duty of good faith and fair dealing are "not properly brought as affirmative defenses." Dow is wrong. Federal Rule 8 lists several affirmative defenses and then includes a general defense of "any other matter constituting an avoidance or affirmative defense." A defense falls within the residuary clause of FED. R. CIV. P. 8(c) if it bars Dow's recovery even if HRD generally accepts the facts as Dow describes them.

**a) Failure of consideration.** This defense is explicitly listed in FED. R. CIV. P. 8(c), and Dow included that affirmative defense in footnote 1 of its Memorandum of Law in support of its

motion.  Under Delaware law, failure of consideration is an affirmative defense.  *See, e.g.*, DEL. ST. SUPER. CT. R. CIV. P. 8(c); *Donahue v. Ridge Homes*, 390 A.2d 413, 413 (Del. 1978); *Beach v. KDI Corp.*, 490 F.2d 1312, 1316-17 (3d Cir. 1974).

**b) Prior Breach.**  HRD also properly pleaded the defense of Dow's prior breach of the contract.  *See, e.g., Countrywide Services Corp. v. SIA Ins. Co.*, Ltd., 235 F.2d 390 (8th Cir. 2000); *Admiral Financial Corp. v. United States*, 57 Fed. Cl. 418, 418 (Fed. Cl. 2003); *Burger King Corp. v. Hinton, Inc.*, 203 F. Supp. 2d 1357, 1364-65 (S.D. Fla. 2002).  This defense bars recovery of the funds that Dow claims HRD owes because HRD never received wax that conformed to the specifications, even if, as Dow asserts, Dow shipped HRD wax that was within acceptable ranges of viscosity and density.

**c) Failure of Conditions Precedent.**  HRD properly pleaded the defense of Dow's failure to fulfill the conditions precedent.  *See*, *e.g.*, *Starkey, Kelly, Blaney & White v. Estate of Nicolaysen*, 773 A.2d 1176, 1180 (N.J. Super. A.D. 2001).  HRD did not pay for the continued plant operation because Dow's failure to remove solvents from the "finished" product, which rendered the wax commercially unusable, constituted a breach of the Supply Agreement.  Dow claims that HRD should have continued paying for the production of this unusable wax.  HRD does not dispute Dow's allegations of failure to pay but rather asserts that delivery of nonconforming product coupled with a demand to pay constitutes Dow's breach of the contract.  Furthermore, any such failure to pay is excused because the delivery of conforming product triggers the responsibility to pay, and such delivery did not occur.

**d) Demand for Adequate Assurance.**  HRD rightfully suspended performance to demand adequate assurances from Dow, which it never received.  Section 2-609 of Title 6 of the Delaware Code appears in that part of the Uniform Commercial Code dealing with breaches,

10

repudiation, and excuse of contracts for sales of goods. This statute operates to give HRD an excuse for failing to make payments that may have otherwise been due as well as a separate cause of action for Dow's repudiation of the contract.

**e) Breach of Good Faith and Fair Dealing.** HRD properly pleaded Dow's breach of the implied covenant of good faith and fair dealing. *See, e.g.,* RESTATEMENT (SECOND) OF CONTRACTS §205 (1981); *Countrywide Services Corp. v. SIA Ins. Co., Ltd.*, 235 F.3d 390, 393 (8th Cir. 2000). Dow's deliberate production of commercially unusable wax and subsequent demand for payment violated its duty of good faith and fair dealing.

The unpublished case Dow relies on, *Sanwa Business Credit Corp. v. Harris*, 1991 WL 156116 (N.D. Ill. 1991), actually supports HRD's position. In that case, the Court stated, "If there is any doubt about the defendant's right, under his denial, to offer proof of the matters, the affirmative defense should not be stricken." *Id.* at *1 (citing *Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734, 736 (N.D. Ill. 1982)). HRD is frankly perplexed by Dow's vexatious motion, because Dow criticizes HRD for giving too much information about HRD's defenses by pleading them specifically.

HRD gave notice to Dow regarding its ground for avoidance of Dow's claimed liability and for recovering for Dow's multiple breaches of contract and misappropriation, HRD requests that this Court deny Dow's motion for a more definite statement and motion to strike. Alternatively, HRD requests an opportunity to amend its Counterclaim and plead with more specificity, if the Court so requires.

11

## CONCLUSION

Because HRD's pleadings support claims upon which relief can be granted, provide fair notice of claims, and state proper defenses, the Court should deny Dow's motion. In the alternative, if the Court determines HRD has failed to state a claim or failed to plead with specificity, HRD asks the Court to grant leave for HRD to amend its Answer and Counterclaim.

POTTER ANDERSON & CORROON LLP

By: _Suzanne M. Hill_

Richard L. Horwitz (#2246)
Suzanne M. Hill (#4414)
1313 North Market Street
Hercules Plaza, 6th Floor
P.O. Box 951
Wilmington, DE 19889-0951
Telephone: (302) 984-6000
Facsimile: (302) 658-1192

OF COUNSEL:

*Attorneys for HRD Corporation*

John O'Neill
Sheryl A. Falk
Eleanor K. Vernon
1000 Louisiana
Suite 1800
Houston, TX 77002-5018
Telephone: (713) 787-7600
Facsimile: (713) 654-7690

Dated: May 4, 2005

PA&C 680635v1

12

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Suzanne M. Hill, hereby certify that on May 4, 2005, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

Kenneth Nachbar
David J. Teklits
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

I hereby certify that on May 4, 2005, I have faxed the documents to the following non-registered participants:

Donald R. Cassling
Christopher Tompkins
Zachary V. Moen
Jenner & Block LLP
One IBM Plaza
Chicago, IL 60611

By: _Suzanne M. Hill_
Richard L. Horwitz
Suzanne M. Hill
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
shill@potteranderson.com

13