UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DOW CHEMICAL CANADA INC., on its own behalf and as assignee of THE DOW CHEMICAL COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> HRD CORPORATION (d/b/a Marcus Oil & Chemical) <br><br> Defendant, Counterclaim Plaintiff, <br><br> v. <br><br> DOW CHEMICAL CANADA INC., on its own behalf and as assignee of THE DOW CHEMICAL COMPANY, and THE DOW CHEMICAL COMPANY, <br><br> Counterclaim Defendants | Case No. 05-023 (JJF) |

**DOW CHEMICAL CANADA, INC.'S AND THE
DOW CHEMICAL COMPANY'S MOTION TO DISMISS AND MOTION TO STRIKE**

Plaintiff and Counter-Defendant, Dow Chemical Canada Inc. ("DCCI") and Counter-Defendant The Dow Chemical Company ("TDCC"), by and through their attorneys, hereby move to: (1) dismiss Count IV of HRD Corporation's ("HRD") First Amended Counterclaims because it is entirely duplicative of Counts I and II of those Counterclaims; (2) dismiss Count V because it fails to state any recognized cause of action and alleges no wrongdoing or injury; (3) strike allegations regarding confidential settlement negotiations protected by Fed. R. Evid. 408; and (4) strike HRD's purported reservation of the right to amend its Counterclaims as inconsistent with Fed.R. Civ.P. 15. In support of this motion, DCCI and TDCC state:

1.      On March 31, after receiving two extensions of time to respond, HRD filed an answer to DCCI's complaint and asserted four counterclaims and five defenses to DCCI's action for breach of contract. On April 20, 2005, DCCI filed a motion to dismiss several of HRD's counterclaims and to strike HRD's affirmative defenses. On May 9, 2005, HRD notified DCCI of its intention to file an amended answer and counterclaims. DCCI and HRD agreed that DCCI would withdraw its motion to dismiss in light of the amended complaint. Almost one month later, on June 6, 2005, HRD filed its First Amended Answer and Counterclaims, which contains many of the same defects as HRD's original answer and counterclaims along with several new defects.

2.      Count IV of HRD's counterclaims, which alleges that "Dow" breached the Supply Agreement and the JDA by failing to provide adequate assurances of future performance under those agreements, should be dismissed because is merely a duplicate of Counts I and II, which allege breaches of the Supply Agreement and the JDA, respectively. *See, e.g., Specialty Ins. Co. v. Royal Indemnity Co.*, No. 00-2482, 2002 U.S. Dist. LEXIS 12203, at *20 (E.D. Pa. Mar. 22, 2002); *Cary Oil Co., Inc. v. MG Refining and Mktg., Inc.*, 90 F. Supp. 2d 401, 418-19 (S.D.N.Y. 2000); *In re Buckhead Am. Corp.*, 178 B.R. 956, 968 (D. Del. 1994); *Leucadia v. Applied Extrusion Tech., Inc.*, 755 F. Supp. 635, 636 (D. Del 1991).

3.      Count V of HRD's counterclaims should be dismissed because it fails to state any cause of action that has ever been recognized as such. Count V does nothing more than assert that TDCC and DCCI were engaged in a joint enterprise, which is a lawful business relationship between two parties. *See, e.g., Warren v. Goldinger*, 414 A.2d 507, 508-09 (Del. 1980); *Haley v. Talcott*, 864 A.2d 86, 94-95 (Del. Ch. 2004). Count V fails to allege either wrongdoing by DCCI

or TDCC or injury to HRD and therefore fails to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6). Therefore, Count V of HRD's counterclaims should be dismissed.

4. The allegations contained in paragraphs 120, 127, and 137 of HRD's First Amended Answer and Counterclaims should be stricken pursuant to Fed.R.Civ.P. 12(f) because they discuss the substance of confidential settlement negotiations in violation of Fed.R.Evid. 408. *Philadelphia's Church of Our Savior v. Concord Township*, 2004 WL 1824356 at *2 (E.D.Pa. 2004); *United States v. Centracare Health System, Inc.*, 2002 WL 1285089 at *2 (D. Minn. 2002); *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 39-40 (S.D.N.Y. 1992).

5. HRD's unilateral "reservation of right to amend" its First Amended Answer and Counterclaims should be stricken pursuant to Fed.R.Civ.P. 12(e) because it is contrary to Rules 15(a) and (d) of the Federal Rules of Civil Procedure, which require leave of court to amend or supplement an answer or counterclaims. The Federal Rules of Civil Procedure do not permit HRD to unilaterally grant itself leave to amend its answer and counterclaims at will.

WHEREFORE, DCCI and TDCC respectfully request that this Court grant their motion to dismiss Counts IV and V of HRD's counterclaims pursuant to Fed.R.Civ.P. 12(b)(6) and strike portions of paragraphs 120, 127, and 137 of HRD's reservation of right to amend pursuant to Fed.R.Civ.P. 12(f).

                        MORRIS NICHOLS ARSHT & TUNNELL

                        /s/ Kenneth Nachbar

                        Kenneth Nachbar (#2067)
                        David J. Teklits (#3221)
                        1201 North Market Street
                        P.O. Box 1347
                        Wilmington, DE 19899-1347
                        (302) 575-7294
                        knachbar@mnat.com
                        dteklits@mnat.com
                            *Attorneys for Dow Chemical Canada, Inc. and*
                            *The Dow Chemical Company*

OF COUNSEL:

Donald R. Cassling
Christopher Tompkins
Zachary V. Moen
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL 60611
(312) 923-2951

July 1, 2005

4

## **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on July 1, 2005 I electronically filed DOW CHEMICAL CANADA, INC.'S AND THE DOW CHEMICAL COMPANY'S MOTION TO DISMISS AND MOTION TO STRIKE with the Clerk of the Court using CM/ECF which will send notification of such filing to the following

>Richard I. Horwitz
>Suzanne M. Hill
>Potter Anderson & Corroon LLP
>Hercules Plaza, 6th Floor
>1313 North Market Street
>Wilmington, DE 19899-0951

>/s/ Kenneth J. Nachbar
>Kenneth J. Nachbar (#2067)
>Morris, Nichols, Arsht & Tunnell
>1201 North Market Street
>P.O. Box 1347
>Wilmington, DE 19899-1347
>(302) 658-9200
>knachar@mnat.com