UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DOW CHEMICAL CANADA INC., on its own behalf and as assignee of THE DOW CHEMICAL COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>HRD CORPORATION (d/b/a Marcus Oil & Chemical)<br><br>Defendant, Counterclaim Plaintiff,<br><br>v.<br><br>DOW CHEMICAL CANADA INC., on its own behalf and as assignee of THE DOW CHEMICAL COMPANY, and THE DOW CHEMICAL COMPANY,<br><br>Counterclaim Defendants | Case No. 05-023 (JJF) |

### DOW CHEMICAL CANADA, INC.'S AND THE
### DOW CHEMICAL COMPANY'S MEMORANDUM OF LAW
### IN SUPPORT OF THEIR MOTION TO DISMISS AND MOTION TO STRIKE

Plaintiff and Counter-Defendant, Dow Chemical Canada Inc. ("DCCI") and Counter-Defendant The Dow Chemical Company ("TDCC"), by and through their attorneys, respectfully submit this memorandum of law in support of their motion (1) to dismiss Count IV of HRD Corporation's ("HRD") First Amended Counterclaims because it is entirely duplicative of Counts I and II of those Counterclaims; (2) to dismiss Count V because it fails to state any recognized cause of action and alleges no wrongdoing or injury; (3) to strike allegations regarding confidential settlement negotiations protected by Fed. R. Evid. 408; and (4) to strike

HRD's purported reservation of the right to amend its Counterclaims as inconsistent with Fed.R. Civ.P. 15.

## INTRODUCTION

The parties have accused each other of breaching their obligations under two contracts -- (1) a Joint Development Agreement ("JDA"), pursuant to which TDCC and HRD agreed to develop specifications for certain grades of polyethylene waxes ("PE Waxes") and (2) a PE Wax Supply Agreement ("Supply Agreement"), under which PE Wax developed pursuant to the JDA would be manufactured and supplied to HRD. Copies of the JDA and Supply Agreement are attached to Plaintiff's complaint as Exhibits A and B, respectively. DCCI alleges that HRD failed to make certain "Annual Operating Payments" due under the Supply Agreement. HRD admits that it did not make those payments, but alleges that it was excused from doing so because of DCCI's failure to manufacture PE Waxes that satisfied HRD's customers -- despite the fact that HRD executed written PE Wax specifications and DCCI provided PE Waxes that complied with those specifications.

Prior to commencement of production, TDCC assigned the Supply Agreement to DCCI to reflect the fact that commercial production would take place at DCCI's Sarnia Product Development Plant ("Sarnia"). (*See* Pl. Compl. Ex. E.) In connection with this assignment agreement, HRD explicitly released TDCC from most of its obligations under the Supply Agreement. (*Id.* ¶ 6.)

In light of HRD's breach of contract, DCCI filed a complaint for breach of the Supply Agreement. Because there has not been a breach of the JDA, and because TDCC had assigned its interests and obligations in the Supply Agreement to DCCI, the January 18 complaint was brought by DCCI and not TDCC.

On March 31, after receiving two extensions of time to respond, HRD filed an answer to DCCI's complaint and asserted four counterclaims and five defenses to DCCI's action for breach of contract. On April 20, 2005, DCCI filed a motion to dismiss several of HRD's counterclaims and to strike HRD's affirmative defenses. On May 9, 2005, HRD notified DCCI of its intention to file an amended answer and counterclaims. DCCI and HRD agreed that DCCI would withdraw its motion to dismiss in light of the amended complaint.

Almost one month later, on June 6, 2005, HRD filed its First Amended Answer and Counterclaims, which contains many of the same defects as HRD's original answer and counterclaims along with several new defects. Count IV of HRD's counterclaims, which seeks to state a claim for failure to provide adequate assurances, should be dismissed because it is entirely duplicative of HRD's counterclaims for breach of contract in Counts I and II of its counterclaims. HRD's purported counterclaim in Count V for "engaging in a joint enterprise," should also be dismissed because it does not state a claim under a recognized cause of action and alleges no wrongdoing or injury.

Finally, TDCC and DCCI request that the court strike certain portions of HRD's allegations in Paragraphs 120, 127, and 137 because they discuss the content of confidential settlement negotiations, which are protected by Fed.R.Evid. 408. TDCC and DCCI also ask that the Court strike HRD's purported unilateral reservation of the right to amend or supplement its answer and counterclaims as contrary to Rule 15 of the Federal Rules of Civil Procedure.

## ARGUMENT

When considering a motion to dismiss, a court must accept as true all allegations in the complaint and must draw all reasonable factual inferences in the light most favorable to the plaintiff. *Rottlund Homes of New Jersey v. Saul, Ewig, Remick, & Saul LLP*, 243 F. Supp.2d

145, 156 (D. Del. 2003). However, the court is "not required to accept legal conclusions either alleged or inferred from the pleaded facts." *Id.* Dismissal is appropriate when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Id.*

Rule 12(f) of the Federal Rules of Civil Procedure allows a party to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed.R.Civ.P. 12(f). "All well-pleaded facts are taken as admitted on a motion to strike but conclusions of law or of fact do not have to be treated in that fashion." *United States v. Kramer*, 757 F. Supp. 397, 409 (D.N.J. 1991) (quoting 5A Wright & Miller, Federal Practice and Procedure: Civil 2d (Federal Practice) § 1380, pp. 655-656 (1990)).

