IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DOW CHEMICAL CANADA, INC. on Its own behalf and as assignee of THE DOW CHEMICAL COMPANY,<br>Plaintiff,<br><br>v.<br><br>HRD CORPORATION (d/b/a Marcus Oil & Chemical),<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  C.A. No. 05-23 (JJF)<br>)<br>)<br>)<br>) |

## HRD CORPORATION'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS AND MOTION TO STRIKE

Defendant and Counter-Plaintiff, HRD Corporation ("HRD") respectfully submits this Memorandum in Opposition to the Motion to Dismiss and Motion to Strike filed by Plaintiffs, Dow Chemical Canada Inc. ("Dow Canada") and The Dow Chemical Company ("Dow Chemical") (collectively, "Dow"). HRD's counterclaims state causes of action upon which relief can be granted, are not improperly duplicative, and do not introduce information protected by FED. R. EVID. 408. Further, HRD's reservation of right to amend is not an attempt to subvert the Federal Rules. Dow's motion is without merit, and HRD requests that it be denied.

### INTRODUCTION

Dow Canada, on its own behalf and as assignee of Dow Chemical, sued HRD for breach of a series of contracts among the parties. HRD answered and asserted several counterclaims, alleging that Dow breached the parties' contracts and misappropriated HRD's trade secrets. In its motion to dismiss and motion to strike, Dow attempts to remove what it purports are redundant claims and privileged information from

HRD's counterclaims. In reality, Dow improperly seeks to shield each Dow entity from both direct and vicarious liability (created by the interrelationship between Dow Chemical and Dow Canada) for breach of the parties' agreements, failure to give adequate assurances when reasonably requested, and misappropriation of HRD's proprietary information.

Dow Chemical entered into a Joint Development Agreement ("JDA") and a Supply Agreement with HRD for the development and manufacture of polyethylene wax. During the development phase, Dow Chemical entered into a partial assignment of its interest in the Supply Agreement to its affiliate, Dow Canada. Both Dow Canada and Dow Chemical undertook a joint enterprise to develop the wax manufacture process with HRD through these contracts with HRD. Dow Chemical and Dow Canada employees worked on the negotiation, development, and manufacturing processes, as agents for each other and, until Dow filed this lawsuit, there has been no distinction made between Dow Chemical and Dow Canada. Dow Chemical and its affiliate Dow Canada have worked together to achieve the common purpose of developing and manufacturing wax to sell to HRD and then to third parties, in breach of the JDA and Supply Agreements.

HRD has properly pleaded in its counterclaims that both Dow Canada and Dow Chemical have breached the Agreements in several ways. They failed to provide product that conformed to the contract specifications, the parties' expectations, and commercial standards, instead providing a substance that was defective and not commercially viable. They failed to adhere to good manufacturing processes. They failed to provide adequate assurances once HRD became reasonably unsure about their ability to perform under the contract. Finally, they misappropriated HRD's proprietary information in violation of the

parties' confidentiality agreement by using such information to enter the market and compete directly with HRD. Dow's motion is without merit and should be denied.

## ARGUMENT

When considering Dow's motion, the Court must construe the allegations in the light most favorable to HRD, the non-movant and counterclaim-plaintiff, accepting the allegations of the counter-claims as true. *Trueposition, Inc. v. Allen Telecom.*, 2003 U.S. Dist. LEXIS 881, *2-3 (D. Del. 2003) (Exhibit A hereto) (citing *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F. 3d 173, 183-84 (3d Cir. 2000) (motion to dismiss); *Proctor & Gamble Co. v. Nabisco Brands, Inc.*, 697 F.Supp 1360, 1362 (D. Del. 1988) (motion to strike). In deciding the motions, the Court is to test only the sufficiency of the pleading and not to resolve disputed facts or decide the merits of the action. *Trueposition, Inc.*, 2003 U.S. Dist. LEXIS 881 at *19.

