**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| DOW CHEMICAL CANADA INC. on its own behalf and as assignee of THE DOW CHEMICAL COMPANY, </br></br>Plaintiff,</br></br>v.</br></br>HRD CORPORATION (d/b/a Marcus Oil & Chemical)</br></br>Defendant, Counterclaim Plaintiff,</br></br>v.</br></br>DOW CHEMICAL CANADA INC., on its own behalf and as assignee of THE DOW CHEMICAL COMPANY, and THE DOW CHEMICAL COMPANY,</br></br>Counterclaim Defendants | Case No. 05-023 (JJF) |

**DOW CHEMICAL CANADA INC.'S AND THE DOW CHEMICAL COMPANY'S
MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR
<u>MOTION TO DISMISS AND MOTION TO STRIKE</u>**

Dow Chemical Canada Inc. ("DCCI") and The Dow Chemical Company ("TDCC") filed their motion to dismiss and strike (the "Motion") to address four fundamental deficiencies in HRD's counterclaims: (1) Count IV unnecessarily duplicates HRD's claim for the same breaches of contract in Counts I and II; (2) HRD's counterclaim for "engaging in a joint venture" fails to plead any recognized cause of action or allege wrongful acts by DCCI or TDCC; (3) HRD's counterclaims impermissibly recite discussions made in the context of settlement negotiations which should be stricken as violating Fed.R.Evid. 408; and (4) HRD's

unilateral reservation of a right to amend its counterclaims should be stricken as contrary to the Federal Rules of Civil Procedure. HRD's Memorandum of Law in Opposition ("HRD's Brief") concedes the fundamental bases of the motion and fails to set forth any legitimate legal arguments why the Motion should not be granted. More specifically, HRD's Brief: (1) concedes that duplicative counts may be dismissed; (2) admits that Count V, alleging "engaging in a joint enterprise," does not state a recognized cause of action; (3) admits that it has recited statements covered by Fed.R.Evid 408 in its pleading; and (4) admits that its reservation of rights to amend serves no purpose.

## ARGUMENT

### I. COUNT IV OF HRD'S COUNTERCLAIMS SHOULD BE DISMISSED BECAUSE IT IS DUPLICATIVE OF COUNTS I AND II.

DCCI and TDCC demonstrated in their brief that Count IV of HRD's counterclaims, which alleges that DCCI and TDCC breached the Supply Agreement and the JDA by failing to provide adequate assurances of performance under those agreements, should be dismissed because it is completely duplicative of Counts I and II of HRD's counterclaims, which also allege that DCCI and TDCC breached the Supply Agreement and the JDA. (DCCI and TDCC Br. at 4-5.) In response, HRD argues that Count IV of its counterclaims is not duplicative of Counts I and II because "these counts allege different conduct by Dow in breach of the parties' contracts." (HRD Br. at 3.) HRD's argument is without merit because: (1) HRD has not cited a single case in which the court denied a motion to dismiss on this ground; and (2) even if HRD's standard were correct, Counts I, II, and IV of HRD's counterclaims indisputably allege that the JDA and the Supply Agreement were breached by the same conduct.

2

First, HRD has cited no cases where a court denied a motion to dismiss claims as duplicative on the grounds that the conduct alleged in the claims is not identical. Instead, HRD cites cases from DCCI and TDCC's brief in which the courts in fact *dismissed* such claims as duplicative on the ground that the claims in those cases involved identical conduct. *See, e.g., Specialty Ins. Co. v. Royal Indemnity Co.*, No. 00-2482, 2002 U.S. Dist. LEXIS 12203, at *20 (E.D. Pa. Mar. 22, 2002) (dismissing plaintiff's claims for breach of duty of good faith and fair dealing because they were "nothing more than a duplication of its claims for breach of contract."); *Cary Oil Co., Inc. v. MG Refining and Mktg., Inc.*, 90 F. Supp. 2d 401, 418-19 (S.D.N.Y. 2000) (same); *In re Buckhead Am. Corp.*, 178 B.R. 956, 968 (D. Del. 1994) (dismissing tort claims that were duplicative of other tort claims raised in the complaint); *Leucadia v. Applied Extrusion Tech., Inc.*, 755 F. Supp. 635, 636 (D. Del 1991) (dismissing a tort claim that was duplicative of another tort claim except that it sought different relief).

Second, HRD *does* allege that the same conduct caused the purported breaches of contract in Counts I, II, and IV of its counterclaims. Count I alleges that DCCI and TDCC breached the Supply Agreement by failing to produce conforming goods. (HRD Am. Counterclaims ¶¶120-125.) Count II alleges that DCCI and TDCC breached the JDA by failing to produce conforming goods. (*Id.* ¶¶126-129.) Count IV alleges that DCCI and TDCC breached the JDA and the Supply Agreement by failing to provide adequate assurances that it would produce conforming goods. (*Id.* ¶¶134-140.) Counts I and IV therefore both allege that DCCI and TDCC breached the Supply Agreement by failing to produce conforming goods. Counts II and IV both allege that DCCI and TDCC breached the JDA by failing to produce conforming goods. Because Count IV alleges that the breaches of contract were caused by the

identical conduct alleged in Counts I and II, Count IV should be dismissed as duplicative of those Counts.

