# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| DOW CHEMICAL CANADA INC. on its own behalf and as assignee of THE DOW CHEMICAL COMPANY,<br><br>        Plaintiff,<br><br>        v.<br><br>HRD CORPORATION (d/b/a Marcus Oil & Chemical)<br><br>        Defendant, Counterclaim Plaintiff,<br><br>        v.<br><br>DOW CHEMICAL CANADA INC., on its own behalf and as assignee of THE DOW CHEMICAL COMPANY, and THE DOW CHEMICAL COMPANY,<br><br>        Counterclaim Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   C.A. No. 05-023 (JJF)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## STIPULATION AND ORDER
## GOVERNING DISCOVERY MATERIALS

        Pursuant to Fed.R.Civ.P. 26(c), and upon agreement of the parties and their counsel, it is hereby ORDERED that:

        1.    This Stipulation and Order Governing Discovery Materials ("Stipulation and Order") governs the treatment of all information, documents, and things within the scope of discovery in this action, including depositions and deposition exhibits, interrogatory answers, responses to requests to admit and other written, recorded, computerized, electronic or graphic matter ("Discovery Material") produced by or obtained from any party or non-party who agrees to the terms of this Stipulation and

Order (the "Producing Person"). "Discovery Material" includes "Confidential Discovery Material" defined in paragraph 2 and "Highly Confidential Discovery Material" defined in paragraph 3.

      2.     Any Producing Person may designate any Discovery Material as "Confidential" under the terms of this Stipulation and Order if such person (the "Designating Person") in good faith believes that such Discovery Material contains non-public, confidential, proprietary or commercially sensitive information that requires the protections provided in this Stipulation and Order ("Confidential Discovery Material"). For purposes of this Stipulation and Order:

      (a)    Confidential Discovery Material includes information maintained by the Producing Person that is not publicly available including without limitation trade secrets or other confidential research, development, or commercial information, and financial information.

      (b)    Confidential Discovery Material shall not include any information which:

      (i)    at the time of the production hereunder is available to the public; or

      (ii)    after production hereunder becomes available to the public through no act, or failure to act, by the Receiving Party; or

      (iii)    the Receiving Party can show (a) was already known to the Receiving Party; (b) was independently developed by the Receiving Party; or (c) was received by the Receiving Party, after the time of production hereunder, from a third party having the right to make such disclosures.

2

(c)    The Designating Person shall mark the copies of such documents

or things deemed in good faith to be Confidential Discovery Material by placing

on each page a stamp or notice (insofar as possible) stating:

CONFIDENTIAL DISCOVERY MATERIAL
Subject to Protective Order in C.A. No. 05-023 (JJF)

To the extent it is not possible to mark such documents or things designated as

Confidential Discovery Material, counsel may designate such documents or things

as Confidential Discovery Material in the accompanying transmittal letter.

(d)    Information provided in a deposition may be designated

"Confidential" by a Designating Person either (i) during the deposition, in which

case the transcript of the testimony containing the information shall be marked

"Confidential" by the reporter, or (ii) by written notice to all counsel of record

within seven (7) days after the deponent or its counsel receives the transcript.

Pending the expiration of seven (7) days after a deposition transcript is received

by the deponent or his counsel, the parties and their counsel shall treat the

deposition transcript as if it had been designated as "Confidential."  A

Designating Person shall have the right to have all persons not permitted to view

Confidential Discovery Material under the terms of this Stipulation and Order

excluded from a deposition, or any portion thereof, before the taking of testimony

which has been designated "Confidential" under this Stipulation and Order.

(e)    A Producing Person may designate any Discovery Material that

already has been produced as "Confidential" by notifying the party to whom the

production has been made that such Discovery Material constitutes Confidential

Discovery Material; the Producing Person must provide such notice promptly

upon discovering that it produced Discovery Material that should have been identified as "Confidential" and, in any event, may not designate Discovery Material that has already been produced as "Confidential" less than 30 days before summary judgment motions are due.

(f)    A party shall not be obligated to challenge the propriety of a designation of Discovery Material as "Confidential" at the time made, and the failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any point in these proceedings with the designation by a Designating Person of any information as "Confidential," it shall notify the Designating Person in writing, and the challenging party and the Designating Person shall try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the Receiving Party may seek appropriate relief from this Court. While such a motion remains pending, the Discovery Material shall be treated as Confidential Discovery Material pursuant to this Stipulation and Order.

