# Exhibit A

## DEFINITIONS

1.      The terms "you" and "your" refer to the party named in this subpoena, or persons acting on their behalf, including, without limitation, their employees, consultants, contractors, agents, representatives, attorneys, and accountants.

2.      A reference to any business entity includes the business entity named and each of its predecessors and successors, affiliated corporations, companies, associations, partnerships and joint ventures, divisions or persons acting on its behalf, including, without limitation, its officers, directors, agents, representatives, attorneys, accountants, and commissioned sales representatives, and any other related entities.

3.      The terms "relating to" and "relate to" mean anything which, directly, or indirectly, concerns, consists of, pertains to, reflects, evidences, describes, sets forth, constitutes, contains, shows, underlies, supports, refers to in any way, is or was used in preparation of, appended to, is or was legally, logically or factually connected with, proves, disproves or tends to prove or disprove, or is in any way relevant to within the meaning of Rule 26(b).

4.      "Document" means all original written, recorded or graphic matters whatsoever and all copies thereof, including, but not limited to, papers, books, records, letters, photographs, tangible things, correspondence, communications, telegrams, cables, fax or telex messages, memoranda, notes, notations, work papers, transcripts, minutes, reports and recordings of telephone or other conversations, or of interviews or of conferences or of other meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, jottings, agendas, bulletins, notices, announcements, advertisements, instructions, charts, manuals, brochures, publications, schedules, price lists, client lists, journals, statistical records, desk calendars, appointment books, diaries, lists, tabulations, sound recordings, computer print outs, data processing program library, data processing input and output, microfilm, books of account, records and invoices reflecting business operations, expense vouchers, invoices, bills, all records kept by electronic, photographic or mechanical means, any notes or drafts relating to the foregoing, and all the things similar to any

of the foregoing however denominated. In all cases where originals or nonidentical copies are not available, "document" also means identical copies of original documents and nonidentical copies thereof.

5.    "JDA" means the Joint Development Agreement between HRD and The Dow Chemical Company (TDDC), effective July 1, 2002, and any and all amendments thereto.

6.    "Supply Agreement" means the Sarnia PE Wax Supply Agreement between TDDC and HRD effective July 1, 2002, and any and all amendments thereto.

7.    "Sarnia PDP" means the Sarnia Product Development Plant operated by Dow Chemical Canada, Inc. ("DCCI") in Ontario, Canada.

8.    "Freeport Miniplant" or the "Miniplant" means DCCI's miniplant facility in Freeport, Canada.

9.    "Dow" means DCCI or TDDC, and any employee thereof.

10.   "Product", "Polyethylene Wax", or "PE Wax" means wax(es) supplied by Dow to HRD, or provided by HRD to Dow, or provided by HRD to any third party, pursuant to the JDA or another agreement.

11.   "Sample" means any sample of wax(es) provided to HRD by Dow, or provided by HRD to Dow, or provided by HRD to any third party, whether pursuant to the JDA or another agreement, including all wax(es) produced in the Freeport miniplant and the Sarnia PDP.

## INSTRUCTIONS

1.      Unless otherwise indicated, each document or sample request relates to the period December 1, 2001 through January 1, 2006.

2.      For each request for production of documents below, produce every responsive document in your custody or control, including, but not limited to, the original copy thereof, any copies or drafts thereof of any variety, and any subsequent document of any kind referring to or discussing the original responsive document.

3.      If you are aware of the existence of a document responsive to a request for production, but such document is not in your current custody or control, please provide a statement describing such document in detail, stating the current location of the document, and providing the name, address, and phone number of any person or entity whom you believe currently exerts custody or control over the document.

4.      For each request for production of samples below, produce every responsive sample in your custody or control.

5.      If you are aware of the existence of a sample responsive to a request for production, but such sample is not in your current custody or control, please provide a statement describing such sample in detail, stating the current location of the sample, and providing the name, address, and phone number of any person or entity whom you believe currently exerts custody or control over the sample.

