# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

Dow Chemical Canada Inc., on its own behalf and as assignee of The Dow Chemical Company

**SUBPOENA IN A CIVIL CASE**

v.

Civil Action No. 05-023 (JJF)
(D. DEL.)

HRD Corporation (d/b/a Marcus Oil & Chemical)

v.

Dow Chemical Canada Inc., on its own behalf and as assignee of The Dow Chemical Company, and The Dow Chemical Company

TO:  Greg Borsinger
     New Millenium Associates
     17 Pembrook Road
     Chatham, NJ 07928

| ☐ | YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case. |
|---|---|
| **PLACE OF TESTIMONY** | **COURTROOM** |
|  | **DATE AND TIME** |

| ☐ | YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case: |
|---|---|
| **PLACE OF DEPOSITION** | **DATE AND TIME** |

| ☒ | YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): see Exhibit A |
|---|---|
| **PLACE** 17 Pembrook Road Chatham, NJ 07928 | **DATE AND TIME** September 28, 2006, 5:00pm |

| ☐ | YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below. |
|---|---|
| **PREMISES** | **DATE AND TIME** |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) DEFENDANT  *[signature]*  Attorney for Plaintiff | DATE  August 28, 2006 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | TELEPHONE |

| | |
|---|---|
| Samuel T. Hirzel (#4415)<br>MORRIS, NICHOLS, ARSHT & TUNNELL<br>1201 North Market Street, P.O. Box 1347<br>Wilmington, DE 19899 | (302) 658-9200 |

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | Date | Place |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct:

Executed on: _____    _____
　　　　　　　　　　　　DATE　　　　　　　　　　　　　　　　　　SIGNATURE OF SERVER

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　ADDRESS OF SERVER

---

RULE 45, FEDERAL RULES OF CIVIL PROCEDURE, PARTS C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

　(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

　(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

　(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

　(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

　　(i) fails to allow reasonable time for compliance;

　　(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

　　(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

　　(iv) subjects a person to undue burden.

　(B) If a subpoena

　　(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

　　(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

　　(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

　(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

　(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# Exhibit A

# Exhibit A

## **DEFINITIONS**

1. The terms "you" and "your" refer to the party named in this subpoena, or persons acting on their behalf, including, without limitation, their employees, consultants, contractors, agents, representatives, attorneys, and accountants.

2. A reference to any business entity includes the business entity named and each of its predecessors and successors, affiliated corporations, companies, associations, partnerships and joint ventures, divisions or persons acting on its behalf, including, without limitation, its officers, directors, agents, representatives, attorneys, accountants, and commissioned sales representatives, and any other related entities.

3. The terms "relating to" and "relate to" mean anything which, directly, or indirectly, concerns, consists of, pertains to, reflects, evidences, describes, sets forth, constitutes, contains, shows, underlies, supports, refers to in any way, is or was used in preparation of, appended to, is or was legally, logically or factually connected with, proves, disproves or tends to prove or disprove, or is in any way relevant to within the meaning of Rule 26(b).

4. "Document" means all original written, recorded or graphic matters whatsoever and all copies thereof, including, but not limited to, papers, books, records, letters, photographs, tangible things, correspondence, communications, telegrams, cables, fax or telex messages, memoranda, notes, notations, work papers, transcripts, minutes, reports and recordings of telephone or other conversations, or of interviews or of conferences or of other meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, jottings, agendas, bulletins, notices, announcements, advertisements, instructions, charts, manuals, brochures, publications, schedules, price lists, client lists, journals, statistical records, desk calendars, appointment books, diaries, lists, tabulations, sound recordings, computer print outs, data processing program library, data processing input and output, microfilm, books of account, records and invoices reflecting business operations, expense vouchers, invoices, bills, all records kept by electronic, photographic or mechanical means, any notes or drafts relating to the foregoing, and all the things similar to any

of the foregoing however denominated. In all cases where originals or nonidentical copies are not available, "document" also means identical copies of original documents and nonidentical copies thereof.

5. "JDA" means the Joint Development Agreement between HRD and The Dow Chemical Company (TDDC), effective July 1, 2002, and any and all amendments thereto.

6. "Supply Agreement" means the Sarnia PE Wax Supply Agreement between TDDC and HRD effective July 1, 2002, and any and all amendments thereto.

7. "Sarnia PDP" means the Sarnia Product Development Plant operated by Dow Chemical Canada, Inc. ("DCCI") in Ontario, Canada.

8. "Freeport Miniplant" or the "Miniplant" means DCCI's miniplant facility in Freeport, Canada.

9. "Dow" means DCCI or TDDC, and any employee thereof.

10. "Product", "Polyethylene Wax", or "PE Wax" means wax(es) supplied by Dow to HRD, or provided by HRD to Dow, or provided by HRD to any third party, pursuant to the JDA or another agreement.

11. "Sample" means any sample of wax(es) provided to HRD by Dow, or provided by HRD to Dow, or provided by HRD to any third party, whether pursuant to the JDA or another agreement, including all wax(es) produced in the Freeport miniplant and the Sarnia PDP.

