# EXHIBIT  D



**O'DONNELL FEREBEE MEDLEY & KEISER, P.C.**

William C. Ferebee          **ATTORNEYS AT LAW**          (281) 875-8200

August 29, 2006

Mr. Aaron Barlow                                    VIA FAX (312) 840-7312
Jenner & Block LLP
One IBM Plaza
Chicago, IL 60611-7603

     RE:    Dow v. HRD Corporation; *Our File No. M313.00026.*

Dear Mr. Barlow:

    I have received your samples. Thank you.

    As we discussed in Chicago, I am concerned about the current scheduling deadlines. When Lise and I agreed to them, it was with the thought that Dow would have completed its document production in July. That, of course, has not happened.

    My client would like to stay with the current agreed schedule and is anxious to begin taking depositions. But as we all know, that can't happen until document production has been completed. Since Lise and I agreed to the scheduling order, I have been set for trial in four cases in January and February. If we don't get started with fact witness depositions immediately, the deadlines in the scheduling order are rapidly becoming impossible.

    Please let me know when Dow will complete its document production. If it is not going to happen in the next two weeks, I think we need to amend the scheduling order.

            Very Truly Yours,

            O'DONNELL, FEREBEE, MEDLEY & KEISER, P.C.

            WILLIAM C. FEREBEE

cc:    CLIENT, *via fax*

WCF/cm

450 Gears - Eighth Floor■Houston, Texas 77067-4512■Fax (281) 875-4962■Email: wferebee@ofmklaw.com

08/29/2006 17:07 FAX                                                    ☑001

```
                    ********************
                    ***   TX REPORT   ***
                    ********************

    TRANSMISSION OK

    TX/RX NO            1148
    RECIPIENT ADDRESS   13128407312
    DESTINATION ID
    ST. TIME            08/29 17:06
    TIME USE            00'54
    PAGES SENT          2
    RESULT              OK
```

# O'Donnell, Ferebee, Medley & Keiser, P.C.

ATTORNEYS AND COUNSELORS AT LAW
450 GEARS - EIGHTH FLOOR
HOUSTON, TEXAS 77067-4584
www.ofmklaw.com

Telephone: (281) 875-8200          Telecopier: (281) 875-4962

## TELEFAX TRANSMISSION SHEET

**DATE:**    **August 29, 2006**

**TO:**    **AARON BARLOW**

**FROM:**    **WILLIAM C. FEREBEE**

**FAX #: (312) 840-7312    PHONE #: (312) 923-2912**

**RE: Dow v. HRD Corporation**

**OUR FILE #:    M313.00026**

**NUMBER OF PAGES, INCLUDING THIS PAGE:    __2__**

### CONFIDENTIALITY NOTICE

The information contained in this facsimile message is legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this telecopy is strictly prohibited. If you have received this telecopy in error, please immediately notify us by telephone and return the original message to us at the address above, via the United States Postal Service. We will gladly reimburse any expenses attendant to the return of the original message.

MESSAGE:

# EXHIBIT  E

## William C. Ferebee

**From:** William C. Ferebee
**Sent:** Tuesday, October 31, 2006 6:32 AM
**To:** 'Nimrod, Raymond N'
**Subject:** Marcus v Dow

*William C. Ferebee*
O'Donnell, Ferebee, Medley & Keiser, P.C.
450 Gears Road, Suite 800
Houston, TX 77067
(281) 875-8200
(281) 875-4962 facsimile
wferebee@ofmklaw.com



O'DONNELL
FEREBEE
MEDLEY &
KEISER, P.C.

William C. Ferebee            **ATTORNEYS AT LAW**            (281) 875-8200

October 31, 2006

Mr. Ray Nimrod
Jenner & Block LLP
One IBM Plaza
Chicago, IL 60611-7603

   RE: Dow v. HRD Corporation; *Our File No. M313.00026.*

Dear Mr. Nimrod:

  Since settlement discussions have reached an impasse, we need to proceed immediately with discovery. I cannot begin depositions until you have produced documents.

  We must get discovery moving. I don't want to file a Motion to Compel Production, but I don't have any choice unless you can give me a date certain by which you will produce all of the requested documents.

