UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DOW CHEMICAL CANADA INC. on its own behalf and as assignee of THE DOW CHEMICAL COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>HRD CORPORATION (d/b/a Marcus Oil & Chemical)<br><br>Defendant, Counterclaim Plaintiff,<br><br>v.<br><br>DOW CHEMICAL CANADA INC., on its own behalf and as assignee of THE DOW CHEMICAL COMPANY, and THE DOW CHEMICAL COMPANY,<br><br>Counterclaim Defendants. | Case No. 05-023 (JJF) |

**[PROPOSED] ORDER GRANTING DOW'S MOTION
FOR A PROTECTIVE ORDER REGARDING HRD'S EXPORTING TO IRAN**

WHEREAS, the Court has considered the entire record in support of Plaintiff The Dow Chemical Company's ("Dow") Motion For A Protective Order Regarding HRD's Exporting To Iran, IT IS HEREBY ORDERED THAT:

Counsel for HRD Corporation (d/b/a Marcus Oil & Chemical) ("HRD") will treat all information marked Confidential or Highly Confidential by Dow as follows:

1.  Dow's Confidential or Highly Confidential discovery material or information derived therefrom may be disclosed or made available only to the following persons:

    (a)    outside counsel to the undersigned parties who also sign a confidentiality non-disclosure agreement as further described in paragraph 7 of the Stipulation and Order Governing Discovery Materials entered on January 19, 2006 ("January 2006 Protective Order"), and the clerical, paralegal and secretarial and other staff employed by such counsel including outside vendors involved in the production, reproduction, organization, filing, coding, cataloging, converting, storing, retrieving and review of discovery material;

    (b)    independent experts or consultants of HRD who are approved as further described in paragraph 2 below, and who also sign a confidentiality non-disclosure agreement as further described in paragraph 7 of the January 2006 Protective Order, and the clerical, and/or secretarial and other staff employed by such expert(s) or consultant(s); such independent expert or consultant shall not be a current or former employee of a party, nor a current or former non-litigation consultant to a party in the area of hot melt adhesives and must be retained solely for the purpose of advising and assisting counsel in this litigation and/or give expert testimony before he or she is approved.

2.    Dow's Confidential or Highly Confidential discovery material or information may be made available to HRD's independent experts or consultants only after following the procedure set forth in this paragraph. HRD first must provide the following information and materials to Dow:

- the identity of the independent expert or consultant, by name and brief description, including education, present and past employment, and general areas of expertise;

- all other present and all prior relationships of the independent expert or consultant with the parties;

2

- a signed confidentiality non-disclosure agreement described in paragraph 7 of the January 2006 Protective Order;
- a CV and a list of consulting activities in the past 4 years, including a description of all companies for whom the person has consulted.

Within ten (10) business days after receipt of this information, Dow may object to HRD's disclosure of Confidential or Highly Confidential discovery material or information to any of HRD's independent experts or consultants by serving written objections. Service of the objections shall be by email, personal delivery, facsimile or by certified or registered mail, return/receipt requested, and received within ten business days after the date of Dow's receipt of the above-identified information for such independent expert or consultant. If no objections are served, the independent expert or consultant becomes approved only after the tenth day of Dow's receipt of the information for such independent expert or consultant. If the parties cannot agree on proper disclosure of Confidential or Highly Confidential discovery material or information to the proposed independent expert or consultant, Dow shall file and serve a motion for an Order forbidding disclosure to the proposed independent expert or consultant. On any such motion, Dow shall have the burden of proof. No Confidential or Highly Confidential discovery material or information shall be disclosed to that independent expert or consultant until the validity of the objection has been resolved, either by negotiation or by the Court.

3. Any filings with the Court containing Confidential or Highly Confidential discovery material shall be filed under seal in accordance with the Court's electronic filing system (the "CM/ECF System") or such other procedures adopted by the Court. This paragraph shall not prevent a second copy of any such pleading or other documents specifically intended for review by the Court from being hand-delivered to chambers to

3

assure prompt attention thereto, as long as reasonable safeguards are observed to maintain the confidentiality of the documents.

4.    With respect to all other discovery material matters, the Parties will continue to operate under the January 2006 Protective Order, except that HRD will treat Dow's Confidential or Highly Confidential discovery material and/or information as set forth herein.

DATED: _____        _____
                                                        United States District Court Judge