### I. COUNT IV OF HRD'S COUNTERCLAIMS SHOULD BE DISMISSED BECAUSE IT IS DUPLICATIVE OF COUNTS I AND II.

Count IV of HRD's counterclaims should be dismissed because it is completely duplicative of Counts I and II of HRD's counterclaims, which allege that DCCI and TDCC breached the Supply Agreement and the Joint Development Agreement. Courts routinely dismiss claims that are merely duplicative of other claims. *See, e.g., Specialty Ins. Co. v. Royal Indemnity Co.*, No. 00-2482, 2002 U.S. Dist. LEXIS 12203, at *20 (E.D. Pa. Mar. 22, 2002) (dismissing plaintiff's claims for breach of duty of good faith and fair dealing because they were "nothing more than a duplication of its claims for breach of contract."); *Cary Oil Co., Inc. v. MG Refining and Mktg., Inc.*, 90 F. Supp. 2d 401, 418-19 (S.D.N.Y. 2000) (same); *In re Buckhead Am. Corp.*, 178 B.R. 956, 968 (D. Del. 1994) (dismissing tort claims that were duplicative of other tort claims raised in the complaint); *Leucadia v. Applied Extrusion Tech., Inc.*, 755 F.

4

Supp. 635, 636 (D. Del 1991) (dismissing a tort claim that was duplicative of another tort claim except that it sought different relief).

Count I of HRD's counterclaims alleges that "Dow materially breached the Supply Agreement." (HRD Amended Answer & Counterclaims ¶ 126.) Count II of HRD's counterclaims alleges that DCCI and TDCC "materially breached the Joint Development Agreement." (*Id.* at ¶ 126.) Count IV alleges that Dow's failure to give adequate assurance of future performance under the Supply Agreement and the Joint Development Agreement was a wrongful repudiation of those agreements and thus breached the agreements. (*Id.* ¶ 140.)

Thus, Counts I and IV both allege that DCCI and TDCC breached the Supply Agreement, and Counts II and IV both allege that DCCI and TDCC breached the Joint Development Agreement. Accordingly, Count IV should be dismissed because it is duplicative of and subsumed under the claims in Counts I and II.

## II. COUNT V OF HRD'S COUNTERCLAIMS SHOULD BE DISMISSED BECAUSE IT DOES NOT STATE A CLAIM UNDER A RECOGNIZED CAUSE OF ACTION AND DOES NOT ALLEGE ANY WRONGDOING.

Count V of HRD's counterclaims should be dismissed because it fails to state any cause of action that has ever been recognized as such. Count V fails even to allege either wrongdoing by DCCI or TDCC or injury to HRD. Instead, in Count V, HRD alleges only (a) that TDCC and DCCI engaged in a joint enterprise to develop and manufacture wax to sell to HRD and (b) that, as a result of this purported joint enterprise, DCCI and TDCC are agents of each other and thus liable for acts committed by each other. (*Id.* ¶¶ 141-44.)

Even if one accepts these allegations as true, Count V does not state a claim upon which relief may be granted because it does nothing more than assert that TDCC and DCCI were engaged in a joint enterprise. *See, e.g., Warren v. Goldinger*, 414 A.2d 507, 508-09 (Del. 1980)

(a joint enterprise, also known as a joint venture, is a lawful business relationship between two or more parties that is recognized under Delaware law); *Haley v. Talcott*, 864 A.2d 86, 94-95 (Del. Ch. 2004) (same). Alleging that parties have engaged in a joint enterprise is no more a cause of action than an allegation that a party is a corporation. Because HRD has failed to allege a recognized cause of action, any wrongdoing by DCCI or TDCC, or any injury to HRD, Count V should be dismissed. Fed.R.Civ.P. 12(b)(6).

### III. THOSE ALLEGATIONS DISCUSSING CONFIDENTIAL SETTLEMENT NEGOTIATIONS SHOULD BE STRICKEN UNDER FEDERAL RULE OF EVIDENCE 408.

Allegations contained in paragraphs 120, 127, and 137 of HRD's First Amended Answer and Counterclaims that discuss the substance of confidential settlement negotiations should be stricken pursuant to Fed.R.Civ.P. 12(f) and Fed.R.Evid. 408. As detailed by David Fifield, an attorney involved in those discussions, allegations contained in those paragraphs could refer only settlement discussions (Fifield Decl., Exhibit A.):

- In Paragraph 120, HRD asserts that: "Upon HRD's notifying Dow of the serious departure from the specifications, Dow refused to supply conforming product without additional substantial consideration from Defendant/Counter-Plaintiff HRD, including accelerated payments of the costs to retrofit the plant, payments for the costs of producing non-conforming product, and a guarantee of over $30 million for future payments." (Def.'s First Am. Answer and Countercl. ¶ 120, sixth sentence.)