1. **HRD'S COUNTERCLAIMS ARE NOT IMPROPERLY DUPLICATIVE BECAUSE THEY ALLEGE DIFFERENT WRONGFUL CONDUCT.**

Count IV of HRD's counterclaim is not improperly duplicative of Counts I and II because these counts allege different conduct by Dow in breach of the parties' contracts. Dow's argument that claims are duplicative if they allege a breach of the same contract, but by different conduct, is inaccurate. Although Dow cites a laundry list of cases to support the proposition that "[c]ourts routinely dismiss claims that are merely duplicative of other claims," *see Dow's Memorandum in Support* at 4, these cases reveal that claims are "merely" duplicative and subject to dismissal only if they allege identical conduct as the basis for similar theories of recovery. For example, where a claimant alleges that the same conduct was both a breach of contract and a breach of the duty of good faith and fair dealing attendant to that contract, the claims can be considered improperly

3

duplicative. *Specialty Ins. Co. v. Royal Indemnity Co.*, 2002 U.S. Dist. LEXIS 12203, *19-21 (E.D. Pa. 2002) (Exhibit B hereto); *Cary Oil Co. v. MF Refining & Marketing*, 90 F.Supp.2d 401, 418-19 (S.D. N.Y. 2000) (same, noting that "[b]oth counts clearly rest on the same factual predicate"); *see also Leucadia, Inc. v. Applied Extrusion Techs.*, 755 F.Supp. 635, 636 (D. Del. 1991) (dismissing misappropriation of trade secret count as duplicative of another misappropriation of trade secret count as they both alleged identical conduct but sought different relief). Similarly, where a party vaguely alleges a "tort claim" without supporting factual assertions, it may be dismissed as duplicative of a properly pleaded, supported, and identifiable tort claim. *In re Buckhead Am. Corp.*, 178 B.R. 956, 968 (Bankr. D. Del. 1994).

Here, Dow complains that Count IV of HRD's counterclaim is "merely duplicative" of Counts I and II, despite the fact that the counterclaims are not "merely duplicative" as that standard has been articulated in Dow's cited cases. Count I alleges that Dow breached the Supply Agreement, Count II alleges that Dow breached the Joint Development Agreement, and Count IV alleges that Dow breached both the Supply Agreement and the Joint Development Agreement. Therefore, Dow argues, Count IV should be dismissed because it is "duplicative of and subsumed under" Counts I and II. *Dow's Memorandum in Support*, at 5. However, HRD alleges different conduct in support of each of its breach of contract counterclaims. The different conduct alleged in support of Counts I, II, and IV is enumerated below:

- Count I alleges that Dow breached the Supply Agreement by failing to eliminate light ends from the wax and/or recombining waste material back into the mix, shipping material below the contract's minimum standards, failing to cooperate in minimizing the production of substandard product, and failing to follow good manufacturing processes. *HRD's First Amended Answer and Counterclaims* [hereinafter *HRD's Counterclaims*] at ¶¶ 120-24.

4

- Count II alleges that Dow breached the Joint Development Agreement by failing to collaborate with HRD to produce wax that was up to standard, misusing HRD's proprietary information, and failing to perform their promises under the agreement in good faith. *HRD's Counterclaims* at ¶¶126-28.

- Count IV alleges that Dow breached both the Supply Agreement and the Joint Development Agreement by not giving HRD adequate assurances of its ability to perform after failing to produce goods conforming to the specifications. *HRD's Counterclaims* at 134-40.

All three counts allege different conduct by Dow giving rise to HRD's right of recovery. Therefore, these counterclaims are not duplicative and should not be dismissed.

### 2. COUNT V IS NOT REQUIRED TO "STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED" BECAUSE IT ALLEGES VICARIOUS LIABILITY.