II. **COUNT V OF HRD'S COUNTERCLAIMS SHOULD BE DISMISSED BECAUSE IT FAILS TO STATE A CLAIM UNDER ANY RECOGNIZED CAUSE OF ACTION.**

DCCI and TDCC demonstrated in their brief that Count V of HRD's counterclaims, alleging that DCCI and TDCC "engaged in a joint enterprise," should be dismissed because it does not allege any wrongdoing by DCCI or TDCC, does not allege any injury to HRD, and fails to state any cause of action whatsoever. (DCCI and TDCC Br. at 5-6.)

In its response, HRD admits that Count V of its counterclaims "is not a claim for relief but a theory of vicarious liability" and that "[a]n allegation of vicarious liability is not a 'claim.'" Despite these admissions, HRD nevertheless argues that this fundamental defect is not a sufficient basis for dismissal under Rule 12(b)(6). (HRD Br. at 5.)

In support of this odd proposition, HRD cites Ergonomic Lighting Systems, Inc. v. Commercial Petroleum Equipment./USALCO, a case which, contrary to HRD's Brief, proves DCCI's and TDCC's point. In Ergonomic Lighting, the defendant did not attempt to assert a joint enterprise theory as a stand alone claim. Ergonomic Lighting Sys., No. SA-01-CA-0031 RF, 2003 U.S. Dist. LEXIS 19118, at *21 (W.D. Tex. Oct. 21, 2003) ("joint enterprise is not a cause of action and was not asserted as such in the counterclaims" (emphasis added)). Instead, as part of and within its claims for breach of contract, breach of express and implied warranties, fraud, fraudulent inducement, negligent misrepresentation, and deceptive trade practices, the defendants asserted that the plaintiffs acted in concert as part of a joint enterprise. Id. at * 6.

4

The court therefore concluded that "because joint enterprise is not a claim, it cannot be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim." Id. at *21.

Significantly, DCCI and TDCC have not moved to dismiss HRD's allegations of joint enterprise from its independent claims for breach of contract or misappropriation of trade secrets. However, HRD's attempt to plead joint enterprise as a separate stand-alone count should be stricken because, as HRD itself admits, no such cause of action exists. Count V of HRD's counterclaims should therefore be dismissed.

### III. HRD'S ALLEGATIONS DISCUSSING CONFIDENTIAL SETTLEMENT NEGOTIATIONS SHOULD BE STRICKEN UNDER FEDERAL RULE OF EVIDENCE 408.

In their opening brief, DCCI and TDCC demonstrate that allegations in paragraphs 120, 127, and 137 of HRD's counterclaims involve statements made in the context of settlement negotiations and should be stricken because they violate the requirements of FRE 408. In response, HRD cites a summary judgment case for the unexceptional principle that "where the parties dispute whether statements were proposals for a new contract or privileged settlement discussions, the court must review such conflicting facts in the light most favorable to . . . the non-movant, and therefore outside the protections of Rule 408." (HRD Br. at 7.)

While true as a matter of law, that statement is inapplicable to this portion of DCCI's and TDCC's motion, because DCCI and TDCC have not attacked in their motion to dismiss any of the facts alleged in HRD's counterclaims. Instead, DCCI and TDCC attached the declaration of David Fifield, an attorney who was involved in those discussions, in order to bring to the Court's attention a critical fact on which HRD's counterclaims *were completely silent* -- the fact that these statements were made in the context of settlement negotiations.

5

While HRD's attorneys state in HRD's Brief that HRD "disagrees with Dow's assertion, as claimed by Mr. Fifield in his declaration, that the statements were made during 'settlement negotiations' within the scope of Rule 408," it concedes that discussions regarding the $30 million guarantee "may have occurred for the first time during settlement negotiations." (*Id.* at 6 fn.1.) Moreover, despite HRD's attorneys' conclusory assertion that they disagree with the contents of Mr. Fifield's declaration, HRD did not submit a sworn witness declaration disputing the statements in Mr. Fifield's sworn declaration. As a result, the facts stated in Mr. Fifield's declaration stand uncontradicted.[1]

HRD argues that even if these statements were made in the context of settlement negotiations, they are not barred by FRE 408 because they are not statements of "an offer or acceptance of a compromise." (*Id.* at 7.) HRD argues, without supporting citations, that "whether the statements relate to or refer to settlement discussions is not the test" and that the "proper test is whether the statement is an offer or acceptance of settlement and whether it is offered to prove the validity or amount of the claim." (*Id.* at 8.)