(g)    The Confidential Discovery Material designation shall also apply to any notes or summaries prepared based on Confidential Discovery Materials.

3.    Any Producing Person may also designate information that otherwise qualifies as Confidential Discovery Material as "Highly Confidential" if such person (the "Designating Person") in good faith believes that disclosing such information to persons to whom Confidential Material may be disclosed will or may cause injury to the Producing Person ("Highly Confidential Discovery Material"). For the purpose of this Stipulation and Order:

(a)    Highly Confidential Discovery Material includes particularly sensitive Confidential Discovery Materials that relate to trade secrets, or sensitive sales, financial and marketing information, or future business plans within the meaning of Fed.R.Civ.P. 26(c)(7).

(b)    The Designating Person shall mark the copies of such documents or things deemed in good faith to be Highly Confidential Discovery Material  by placing on each page a stamp or notice (insofar as possible) stating:

HIGHLY CONFIDENTIAL DISCOVERY MATERIAL
Subject to Protective Order in C.A. No. 05-023 (JJF)

To the extent it is not possible to mark such documents or things deemed to be Highly Confidential Discovery Material, counsel may designate such documents or things as Highly Confidential Discovery Material in the accompanying transmittal letter.

(c)    Information provided in a deposition may be designated "Highly Confidential" by a Designating Person either (i) during the deposition, in which case the transcript of the testimony containing the information shall be marked "Highly Confidential" by the reporter, or (ii) by written notice to all counsel of record within seven (7) days after the deponent or its counsel receives the transcript.  A Designating Person shall have the right to have all persons not permitted to view Highly Confidential Discovery Material under the terms of this Stipulation and Order excluded from a deposition, or any portion thereof, before the taking of testimony which has been designated " Highly Confidential" under this Stipulation and Order.

(d)    A Producing Person may designate any Discovery Material that already has been produced as "Highly Confidential" by notifying the party to whom the production has been made that such Discovery Material constitutes Highly Confidential Discovery Material; the Producing Person must provide such notice promptly upon discovering that it produced Discovery Material that should have been identified as "Highly Confidential" and, in any event, may not designate Discovery Material that has already been produced as "Highly Confidential" less than 30 days before summary judgment motions are due.

(e)    A party shall not be obligated to challenge the propriety of a designation of Discovery Material as "Highly Confidential" at the time made, and the failure to do so shall not preclude a subsequent challenge thereto.  In the event that any party to this litigation disagrees at any point in these proceedings with the designation by a Designating Person of any information as "Highly Confidential," it shall notify the Designating Person in writing, and the challenging party and the Designating Person shall try to resolve such dispute in good faith on an informal basis.  If the dispute cannot be resolved, the Receiving Person may seek appropriate relief from this Court.  While such a motion remains pending, the Discovery Material shall be treated as Highly Confidential Discovery Material pursuant to this Stipulation and Order.

(f)    The Highly Confidential Discovery Material designation shall also apply to any notes or summaries prepared based on Highly Confidential Discovery Materials.

4.      Confidential Discovery Material and Highly Confidential Discovery Material shall be used by a party (the "Receiving Party") solely for purposes of the above-captioned litigation and shall not be used for any other purpose during or after this litigation, unless the Court so allows; nor shall it be disclosed to any third parties, with the exception of the individuals listed in paragraphs 5 and 6 below; provided, however, that the Receiving Party may make any and all use of Confidential Discovery Material or Highly Confidential Discovery Material which becomes public through the acts of persons other than the Receiving Party, which is obtained by the Receiving Party from a source not bound by the terms of this Stipulation and Order, or which the Receiving Party independently derives or develops from non-confidential sources.  Nothing herein is intended to waive any objections to the admissibility or discoverability of any Discovery Material in this case or any other action or proceeding or any other objections to such Discovery Material or the production thereof, all such objections being specifically preserved.