6.      All words or phrases shall be construed as either singular, plural, masculine, feminine, or neuter as necessary to bring within the scope of these requests for production of documents any information and documents which might otherwise be construed to be outside their scope.

7.      "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests for production of documents any information which might otherwise be construed to be outside their scope.

8.      Reference to any specific document, object, tangible thing, or group of persons includes all predecessor and successor documents, objects, tangible things or groups of persons which are substantially similar to the specific document, object, tangible thing, or group of persons identified in any request for production of documents.

9.      The fact that any particular paragraph of this request is more specific than any other paragraph is not intended to, nor does it, have the effect of limiting any other paragraph hereof.

10.      If you object to a particular request, or portion thereof, you must produce all documents or things called for which are not subject to that objection.  Similarly, wherever a document or thing is not produced in full, please state with particularity the reason or reasons it is not being produced in full, and describe, to the best of your knowledge, information and belief, and with as much particularity as possible, those portions which are not produced.

## REQUESTS FOR PRODUCTION

**Request No. 1**

All documents relating to business plans relating to the JDA or the Supply Agreement.

**Request No. 2**

All documents relating to your communications with HRD or third parties regarding the JDA or the Supply Agreement.

**Request No. 3**

All documents relating to your communications with H.B. Fuller, National Starch, Findley, and/or Henkel regarding the JDA or the Supply Agreement.

**Request No. 4**

All documents relating to your communications with HRD personnel regarding JDA products or Supply Agreement products.

**Request No. 5**

All documents relating or referring to Dow.

**Request No. 6**

All documents relating to your communications with Dow personnel, including any notes from meetings and conference calls.

**Request No. 7**

Any documents relating to Dow presentations on JDA work.

**Request No. 8**

All documents relating to the testing of JDA products or Supply Agreement products from the Freeport Miniplant or the Sarnia PDP, including the results of all experiments conducted.

**Request No. 9**

Copies of all lab notebooks related to the JDA products or Supply Agreement products.

**Request No. 10**

All inventory and quality control receipts for products shipped from the Sarnia PDP to HRD.

**Request No. 11**

A 50 gram sample of every polymer and/or wax sample received from Dow, including all samples from the Freeport miniplant and the Sarnia PDP.

**Request No. 12**

A 50 gram sample of every JDA-related material and/or Supply Agreement related material sent to Dow or any third parties.

**Request No. 13**

A 50 gram sample of any polymer and/or wax material provided to you by HRD that you understood originated from Dow or related to the JDA or the Supply Agreement, contained such a material or was made using such a material.

**Request No. 14**

All documents relating to communications with Adherent Laboratories regarding PE waxes and JDA-related products.

**Request No. 15**

All documents relating to communications with Abbas and/or Aziz Hassan relating to the JDA products and/or the Supply Agreement products.

**Request No. 16**

All documents discussing the physical properties of JDA-related products and/or the Supply Agreement products.

**Request No. 17**

All documents relating to specification requirements of JDA-related products and/or the Supply Agreement products.

**Request No. 18**

All communications with HRD, Dow, or third parties regarding the specification requirements of JDA-related products and/or Supply Agreement products.

**Request No. 19**

All documents relating to communications with Abbas and/or Aziz Hassan relating to specification properties and desired physical properties of JDA-related products and/or Supply Agreement products.

**Request No. 20**

All documents relating to communications with third parties, including, but not limited to, H.B. Fuller, National Starch, Findley, and/or Henkel, regarding specifications and physical property requirements for JDA-related products and/or Supply Agreement products.

**Request No. 21**

All documents relating to communications with Dow regarding off-spec products.

**Request No. 22**

All documents relating to communications with HRD and Abbas and/or Aziz Hassan regarding off-spec products.

**Request No. 23**

All documents relating to presentations made to third parties or discussions with third parties relating to JDA products and/or Supply Agreement products.

**Request No. 24**

All documents relating to communications with Dow regarding patents, whether of JDA-related or otherwise.

**Request No. 25**

All documents relating to your Agreement with HRD for consulting services, including any and all amendments thereto.

533806