## **INSTRUCTIONS**

1. Unless otherwise indicated, each document or sample request relates to the period December 1, 2001 through January 1, 2006.

2. For each request for production of documents below, produce every responsive document in your custody or control, including, but not limited to, the original copy thereof, any copies or drafts thereof of any variety, and any subsequent document of any kind referring to or discussing the original responsive document.

3. If you are aware of the existence of a document responsive to a request for production, but such document is not in your current custody or control, please provide a statement describing such document in detail, stating the current location of the document, and providing the name, address, and phone number of any person or entity whom you believe currently exerts custody or control over the document.

4. For each request for production of samples below, produce every responsive sample in your custody or control.

5. If you are aware of the existence of a sample responsive to a request for production, but such sample is not in your current custody or control, please provide a statement describing such sample in detail, stating the current location of the sample, and providing the name, address, and phone number of any person or entity whom you believe currently exerts custody or control over the sample.

6. All words or phrases shall be construed as either singular, plural, masculine, feminine, or neuter as necessary to bring within the scope of these requests for production of documents any information and documents which might otherwise be construed to be outside their scope.

7. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests for production of documents any information which might otherwise be construed to be outside their scope.

8.      Reference to any specific document, object, tangible thing, or group of persons includes all predecessor and successor documents, objects, tangible things or groups of persons which are substantially similar to the specific document, object, tangible thing, or group of persons identified in any request for production of documents.

9.      The fact that any particular paragraph of this request is more specific than any other paragraph is not intended to, nor does it, have the effect of limiting any other paragraph hereof.

10.     If you object to a particular request, or portion thereof, you must produce all documents or things called for which are not subject to that objection. Similarly, wherever a document or thing is not produced in full, please state with particularity the reason or reasons it is not being produced in full, and describe, to the best of your knowledge, information and belief, and with as much particularity as possible, those portions which are not produced.

## REQUESTS FOR PRODUCTION

**Request No. 1**

All documents relating to business plans relating to the JDA or the Supply Agreement.

**Request No. 2**

All documents relating to your communications with HRD or third parties regarding the JDA or the Supply Agreement.

**Request No. 3**

All documents relating to your communications with H.B. Fuller, National Starch, Findley, and/or Henkel regarding the JDA or the Supply Agreement.

**Request No. 4**

All documents relating to your communications with HRD personnel regarding JDA products or Supply Agreement products.

**Request No. 5**

All documents relating or referring to Dow.

**Request No. 6**

All documents relating to your communications with Dow personnel, including any notes from meetings and conference calls.

**Request No. 7**

Any documents relating to Dow presentations on JDA work.

**Request No. 8**

All documents relating to the testing of JDA products or Supply Agreement products from the Freeport Miniplant or the Sarnia PDP, including the results of all experiments conducted.

**Request No. 9**

Copies of all lab notebooks related to the JDA products or Supply Agreement products.

**Request No. 10**

All inventory and quality control receipts for products shipped from the Sarnia PDP to HRD.

**Request No. 11**

A 50 gram sample of every polymer and/or wax sample received from Dow, including all samples from the Freeport miniplant and the Sarnia PDP.

**Request No. 12**

A 50 gram sample of every JDA-related material and/or Supply Agreement related material sent to Dow or any third parties.

**Request No. 13**

A 50 gram sample of any polymer and/or wax material provided to you by HRD that you understood originated from Dow or related to the JDA or the Supply Agreement, contained such a material or was made using such a material.

**Request No. 14**

All documents relating to communications with Adherent Laboratories regarding PE waxes and JDA-related products.

**Request No. 15**

All documents relating to communications with Abbas and/or Aziz Hassan relating to the JDA products and/or the Supply Agreement products.

**Request No. 16**

All documents discussing the physical properties of JDA-related products and/or the Supply Agreement products.

**Request No. 17**

All documents relating to specification requirements of JDA-related products and/or the Supply Agreement products.

**Request No. 18**

All communications with HRD, Dow, or third parties regarding the specification requirements of JDA-related products and/or Supply Agreement products.

**Request No. 19**

All documents relating to communications with Abbas and/or Aziz Hassan relating to specification properties and desired physical properties of JDA-related products and/or Supply Agreement products.

**Request No. 20**

All documents relating to communications with third parties, including, but not limited to, H.B. Fuller, National Starch, Findley, and/or Henkel, regarding specifications and physical property requirements for JDA-related products and/or Supply Agreement products.

**Request No. 21**

All documents relating to communications with Dow regarding off-spec products.

**Request No. 22**

All documents relating to communications with HRD and Abbas and/or Aziz Hassan regarding off-spec products.

**Request No. 23**

All documents relating to presentations made to third parties or discussions with third parties relating to JDA products and/or Supply Agreement products.

**Request No. 24**

All documents relating to communications with Dow regarding patents, whether of JDA-related or otherwise.

**Request No. 25**

All documents relating to your Agreement with HRD for consulting services, including any and all amendments thereto.

533806