  Please provide me with that date.

       Very Truly Yours,

       O'DONNELL, FEREBEE, MEDLEY & KEISER, P.C.

       WILLIAM C. FEREBEE

cc: CLIENT

WCF/cm

# EXHIBIT  F

## William C. Ferebee

| | |
|---|---|
| **From:** | Barlow, Aaron A [ABarlow@jenner.com] |
| **Sent:** | Wednesday, November 01, 2006 10:47 AM |
| **To:** | William C. Ferebee |
| **Cc:** | Nimrod, Raymond N |

**Subject:** HRD discovery

Dear Bill,

I'm writing in response to your letter to Ray Nimrod dated yesterday.

First, with respect to a date certain for producing documents, as agreed, discovery is stayed until November 7. Consequently, we expect to begin producing documents on that date. As you requested in your November 1 letter, we will have completed our production by November 30.

In your letter you ask for a date certain by when Dow will produce all the "requested documents." As you know, we believe your document requests are overbroad and seek totally irrelevant information. We are attempting to work out these issues based on what is relevant to the issues in this case, as reflected in part in your July 31, 2006 email to me; however, consistent with our objections, we will not be producing all "requested documents" and I assume you did not intend that. In fact, I understood that, as a result of our July 31 meeting, you were going to determine whether HRD would withdraw or limit some of the document requests we objected to.

There are also a number of outstanding discovery issues related to HRD's production. We discussed many of these in our July 31 meeting. These include the pleadings from the lawsuits arising from the Marcus plant explosion, the documents responsive to Dow's subpoena to Greg Borsinger, HRD corporate minutes, HRD financial statements, any hard copies of documents mentioning Dow. We also discussed, at our July 31 meeting, Dow's request that HRD amend its response to our Interrogatory No. 3 by specifying the trade secrets allegedly misappropriated by Dow.

We also request an explanation of why the Hassan's email, which is with AOL, is no longer in existence. The fire did not destroy AOL's central servers. These emails should still exist.

We assume you will be following the same schedule we are, i.e., that you will begin producing the requested material by November 7 and will have completed it by November 30. If HRD is not willing to do that, we will of course need to file our own motion to compel.

Very truly yours,

---

**Aaron A. Barlow**
Jenner & Block LLP
330 N. Wabash Avenue
Chicago, IL 60611-7603
Tel (312) 923-8308
Fax (312) 923-8408
ABarlow@jenner.com
www.jenner.com

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender

12/13/2006

# EXHIBIT  G

## William C. Ferebee

**From:**         Barlow, Aaron A [ABarlow@jenner.com]
**Sent:**         Wednesday, November 08, 2006 7:27 PM
**To:**           William C. Ferebee
**Cc:**           Nimrod, Raymond N
**Subject:**      Document production

Bill,

I have not sent out the next round of our document production, because I need your written
confirmation that you will treat documents marked Highly Confidential as outside
attorneys' eyes only until our dispute on amending the protective order is resolved.  If
you send it today or tomorrow before 4, I will be able to get a shipment of documents sent
out tomorrow for delivery Friday.

Aaron


Aaron Barlow
------------------------------------------------------------


Aaron A. Barlow
Jenner & Block LLP
330 N. Wabash Avenue
Chicago, IL 60611-7603
Tel (312) 923-8308
Fax (312) 923-8408
ABarlow@jenner.com
www.jenner.com

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and
is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of
this communication is prohibited. If you believe that you have received this email in
error, please notify the sender immediately and delete it from your system.

------------------------------------------------------------

# EXHIBIT  H

## William C. Ferebee

**From:**    Barlow, Aaron A [ABarlow@jenner.com]
**Sent:**    Monday, November 27, 2006 11:32 AM
**To:**    William C. Ferebee
**Cc:**    Nimrod, Raymond N
**Subject:** Proposed stipulation re highly confidential documents

Bill,

As we discussed last week, enclosed is a proposed stipulation for governing highly confidential documents until our dispute over expert designations is resolved.  If this is acceptable, please sign it and fax it back.