- In Paragraph 127, HRD asserts that: "In fact, Dow declined to provide conforming goods unless HRD modified its obligations to Dow such that HRD's contractual burdens were increased, making the contracts far more favorable to Dow. (Def.'s First Am. Answer and Countercl. ¶ 127, fourth sentence.)

- In Paragraph 137, HRD asserts that "Dow began to make demands on HRD that extended beyond the terms of the Supply Agreement. Among other requests Dow asked HRD to accelerate payments and to provide Guarantees." (Def.'s First Am. Answer and Countercl. ¶ 137, first and second sentences.) Also in Paragraph 137, HRD asserts that ". . .but Dow demanded unreasonable concessions and

         additional consideration." (Def.'s First Am. Answer and Countercl. ¶ 137, fourth sentence.)[1]

As detailed in Mr. Fifield's affidavit, each of these statements could only refer to the parties' settlement discussions which occurred after January 18 of this year. (Fifield Decl. ¶¶ 5 & 6.)

      Federal Rule of Evidence 408 bars the use of evidence of offers of compromise or settlement and statements made in compromise negotiations, to prove liability or invalidity of any claim or its amount. Fed.R.Evid. 408. Under this rule, courts have determined that allegations in a complaint that relate to settlement discussions should be stricken pursuant to Fed.R.Civ.P. 12(f). *Philadelphia's Church of Our Savior v. Concord Township*, 2004 WL 1824356 at *2 (E.D.Pa. 2004); *United States v. Centracare Health System, Inc.*, 2002 WL 1285089 at *2 (D. Minn. 2002); *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 39-40 (S.D.N.Y. 1992). Because HRD has pled material protected by Fed.R.Evid. 408, TDCC and HRD respectfully request that the court strike the noted allegations in Paragraphs 120, 127, and 137 of HRD's First Amended Answer and Counterclaims.

### IV.   HRD'S RESERVATION OF RIGHT TO AMEND SHOULD BE STRICKEN BECAUSE IT IS CONTRARY TO THE FEDERAL RULES OF CIVIL PROCEDURE.

      HRD's unilateral "reservation of right to amend" should be stricken as contrary to the Federal Rules of Civil Procedure. In its First Amended Answer and Counterclaims, HRD states that it "specifically reserves the right to amend and/or supplement its Answer and Counterclaims and bring such other claims as deemed appropriate as additional facts are developed or become known." (Amended Answer & Counterclaims p. 36.) This is contrary to Fed.R.Civ.P. 15(a) and

---

[1] As noted above, DCCI and TDCC believe that Count IV should be dismissed as duplicative of other counts and have not answered that count. To the extent the Court does not dismiss Count IV, DCCI and TDCC respectfully requests that the Court strike the offending portions of that allegation.

7

(d), which require leave of court to further amend or supplement an amended answer or amended counterclaims. HRD is not permitted to unilaterally grant itself leave to amend its answer and counterclaims at will. Accordingly, HRD's "reservation of right to amend" should be stricken.

### CONCLUSION

For the foregoing reasons, DCCI and TDCC respectfully request that this Court grant their motion to dismiss Counts IV and V of HRD's counterclaims pursuant to Fed.R.Civ.P. 12(b)(6) and strike portions of paragraphs 120, 127, and 137 and strike HRD's reservation of right to amend pursuant to Fed.R.Civ.P. 12(f).

MORRIS NICHOLS ARSHT & TUNNELL

/s/ Kenneth Nachbar

Kenneth Nachbar (#2067)
David J. Teklits (#3221)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 575-7294
knachbar@mnat.com
dteklits@mnat.com
   *Attorneys for Dow Chemical Canada, Inc. and*
   *The Dow Chemical Company*

OF COUNSEL:

Donald R. Cassling
Christopher Tompkins
Zachary V. Moen
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL 60611
(312) 923-2951

July 1, 2005

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on July 1, 2005 I electronically filed DOW CHEMICAL CANADA, INC.'S AND THE DOW CHEMICAL COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS AND MOTION TO STRIKE with the Clerk of the Court using CM/ECF which will send notification of such filing to the following

    Richard I. Horwitz
    Suzanne M. Hill
    Potter Anderson & Corroon LLP
    Hercules Plaza, 6th Floor
    1313 North Market Street
    Wilmington, DE  19899-0951

    _/s/ Kenneth J. Nachbar_
    Kenneth J. Nachbar (#2067)
    Morris, Nichols, Arsht & Tunnell
    1201 North Market Street
    P.O. Box 1347
    Wilmington, DE  19899-1347
    (302) 658-9200
    knachar@mnat.com