Because of Dow Canada and Dow Chemical's involvement in the joint enterprise, the law considers them the agent or servant of each other. RESTATEMENT (SECOND) OF TORTS, § 491, com.(6)(1965). As agents for one another, pursuant to this joint enterprise relationship, each is liable for the acts committed by the other. *See Modern Air Conditioning, Inc. v. Cunderilla Homes, Inc.*, 596 P.2d 816, 822 (Kan. 1979); *Murphey, Taylor, & Ellis, Inc. v. Williams*, 153 S.E.2d 542, 545 (Ga. 1967). Accordingly, Dow Canada is liable for Dow Chemical's breaches of contract as well as its own.

FED. R. CIV. P. 12(b)(6) does not apply here because joint enterprise is not a claim for relief, but a theory of vicarious liability. An allegation of vicarious liability is not a "claim" and therefore "cannot be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted." *Ergonomic Lighting Sys., Inc. v. Commercial Petroleum Equip./USALCO*, 2003 U.S. Dist. LEXIS 19118, *20 (W.D. Tex. 2003). Here, HRD alleges the concerted activity by and relationship between Dow Canada and Dow Chemical not as an independent cause of action, but as a means to assert vicarious liability of one for the acts of the other.

Accordingly, Dow's motion should be denied because the joint enterprise allegation is not even subject to Rule 12(b)(6).

3. **HRD'S COUNTERCLAIMS DO NOT IMPLICATE, LET ALONE VIOLATE, THE PROTECTIONS OF FEDERAL RULE OF EVIDENCE RULE 408.**

Paragraphs 120, 127, and 137 of HRD's counterclaims should not be stricken because they do not reflect settlement discussions in an attempt to prove the validity or amount of the counterclaims against Dow. HRD disagrees with Dow's assertion, as claimed by Mr. Fifield in his declaration, that the statements were made during "settlement negotiations" within the scope of Rule 408.[1] But, assuming for the sake of argument that they were, the evidentiary protections of Rule 408 are not implicated due to the nature of the statements referred to in HRD's allegations.

Rule 408 of the Federal Rules of Evidence limits the admissibility of certain information disclosed during confidential settlement discussions when it is offered for an impermissible purpose. Specifically, the Rule 408 states that:

> Evidence of (1) furnishing or offering to furnish or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. *This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations.* This rule also does not require the exclusion

---

[1] After reviewing Dow's motion, HRD states that although the demand for the specific sum of $30 million that is referred to in paragraph 120 of the Amended Answer and Counterclaims may have occurred for the first time during settlement negotiations, more general demands for significant guarantees were made by Dow before any settlement negotiations began. The specific $30 million sum merely followed up on Dow's prior demands. Furthermore, with respect to the disputed allegations in paragraphs 127 and 137, although they came up during the settlement negotiations, the allegations also apply to discussions that pre-dated settlement negotiations.

6

> when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

FED. R. EVID. 408 (emphasis added). Statements that are not an offer or acceptance of a compromise are not excluded by the rule, even though they may be made during a settlement conference. Rule 408 excludes evidence only when it is offered for the purpose of "proving the validity or invalidity of the claim or its amount, an offer for another purpose is not within the rule." *Id.* advisory committee's note. Accordingly, Rule 408 does not bar admission of statements or actions that have independent legal significance solely because they were made in the course of a settlement conference. *Uforma/Shelby Bus. Forms, Inc. v. NLRB*, 111 F.3d 1284, 1294 (6th Cir. 1997) (Rule 408 did not exclude evidence of threats made during settlement conference because such statements were actionable as retaliation for protected activity); *Weir v. Fed. Ins. Co.*, 811 F.2d 1387, 1395 (10th Cir. 1987) (stating that Rule 408 "does not prohibit the admission of evidence of the circumstances surrounding a settlement to prove something other than liability"). In any event, where the parties dispute whether statements were proposals for a new contract or privileged settlement discussions, the court must review such conflicting facts in the light most favorable to HRD, the non-movant, and therefore outside the protections of Rule 408. *See Terry Barr Sales Agency v. All-Lock Co.*, 96 F.3d 174, 181 n.3 (6th Cir. 1996) (summary judgment case).