HRD's stated "test" is directly contradicted by the explicit language of FRE 408, which plainly mandates that "[e]vidence of conduct or other statements made in compromise negotiations is likewise not admissible." FRE 408; *see also Affiliated Manufacturers, Inc. v. Aluminum Co. of America*, 56 F.3d 521 (3rd Cir. 1995). Here, as shown in Mr. Fifield's uncontradicted declaration, the statements in paragraphs 120, 127, and 137 of HRD's

---

[1] To the extent that HRD wishes to assert that the allegations in paragraphs 120, 127, and 137 of its amended counterclaims occurred before the settlement negotiations referred to in Mr. Fifield's declaration took place, it should clarify which alleged statements were made prior to settlement negotiations by pleading those in an amended counterclaim.

counterclaims were made during negotiations to settle the current dispute. Because DCCI and TDCC and HRD each argued that the other had breached the Supply Agreement and the JDA, the parties discussed options for reaching a settlement that would continue their relationship without resorting to litigation.

HRD also argues, again without benefit of any case citations, that "[s]tatements that are not an offer or acceptance of a compromise are not excluded by the rule, even though they may be made during a settlement conference." (HRD Br. at 7.) HRD's argument appears to focus on the language of FRE 408 which states that the rule "does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations." FRE 408. Here, however, the disputed statements directly involved DCCI's and TDCC's proposal to settle this dispute by renegotiating the terms of the relationship between the parties. This offer was made for the purpose of settling the dispute and is not otherwise discoverable.

Finally, HRD argues that the statements in its counterclaims are not barred by FRE 408 because they have "independent legal significance" and are offered to prove something other than the validity or amount of HRD's claim. (HRD Br. at 7.) And just what is the fact of "independent legal significance" allegedly proven by these settlement offers? According to HRD, it is that they represent "Dow's breach or attempted re-negotiation of the agreements that are at issue in this lawsuit." (*Id.* at 8.) This is a demonstrably nonsensical statement. Offering to compromise a claim *necessarily* entails a proposal to pay the other side an amount less than he claims to be entitled to receive. Conversely, offering to pay the other side 100% of what they are claiming is not an offer of *compromise*. In short, HRD's allegation of "independent legal significance" fails because proof of one party's attempt to compromise (or to "renegotiate," in

7

HRD's formulation) is precisely what FRE 408 was designed to prevent. *See Masemer v. Masemer*, 723 F. Supp. 1019, 1022 (D. Del. 1989) (citing the FRE 408 Advisory Committee Notes and discussing the policy reasons behind FRE 408)).

HRD has not contradicted the arguments made by DCCI and TDCC because it has not demonstrated that the disputed statements were made outside of settlement negotiations and has not shown that the statements fall outside of the scope of the protections under FRE 408. Therefore, DCCI's and TDCC's motion to strike these statements should be granted.

### IV. HRD'S ATTEMPTED RESERVATION OF RIGHT TO AMEND SHOULD BE STRICKEN BECAUSE IT IS CONTRARY TO THE FEDERAL RULES OF CIVIL PROCEDURE.

In its motion, DCCI and TDCCs requested that HRD's unilateral "reservation of right to amend" should be stricken because, as HRD apparently concedes, it is redundant, immaterial, and impertinent. Rule 12(f) of the Federal Rules of Civil Procedure allows a party to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed.R.Civ.P. 12(f). In its brief, HRD states that its reservation of right to amend is not intended to subvert the requirements of the Federal Rules of Civil Procedure and is merely "a recognition that this lawsuit is fluid and dynamic." (HRD Br. at 8.) HRD states that "[i]f and when it becomes necessary to do so, HRD will seek leave of court or Dow's consent as required by the Federal Rules." (*Id.* at 8-9.) Accordingly, HRD's reservation of rights provision serves no purpose whatsoever and should be stricken because it is redundant, immaterial, and impertinent.

## CONCLUSION

For the foregoing reasons, DCCI and TDCC respectfully request that this Court grant their motion to dismiss Counts IV and V of HRD's counterclaims pursuant to Fed.R.Civ.P. 12(b)(6) and strike portions of paragraphs 120, 127, and 137 and HRD's reservation of right to amend pursuant to Fed.R.Civ.P. 12(f).

        MORRIS NICHOLS ARSHT & TUNNELL

        /s/ Kenneth Nachbar
        Kenneth Nachbar (#2067)
        David J. Teklits (#3221)
        1201 North Market Street
        P.O. Box 1347
        Wilmington, DE  19899-1347
        (302) 575-7294
        knachbar@mnat.com
        dteklits@mnat.com
            *Attorneys for Dow Chemical Canada, Inc. and*
            *The Dow Chemical Company*

OF COUNSEL:

Donald R. Cassling
Christopher Tompkins
Zachary V. Moen
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL  60611
(312) 923-2951

July 25, 2005

475816