5.      For the purposes set forth in Paragraph 4 above, without written consent from the Designating Person, Confidential Discovery Material or information derived therefrom may be disclosed or made available only to the following persons:

(a)      outside counsel to the undersigned parties, who also sign a confidentiality non-disclosure agreement as further described in paragraph 7 below, and the clerical, paralegal and secretarial and other staff employed by such counsel including outside vendors involved in the production, reproduction, organization, filing, coding, cataloging, converting, storing, retrieving and review of Discovery Material;

(b)    experts or consultants retained in good faith to assist counsel in these cases, who also sign a confidentiality non-disclosure agreement as further described in paragraph 7 below, and the clerical, paralegal and secretarial and other staff employed by such experts or consultants;

(c)    the undersigned parties and inside counsel, officers, directors, board members and representatives, trustees, partners, employees, and counsel to board committees or sub-committees of such parties to the extent reasonably necessary to assist in the investigation, prosecution or defense of the claims, who also sign a confidentiality non-disclosure agreement as further described in paragraph 7 below;

(d)    potential witnesses or deponents and their counsel in connection with the claims, when such disclosure is reasonably necessary for the purposes of trial preparation, factual investigation, or discovery, who also sign a confidentiality non-disclosure agreement as further described in paragraph 7 below;

(e)    such other persons as the Designating Person agrees in writing may receive Confidential Information pursuant to paragraph 10 and who also signs a confidentiality non-disclosure agreement as further described in paragraph 7 below; and

(f)    the Court and its support personnel.

6.    For the purposes set forth in Paragraph 4 above, without written consent from the Designating Person, Highly Confidential Discovery Material or information derived therefrom may be disclosed or made available only to the following persons:

(a)    outside counsel to the undersigned parties, who also sign a confidentiality non-disclosure agreement as further described in paragraph 7 below, and the clerical, paralegal and secretarial and other staff employed by such counsel including outside vendors involved in the production, reproduction, organization, filing, coding, cataloging, converting, storing, retrieving and review of Discovery Material;

(b)    experts or consultants retained in good faith to assist counsel in these cases, who also sign a confidentiality non-disclosure agreement as further described in paragraph 7 below, and the clerical, paralegal and secretarial and other staff employed by such experts or consultants;

(c)    Dow Chemical Canada Inc and The Dow Chemical Company in-house counsel Steve Arnosky and Shelley Storer, who also sign a confidentiality non-disclosure agreement as further described in paragraph 7 below, and the clerical, paralegal and secretarial and other staff employed by such in-house counsel including outside vendors involved in the production, reproduction, organization, filing, coding, cataloging, converting, storing, retrieving and review of Discovery Material;

(d)    the author(s) or prior recipient(s) of a document containing Highly Confidential Discovery Material, provided it is established in the document or by agreement of the parties that the person is an author or prior recipient of the document, who also sign a confidentiality non-disclosure agreement as further described in paragraph 7 below;

9

(e)     such other persons as the Designating Person agrees in writing may receive Highly Confidential Information pursuant to paragraph 10 and who also sign a confidentiality non-disclosure agreement as further described in paragraph 7 below; and

(f)     the Court and its support personnel.

7.     Before a party or its counsel may show or disclose Confidential Discovery Material or Highly Confidential Discovery Material designated by another party or a non-party to any person except (a) the Court and its support personnel, and (b) clerical, paralegal and secretarial and other staff employed by individuals listed in paragraphs 5 and 6, that person shall be advised that the material or information is being disclosed pursuant to and subject to the terms of this Stipulation and Order and may not be disclosed other than pursuant to the terms of this Stipulation and Order and shall be required to confirm his or her understanding and agreement to abide by the terms of this Stipulation and Order by signing a copy of Exhibit A hereto, which copy shall be maintained by counsel for the disclosing party.  If a non-party witness declines to sign a copy of Exhibit A, Confidential Discovery Material or Highly Confidential Discovery Material may be shown or disclosed to such person if a court with jurisdiction over the person orders the person to maintain the Confidential Discovery Material or Highly Confidential Discovery Material in confidence, not to disclose the Confidential Discovery Material or Highly Confidential Discovery Material and to deliver any documents prepared relating thereto to the person who conveyed the Confidential Discovery Material or Highly Confidential Discovery Material.  Clerical, paralegal and secretarial and other staff employed by persons identified in Paragraphs 5 and 6,

including outside vendors involved in the production, reproduction, organization, filing, coding, cataloging, converting, storing, retrieving and review of Discovery Material, shall be deemed to be subject to this order by virtue of their employment with a person listed in Paragraphs 5 and 6.