Aaron

**Aaron A. Barlow**
Jenner & Block LLP
330 N. Wabash Avenue
Chicago, IL 60611-7603
Tel (312) 923-8308
Fax (312) 923-8408
ABarlow@jenner.com
www.jenner.com

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DOW CHEMICAL CANADA INC. on its own behalf and as assignee of THE DOW CHEMICAL COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>HRD CORPORATION (d/b/a Marcus Oil & Chemical)<br><br>    Defendant, Counterclaim Plaintiff,<br><br>    v.<br><br>DOW CHEMICAL CANADA INC., on its own behalf and as assignee of THE DOW CHEMICAL COMPANY, and THE DOW CHEMICAL COMPANY,<br><br>    Counterclaim Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 05-023 (JJF) |

## STIPULATION FOR TEMPORARY PROCEDURE FOR
## HIGHLY CONFIDENTIAL INFORMATION

WHEREAS the plaintiffs (collectively "Dow") do not want certain sensitive confidential information shared with the long-time consultant of defendant HRD Corporation ("HRD"), Greg Borsinger, who is expected to continue to consult with HRD after the conclusion of this lawsuit, or with other unidentified experts without any notice to Dow who may consult with competitors of Dow; and

WHEREAS HRD wants to be allowed to show this confidential information to Greg Borsinger and to other experts without restriction for purposes of assisting HRD's counsel in the litigation;

IT IS STIPULATED that, until the above dispute is resolved by agreement or Court order, counsel for HRD will treat all information marked Highly Confidential by Dow as follows:

1.     Highly Confidential discovery material or information derived therefrom may be disclosed or made available only to the following persons:

      (a)     outside counsel to the undersigned parties, and the clerical, paralegal and secretarial and other staff employed by such counsel including outside vendors involved in the production, reproduction, organization, filing, coding, cataloging, converting, storing, retrieving and review of discovery material;

      (b)     the Court and its support personnel.

2.     Any filings with the Court containing Highly Confidential discovery material shall be filed under seal in accordance with the Court's electronic filing system (the "CM/ECF System") or such other procedures adopted by the Court.  This paragraph shall not prevent a second copy of any such pleading or other documents specifically intended for review by the Court from being hand-delivered to chambers to assure prompt attention thereto, as long as reasonable safeguards are observed to maintain the confidentiality of the documents.

3.     The Parties will continue to operate under the Protective Order entered on January 19, 2006, except that HRD will only disclose Highly Confidential discovery material as agreed in this Stipulation.

AGREED AND STIPULATED

---

Aaron A. Barlow
JENNER & BLOCK LLP
One IBM Plaza

---

William C. Ferebee
O'DONNELL FEREBEE MEDLEY &
KEISER, PC

2

Chicago, IL 60611
(312) 923-2951 (telephone)
(312) 840-7351 (facsimile)

*Attorney for Dow Chemical Canada Inc. and*
*The Dow Chemical Company*

450 Gears, Eighth Floor
Houston, TX 77067-4512
(281) 875-8200 (telephone)
(281) 875-4962 (facsimile)

*Attorney for Defendant HRD Corporation*
*d/b/a Marcus Oil & Chemical, Inc.*

## William C. Ferebee

**From:**    William C. Ferebee
**Sent:**    Tuesday, November 28, 2006 1:18 PM
**To:**    'Barlow, Aaron A'
**Subject:** RE: Proposed stipulation re highly confidential documents

I have signed the agreement and faxed it to you.  We need to have a conference call and get the scheduling order redone quickly.

*William C. Ferebee*
O'Donnell, Ferebee, Medley & Keiser, P.C.
450 Gears Road, Suite 800
Houston, TX  77067
(281) 875-8200
(281) 875-4962 facsimile
wferebee@ofmklaw.com

---

**From:** Barlow, Aaron A [mailto:ABarlow@jenner.com]
**Sent:** Monday, November 27, 2006 11:32 AM
**To:** William C. Ferebee
**Cc:** Nimrod, Raymond N
**Subject:** Proposed stipulation re highly confidential documents

Bill,

As we discussed last week, enclosed is a proposed stipulation for governing highly confidential documents until our dispute over expert designations is resolved.  If this is acceptable, please sign it and fax it back.