Dow argues that the statements in Paragraphs 120, 127, and 137 in HRD's Counterclaims alleging refer to or relate to settlement conferences between the parties in violation of Rule 408. *Dow's Memorandum in Support*, at 6-7. However, as discussed above, whether the statements relate to or refer to settlement discussions is not the test.

The proper test is whether the statement is an offer or acceptance of settlement and whether it is offered to prove the validity or amount of the claim. The statements at issue refer to Dow's refusal to supply product that conforms to the specifications without substantial additional consideration from HRD and demanding additional concessions making the contracts much more favorable to Dow. *HRD's Counterclaims*, ¶¶ 120, 127, 137; *Dow's Memorandum in Support*, at 6-7. These statements do not refer to an offer or acceptance of compromise. These statements are not offered to prove the validity or amount of HRD's claim. These statements have independent legal significance because they represent Dow's breach or attempted re-negotiation of the agreements that are at issue in this lawsuit. Thus, these statements should not be stricken.

4.  **HRD'S RESERVATION OF ITS RIGHT DOES NOT SUGGEST AN ATTEMPT TO AVOID THE FEDERAL RULES OF CIVIL PROCEDURE.**

    HRD's reservation of its right to amend should not be stricken because it is not objectionable. Motions to dismiss are generally disfavored. *Stanbury Law Firm, P.A. v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000) (noting that although the district court has discretion, motions to strike are "viewed with disfavor and are infrequently granted"); *Milton Roy CO. v. Bausch & Lomb, Inc.* 418 F.Supp. 975, 977-78 (D. Del. 1976). HRD "specifically reserves the right to amend and/or supplement its Answer and Counterclaims and bring other such claims as deemed appropriate as additional facts are developed or become known." *HRD's Counterclaims*, at 36. This statement does not suggest that HRD will seek to subvert the requirements of the Federal Rules of Civil Procedure. Rather, it is simply a recognition that this lawsuit is fluid and dynamic. Because Dow has not produced any documents to date, HRD may need to amend or supplement its answer and counterclaims in the future. If and when it becomes necessary

8

to do so, HRD will seek leave of court or Dow's consent as required by the Federal Rules. FED. R. CIV. P. 15(a) and (d). Dow's motion to strike serves no purpose and therefore should be denied.

## CONCLUSION

Because HRD's counterclaims state causes of action upon which relief can be granted, are not merely duplicative, do not implicate the protections of Rules of Evidence, and do not subvert the Rules of Civil Procedure, the Court should deny Dow's motion. In the alternative, if the Court determines HRD has failed to state a claim or failed to plead with specificity, HRD asks the Court to grant leave for HRD to amend its Answer and Counterclaim.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

By: _____

John O'Neill
Sheryl A. Falk
Eleanor Vernon
HOWREY, SIMON, ARNOLD & WHITE, LLP
1000 Louisiana, Ste. 1800
Houston, Texas 77002
(713) 654-7600 (Tel)
(713) 654-7690 (Fax)

Dated: July 18, 2005

Richard L. Horwitz (#2246)
Suzanne M. Hill (#4414)
1313 North Market Street
Hercules Plaza, 6th Floor
PO Box 951
Wilmington, DE 19889-0951
(302) 984-6000 (Tel)
(302) 658-1192 (Fax)
rhorwitz@potteranderson.com
shill@potteranderson.com

*Attorneys for HRD Corporation*

PA&C 691019v1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on July 18, 2005, the attached document was hand delivered on the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

Kenneth Nachbar
David J. Teklits
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

I hereby certify that on July 18, 2005, I have faxed the documents to the following non-registered participants:

Donald R. Cassling
Christopher Tompkins
Zachary V. Moen
Jenner & Block LLP
One IBM Plaza
Chicago, IL 60611

By: /s/ Richard L. Horwitz
Richard L. Horwitz
Suzanne M. Hill
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
shill@potteranderson.com

PA&C 691019v1