8.     Any person receiving Confidential Discovery Material or Highly Confidential Discovery Material shall be bound by the terms of this Stipulation and Order.  In the absence of written permission from the Designating Person, Confidential Discovery Material may be disclosed only to the persons identified in paragraph 5, and Highly Confidential Discovery Material may be disclosed only the persons identified in paragraph 6, and then only for the investigation, prosecution and/or defense of any claims in this proceeding, including any appeals, retrials, and enforcement of any judgments in respect of the claims, providing that counsel, before disclosing Confidential Discovery Material or Highly Confidential Discovery Material to such persons, shall inform such persons that this Stipulation and Order has been entered and provide any such persons with a copy of this Stipulation and Order.

9.     Nothing in this Stipulation and Order shall prevent disclosure of any Confidential Discovery Material or Highly Confidential Discovery Material:  (1) by the Designating Person; (2) to any employee or officer of the Designating Person; or (3) to any person no longer affiliated with the Designating Person who either authored, in whole or in part, or received the Confidential Discovery Material prior to the initiation of this litigation.

10.     In the event counsel for a party deems it necessary to disclose any Confidential Discovery Material or Highly Confidential Discovery Material to any person

not designated in paragraphs 5 and 6, said counsel shall notify counsel for the Designating Person in writing at least 10 days prior to the proposed disclosure of (1) the information or documents to be disclosed; and (2) the person(s) to whom such disclosure is to be made, and shall attempt to reach agreement regarding such disclosure. If agreement cannot be reached, the Receiving Person may make an appropriate motion to modify the terms of this Stipulation and Order with respect to the proposed disclosure and whether any restrictions or limitations should be placed on the disclosure of the Discovery Material at issue. While such motion remains pending, the Discovery Material shall be treated as Confidential Discovery Material or Highly Confidential Discovery Material.

11.    Any filings with the Court containing Confidential Discovery Material or Highly Confidential Discovery Material shall be filed under seal in accordance with the Court's electronic filing system (the "CM/ECF System") or such other procedures adopted by the Court. This paragraph shall not prevent a second copy of any such pleading or other documents specifically intended for review by the Court from being hand-delivered to chambers to assure prompt attention thereto, as long as reasonable safeguards are observed to maintain the confidentiality of the documents.

12.    The Clerk of the Court is directed to place and maintain under seal any such pleading or other document filed with or delivered to this Court pursuant to paragraph 11 and in accordance with this Order and the practices of this Court, and in accordance with procedures for filing sealed documents using the Court's CM/ECF System or other procedures adopted by the Court.

13. Nothing in this Order shall prevent a party from using any Confidential Discovery Material or Highly Confidential Discovery Material at trial, during a hearing, or during any other court proceeding. However, the party intending to make such use of Confidential Discovery Material or Highly Confidential Discovery Material at a court proceeding must notify the Designating Person at the start of such proceeding of the intention to use such Confidential Discovery Material or Highly Confidential Discovery Material before revealing the Confidential Discovery Material or Highly Confidential Discovery Material in open court, to allow the Designating Person an opportunity to request that the portion of the proceeding where use is to be held in camera and that the transcript of that portion of the proceeding be maintained under seal and in camera in accordance with paragraph 11 of this Stipulation and Order.

14. The parties agree that the following shall govern issues related to the assertion and/or waiver of claims that documents or things are protected from disclosure on the basis of privilege or some other ground:

(a) The parties agree that due to the volume of Discovery Material, particularly electronic Discovery Material, Producing Parties may conduct privilege screening through reliance on electronic searches to identify potentially privileged documents rather than by document by document review. As provided in subparagraph (b) below, such method of privilege screening shall not constitute a waiver of any claim that Discovery Material produced by the Producing Party is protected from disclosure on the basis of privilege or some other ground. Such method of privilege screening shall not abrogate the duty of the Producing Party to assert a claim of privilege with respect to each privileged responsive document

13

or thing withheld and provide a privilege log as provided in subparagraph (c) below.