Aaron

---

**Aaron A. Barlow**
Jenner & Block LLP
330 N. Wabash Avenue
Chicago, IL 60611-7603
Tel (312) 923-8308
Fax (312) 923-8408
ABarlow@jenner.com
www.jenner.com

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

---

12/13/2006

# EXHIBIT I

## William C. Ferebee

**From:** Barlow, Aaron A [ABarlow@jenner.com]
**Sent:** Thursday, November 30, 2006 4:53 PM
**To:** William C. Ferebee
**Subject:** New Stipulation

Bill,

Here is a new stipulation.  Please let me know if you have any comments.  If not, please sign and return so we can send documents to you.

Aaron

**Aaron A. Barlow**
Jenner & Block LLP
330 N. Wabash Avenue
Chicago, IL 60611-7603
Tel (312) 923-8308
Fax (312) 923-8408
ABarlow@jenner.com
www.jenner.com

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| DOW CHEMICAL CANADA INC. on its own behalf and as assignee of THE DOW CHEMICAL COMPANY, | ) ) ) ) |  |
| Plaintiff, | ) ) ) |  |
| v. | ) ) |  |
| HRD CORPORATION (d/b/a Marcus Oil & Chemical) | ) ) ) | Case No. 05-023 (JJF) |
| Defendant, Counterclaim Plaintiff, | ) ) |  |
| v. | ) ) |  |
| DOW CHEMICAL CANADA INC., on its own behalf and as assignee of THE DOW CHEMICAL COMPANY, and THE DOW CHEMICAL COMPANY, | ) ) ) ) ) |  |
| Counterclaim Defendants. | ) ) ) |  |

**STIPULATION FOR TEMPORARY PROCEDURE FOR**
**CONFIDENTIAL AND HIGHLY CONFIDENTIAL INFORMATION**

WHEREAS the plaintiffs (collectively "Dow") do not want certain sensitive confidential information shared with the long-time consultant of defendant HRD Corporation ("HRD"), Greg Borsinger, who is expected to continue to consult with HRD after the conclusion of this lawsuit;

WHEREAS HRD wants to be allowed to show this confidential information to Greg Borsinger for purposes of assisting HRD's counsel in the litigation; and

WHEREAS Dow requests information and assurances regarding the intentions of HRD and its principals with respect to exporting technology related to metallocene waxes and/or two-pack materials into Iran;

IT IS STIPULATED that, until the above two issues are resolved by agreement or Court order, counsel for HRD will treat all information marked Confidential or Highly Confidential by Dow as follows:

      1.    Confidential or Highly Confidential discovery material or information derived therefrom may be disclosed or made available only to the following persons:

      (a)    outside counsel to the undersigned parties, and the clerical, paralegal and secretarial and other staff employed by such counsel including outside vendors involved in the production, reproduction, organization, filing, coding, cataloging, converting, storing, retrieving and review of discovery material;

      (b)    the Court and its support personnel.

      2.    Any filings with the Court containing Confidential or Highly Confidential discovery material shall be filed under seal in accordance with the Court's electronic filing system (the "CM/ECF System") or such other procedures adopted by the Court. This paragraph shall not prevent a second copy of any such pleading or other documents specifically intended for review by the Court from being hand-delivered to chambers to assure prompt attention thereto, as long as reasonable safeguards are observed to maintain the confidentiality of the documents.

AGREED AND STIPULATED


_____

Aaron A. Barlow
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL 60611
(312) 923-2951 (telephone)
(312) 840-7351 (facsimile)

_____

William C. Ferebee
O'DONNELL FEREBEE MEDLEY &
KEISER, PC
450 Gears, Eighth Floor
Houston, TX 77067-4512
(281) 875-8200 (telephone)
(281) 875-4962 (facsimile)

*Attorney for Dow Chemical Canada Inc. and*
*The Dow Chemical Company*

*Attorney for Defendant HRD Corporation*
*d/b/a Marcus Oil & Chemical, Inc.*

# EXHIBIT J

12/08/2006 19:48 IFAX                                    → Reception        ☑001/003
   DEC-08-2006  18:44      JENNER BLOCK LLP                                P.01/03