(b)    The production of Discovery Material in this litigation shall not, in and of itself, prejudice or otherwise constitute a waiver of, or estoppel as to, any claim that the particular Discovery Material is privileged or otherwise protected from disclosure on the basis of the attorney-client privilege, attorney work product, or on the basis that it was prepared in anticipation of litigation, or on any other ground.

(c)    The parties agree to prepare a privilege log listing responsive documents or things withheld from production on the basis of attorney-client privilege, attorney work product, on the basis that it was prepared in anticipation of litigation, or on any other ground ("Privilege Log"). The parties agree that a Privilege Log need not list communications with, or other work product prepared by, counsel to the parties after commencement of the litigation on January 18, 2005. The parties also agree that a Producing Party's Privilege Log need not list the internal working files of counsel for the Producing Party.

(d)    If notice is given pursuant to this paragraph that particular Discovery Material that is privileged or otherwise protected from disclosure was produced and is in the custody of another party, such party shall promptly either destroy or return to the Producing Party that Discovery Material (and any copies) which the Producing Party has provided notice is privileged or otherwise protected from disclosure. In addition, the Receiving Party shall destroy all notes or work product reflecting the contents of such Discovery Material, and shall not

14

use such Discovery Material, or the information contained therein, for any purpose in this action or in any other action. Such notice shall also provide a privilege log entry for such material so that the Receiving party can evaluate the Producing Party's claim that the material is privileged or otherwise protected from disclosure.

(e)    Nothing in this paragraph prevents a Receiving Party from seeking to compel production of Discovery Material which a Producing Party claims is privileged or otherwise protected from disclosure.

15.    This Stipulation and Order has no effect upon, and its scope shall not extend to, any Producing Person's use of its own Discovery Material.

16.    This Stipulation and Order or the existence of such shall not be offered or admitted into evidence at trial, argued to the jury, or otherwise disclosed to the jury. This Stipulation and Order shall have no effect on the admissibility or discoverability of any Discovery Material.

17.    After the termination of these proceedings, this Stipulation and Order shall continue to be binding upon the parties hereto, and upon all persons to whom the Discovery Material has been disclosed or communicated, and this Court shall retain jurisdiction over the parties for enforcement of its provisions.

18.    Within sixty (60) days after the final conclusion of all aspects of the claims by judgment not subject to appeal, by settlement, or abandonment, all Confidential Discovery Material or Highly Confidential Discovery Material supplied by a Producing Person and all copies thereof (including, without limitation, copies provided to testifying or consulting experts) shall be returned to the Producing Person, or the party's counsel

15

shall confirm in writing to the Producing Person that all such materials have been destroyed; except that each party may maintain one copy of any work product derived from such Confidential Discovery Material or Highly Confidential Discovery Material in its master file for the case.

19.    Nothing in this Stipulation and Order shall be construed as prejudicing any Producing Person's right to seek an agreement or court order providing additional confidentiality or other protections to any Discovery Material produced in this action. However, until such agreement or order is obtained, this Stipulation and Order shall constitute the entire agreement of the parties with respect to the matters covered herein. The parties agree to notify other parties to the Stipulation and Order of any such additional confidentiality agreements.

20.    In the event additional parties join or are joined in this action, they shall not have access to Confidential Discovery Material or Highly Confidential Discovery Material until the newly-joined party or its counsel has executed and, at the request of any party, filed with the Court its agreement to be fully bound by this Stipulation or an alternative protective order which is satisfactory to all parties and the Court.  Third parties who produce information in this action may avail themselves of the provisions of this Stipulation and Order, and Discovery Material produced by third parties shall then be treated by the parties in conformance with this Stipulation.

21.    If a Receiving Party (a) is subpoenaed in another action, (b) is served with a demand in another action in which it is a party, or (c) is served with any legal process by one not a party to this action, seeking Discovery Material which was produced or designated as "Confidential" or "Highly Confidential" by someone other than the

Receiving Party, the Receiving Party shall object to its production to the extent permitted by law and shall use good faith to give prompt actual written notice, by hand or facsimile transmission, within five (5) business days of receipt of such subpoena, demand or legal process, to the Designating Party so that the Designating Party has an opportunity to seek relief from the subpoena, document, demand or legal process. Should the person seeking access to the Confidential Discovery Material or Highly Confidential Discovery Material take action against the Receiving Party or anyone else covered by this Stipulation and Order to enforce such a subpoena, demand or other legal process, the Receiving Party shall respond by setting forth the existence of the Stipulation and Order. Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Stipulation and Order to challenge or appeal any order requiring production of Confidential Discovery Material or Highly Confidential Discovery Material covered by this Stipulation and Order, or to subject itself to any penalties for non-compliance with any legal process or order, or to seek any relief from this Court.