# FAX TRANSMITTAL        # JENNER&BLOCK

Jenner & Block LLP          Chicago
330 N. Wabash Avenue        Dallas
Chicago, IL 60611           New York
Tel 312 222-9350            Washington, DC
www.jenner.com

| | | | |
|---|---|---|---|
| Date: | December 8, 2006 | | |
| To: | William C. Ferebee<br>O.Donnell, Ferebee, Medley & Keiser,<br>P.C. | Fax:<br>Voice: | 281-875-4962<br>281-875-8200 |
| From: | Aaron A. Barlow<br>abarlow@jenner.com | Fax:<br>Voice: | 312 923-8408<br>312 923-8308 |
| Employee Number: | 027981 | Client Number: | 37571-11117 |

**Important:**  This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is attorney work product, privileged, confidential, and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via postal service. Thank you.

**Message:**

Total number of pages including this cover sheet: 3        Time Sent: 6:11 p.m.

If you do not receive all pages, please call: 312 222-9350        Sent By: Pat Sotiropoulos

Secretary: Pat Sotiropoulos        Extension: 6788

# JENNER&BLOCK

December 8, 2006

Jenner & Block LLP        Chicago
One IBM Plaza             Dallas
Chicago, IL 60611-7603    New York
Tel 312 222-9350          Washington, DC
www.jenner.com

**VIA FACSIMILE**

William C. Ferebee
O'Donnell, Ferebee, Medley & Keiser, P.C.
450 Gears Road, Suite 800
Houston, TX 77067

Aaron A. Barlow
Tel 312 923-8308
Fax 312 923-8408
abarlow@jenner.com

Re:   **Dow Chemical Canada Inc. and The Dow Chemical Company (collectively "Dow")
v. HRD Corporation ("HRD"), Case No. 05-023 (JJF)**

Dear Bill:

This letter is a follow-up to our meet and confer discussion yesterday regarding Dow's request that HRD and the Hassan brothers provide information so Dow can conduct the due diligence necessary to assure itself that HRD and the Hassan brothers will not be exporting wax technology to Iran, either directly or indirectly. While you stated that HRD has no documents at all to give Dow in the five categories of documents we identified, it appears that you had not conducted an adequate investigation into what exists. For example, you did not even know the nature of Marcus Oil & Chemical (Iran)'s current business.

As I specified in my December 6, 2006 email to you, we are asking for a few specific categories of information:

1.   Documents showing the relationship between Marcus Oil & Chemical (Iran) and HRD.

2.   Documents showing the nature of the business of Marcus Oil & Chemical (Iran).

3.   Documents showing the nature of the business of HRD's Indian affiliate.

4.   Documents showing HRD's plans for commercializing the metallocene waxes and two-pack products.

5.   Documents showing the citizenship of the Hassan brothers and whether they have dual citizenship.

During our discussion, you claimed there were no documents you could give us. However, this simply does not make sense. There must be some documents reflecting the information in each of the above categories. There must be corporate documents indicating the relationship between Marcus Oil & Chemical in the U.S. (Marcus US) and Marcus Oil & Chemical in Iran (Marcus Iran). These companies must file tax returns, comply with environmental regulations, and have records of

1481541

William C. Ferebee
December 8, 2006
Page 2

**JENNER&BLOCK**

employees, bank accounts, etc. Moreover, Iran has corporate laws just like most countries, and there simply must be documents showing the relationship between Marcus Iran and Marcus US.

There also must be emails or other communications between employees of Marcus Iran and those of Marcus US or Marcus Oil & Chemical in India. And these may reflect the respective business of each company or the relationship between the different Marcus entities. Marcus Iran has an address in Tehran. Marcus Iran's offices must have some documents besides the articles of incorporation. These documents would likely reflect the nature of Marcus Iran's business. Marcus India also must have documents showing the nature of its business.

Furthermore, the Hassans must have at least sent emails to each other, to Greg Borsinger, or to others discussing plans for using the metallocene and solutions process technology HRD insisted on obtaining in HRD's most recent settlement demand. The Hassans also must have some idea of what they plan to do with that technology. If not, it makes no sense that they were so insistent that Dow provide this technology to HRD.