22.    This Stipulation and Order may be signed by the parties in counterparts.

17

APPROVED AS TO FORM AND AS TO SUBSTANCE:

MORRIS, NICHOLS, ARSHT &               POTTER ANDERSON & CORROON LLP
TUNNELL

*/s/ Kenneth Nachbar/*                  */s/ W. Harding Drane, Jr./*
Kenneth Nachbar (#2067)                 Richard L. Horwitz (#2246)
David J. Teklits (#3221)                W. Harding Drane, Jr. (#1023)
1201 North Market Street                Suzanne M. Hill (#34414)
P.O. Box 1347                           1313 N. Market Street
Wilmington, DE  19899-1347              Hercules Plaza, 6th Floor
(302) 575-7294 (telephone)              P.O. Box. 951
(302) 425-3013 (facsimile)              Wilmington, DE 19889-0951
                                        (302) 984-6000 (telephone)
                                        (302) 658-1192 (facsimile)


OF COUNSEL:                             OF COUNSEL:

Donald R. Cassling                      William C. Ferebee
Christopher Tompkins                    O'DONNELL FEREBEE MEDLEY &
Zachary V. Moen                         KEISER, PC
JENNER & BLOCK LLP                      450 Gears, Eighth Floor
One IBM Plaza                           Houston, TX 77067-4512
Chicago, IL  60611                      (281) 875-8200 (telephone)
(312) 923-2951 (telephone)              (281) 875-4962 (facsimile)
(312) 840-7351 (facsimile)

*Attorneys for Dow Chemical Canada Inc.*   *Attorneys for Defendant HRD Corporation*
*and The Dow Chemical Company*             *d/b/a Marcus Oil & Chemical, Inc.*


DATED: January 19, 2006

713506




          SO ORDERED, this _____ day of _____, 2006.




                            _____
                            UNITED STATES DISTRICT JUDGE

<u>**EXHIBIT A**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| DOW CHEMICAL CANADA INC. on its own behalf and as assignee of THE DOW CHEMICAL COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>HRD CORPORATION (d/b/a Marcus Oil & Chemical)<br><br>Defendant, Counterclaim Plaintiff,<br><br>v.<br><br>DOW CHEMICAL CANADA INC., on its own behalf and as assignee of THE DOW CHEMICAL COMPANY, and THE DOW CHEMICAL COMPANY,<br><br>Counterclaim Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  C.A. No. 05-023 (JJF)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**AGREEMENT TO BE BOUND BY STIPULATION AND ORDER
GOVERNING DISCOVERY MATERIALS**

I have read the Stipulation and Order Governing Discovery Materials (the "Stipulation and Order") in the above-captioned matter. I understand the terms and agree to be fully bound by them and hereby submit to the jurisdiction of the United States District Court for the District of Delaware for purpose of enforcement of this Stipulation and Order.

I understand that any violation of the terms of the Stipulation may be punishable by money damages, sanctions, contempt of court citation, or such other or additional relief as deemed appropriate by the Court.

I will hold in confidence and will not disclose to anyone not qualified under the Stipulation and Order, any Confidential Discovery Material, Highly Confidential Discovery Material, or any words, substances, summaries, abstracts or indices of Confidential Discovery Material or Highly Confidential Discovery Material  disclosed to me, and I shall use Confidential Discovery Material or Highly Confidential Discovery Material only for purposes of this action and not for any other purpose, including without limitation, any business, proprietary, commercial, governmental or litigation purpose.

At the conclusion of this matter, I will return all Confidential Discovery Material, Highly Confidential Discovery Material, or any words, substances, summaries, abstracts or indices thereof, and all copies thereof, which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

_____         _____
        Date

2