And the Hassan brothers assuredly must have documents showing their citizenship.

Documents of the type described above may be sufficient to assure Dow that any information provided to HRD or the Hassan brothers will not be exported or re-exported, either directly or indirectly, in violation of U.S. export-control and economic sanctions laws. Dow must have the information necessary to satisfy its compliance obligations under the export-control and economic sanctions laws.

It does not appear that you have conducted a proper investigation into what documents exist regarding the five categories we have listed above. Please reconsider your position and your refusal to provide us anything in response to our requests to help Dow comply with export-control law and economic sanctions laws.

Very truly yours,

Aaron A. Barlow

AAB:pts

1481541

# EXHIBIT K

# JENNER&BLOCK

December 12, 2006

Jenner & Block LLP          Chicago
One IBM Plaza               Dallas
Chicago, IL 60611-7603      New York
Tel 312 222-9350            Washington, DC
www.jenner.com

**VIA FACSIMILE**

William C. Ferebee
O'Donnell, Ferebee, Medley & Keiser, P.C.
450 Gears Road, Suite 800
Houston, TX 77067

Aaron A. Barlow
Tel  312 923-8308
Fax  312 923-8408
abarlow@jenner.com

**Re:   Dow Chemical Canada Inc. and The Dow Chemical Company (collectively "Dow")
        v. HRD Corporation ("HRD"), Case No. 05-023 (JJF)**

Dear Bill:

In looking again at the Iranian export issue, we have identified additional types of documents that would fall within the five categories of documents we originally requested in my email of December 6, 2006. We thought we should send this list to you to make sure you consider these sources of documents, as well as the ones previously identified, in the hopes of resolving this issue without involving the Court. These types of documents are as follows:

1.    All past and present agreements with National Petrochemical Company ("NPC") entered into by HRD or any of its related companies (e.g., Marcus Oil & Chemical ("Marcus Oil US"), Marcus Oil & Chemical (Iran), Markus Oil & Gas Chemical - Iran or Marcus Oil India Ltd. ("Marcus Oil India")), by either or both of the Hassans, or by any other individual associated with these companies, such as employees or consultants.

2.    All communications between Marcus Oil India and persons or entities in Iran.

3.    All records of sales in Iran by Marcus Oil Iran, Marcus Oil India, Marcus Oil US or HRD.

4.    All communications between NPC and Marcus Oil US, HRD and/or the Hassans.

5.    All correspondence between the Office of Foreign Asset Control ("OFAC") Marcus Oil US, HRD and/or the Hassans.

6.    All communications with NPC regarding the change in ownership of the U.S. patent applications related to methane conversion technology.

In addition to the above documents, we request immediate depositions of the following persons to fill any gaps in the written record. The subject of these depositions will be limited to the issues of HRD's Iranian connections (direct and indirect), the nature of the business of Marcus Oil & Chemical (Iran) and/or Markus Oil & Gas Chemical - Iran, and HRD's and the Hassans' plans for using the metallocene wax and two-pack technology. These will be for purposes of resolving the Iran issue only and will not count against the ten depositions Dow is entitled to under the Court's

William C. Ferebee                                    **JENNER&BLOCK**
December 12, 2006
Page 2

scheduling order.  We will also need further depositions of most of these witnesses (but probably not
Bagherzadeh) after HRD completes its document production.  The requested deponents are:

1.   Abbas Hassan

2.   Aziz Hassan

3.   Ebrahim Bagherzadeh

4.   Greg Borsinger

Please let us know immediately if you will provide these documents and depositions.  If so, we may
be able to resolve our dispute over document production.

Very truly yours,

Aaron A. Barlow

AAB:pts

1482482

# EXHIBIT L

**JENNER&BLOCK**

December 13, 2006

Jenner & Block LLP    Chicago
One IBM Plaza    Dallas
Chicago, IL 60611-7603    New York
Tel 312 222-9350    Washington, DC
www.jenner.com

**VIA FACSIMILE**

William C. Ferebee
O'Donnell, Ferebee, Medley & Keiser, P.C.
450 Gears Road, Suite 800
Houston, TX 77067

Aaron A. Barlow
Tel  312 923-8308
Fax  312 923-8408
abarlow@jenner.com

Re:   **Dow Chemical Canada Inc. and The Dow Chemical Company (collectively "Dow")**
      **v. HRD Corporation ("HRD"), Case No. 05-023 (JJF)**

Dear Bill:

This letter is in response to your letter of today responding to my letter of December 8, 2006. I have not received any response to my letter of December 12, which was on a similar subject.

In your letter, you state that I "claim [I] have reliable information that [your] clients are going to illegally export wax technology to Iran." That is an obvious mischaracterization of our discussions and my letters to you. I have repeatedly stated that as part of Dow's obligations to comply with the Iranian Transaction Regulations, enforced by the Office of Foreign Assets Control ("OFAC"). and the Export Administration Regulations, enforced by the Bureau of Industry and Security ("BIS"), Dow needs to make further inquiry if Dow suspects Marcus may export technology, either directly or indirectly, to Iran. Guidance from OFAC and BIS make clear that Dow must investigate or be at risk that OFAC and BIS will determine that Dow had reason to know the technology would be exported to Iran. I have also repeatedly told you the sources of that suspicion, including: the Hassans' insistence on obtaining Dow's solution process technology, the existence of Marcus Oil Iran, your acknowledgement that your client believes Marcus Oil India is free to transact with Iran, the inability of Marcus Oil US to make metallocene wax products and the Hassans' pattern of refusing to provide documentation in response to our inquiries. Your letter of today is just another example of that pattern.

You also state you have asked for the source of our information on Iran, and I have "refused to give it to [you]." That statement is utterly false. We have had several discussions where I have told you the basis for Dow's obligations to inquire, as I have just done above. However, to prevent you from burying your head in the sand any longer, I am enclosing several documents, all of which your client has, that raise the kinds of concerns I have told you about.

Your specific responses to our requests for information are obviously evasive and simply raise more red flags. You state there is no relation between Marcus Oil Iran and HRD. That is patently false and inconsistent with what you yourself told me last week. You stated that the Hassan brothers set up Marcus Oil Iran so they would have an office there to help with the methane conversion evaluation. Marcus Oil Iran letterhead (attached) indicates that this company is also involved in wax. If Marcus Oil Iran has any kind of relationship at all with Marcus Oil India, then Marcus Oil Iran has a relationship with HRD and the Hassans. We need to know what that relationship is.

1483125

William C. Ferebee
December 13, 2006
Page 2

**JENNER&BLOCK**

Relevant documents would obviously include documents showing the identities of the owners and corporate officers of Marcus Oil Iran and Marcus Oil India.

You also refuse to give any documents on the business of Marcus Oil India on the grounds that "there are not any U.S. restrictions on dealing with India...." It is illegal for the Hassan brothers to provide any goods, services, or technology to an Indian company if they have reason to know the Indian company will transfer those goods, services, or technology to Iran. It is also illegal for Dow to provide the Hassans technology if Dow has reason to know the technology or goods made from that technology will wind up in Iran, even through intermediaries. You must provide the requested information on Marcus Oil India.

There must be documents, such as emails, showing discussions between the Hassans, Borsinger, anyone associated with Marcus Oil India and/or anyone associated with Marcus Oil Iran on *either* metallocene waxes *or* two-pack. There also must be emails and other documents discussing transactions between Marcus Oil Iran and NPC or between Marcus Oil India and NPC, including transactions relating to the assignment or licensing of the MTO technology to Marcus Oil India. We have repeatedly asked for those.

On citizenship, the full citizenship of the Hassans is one of the factors that Dow needs to consider in evaluating the risk of whether OFAC or BIS would say Dow has "reason to know." The fact that you won't answer this simple question simply raises more concerns.

We need to have a meet and confer to discuss our requests for this information, as well as the information in my letter of December 12, which I assume you will also refuse to produce. Given where we are on these issues, we need to talk today. What time are you available?

Very truly yours,

Aaron A. Barlow

AAB:pts

1483125