JUL 17 2003 4:17PM   HP LASERJET 3200                                    PAGE  02
                                                                        p. 2

 *Marcus Oil & Chemical*

Division of HRD Corporation

July 10, 2003

Mr. R. Richard Newcomb
Director
Office of Foreign Assets Control
U.S. Department of the Treasury
Annex, Second Floor
15ᵗʰ Street and Pennsylvania Avenue, N.W.
Washington, D.C. 20220

Re:    Request for Interpretation of Iranian Transactions Regulations
       and Specific License Application Regarding Importation and
       <u>Dealing in Iranian-Origin Technology</u>

Dear Mr. Newcomb:

I am writing on behalf of Marcus Oils & Chemical to request an interpretation of the Iranian Transactions Regulations, 31 C.F.R. Part 560 ("ITR"), regarding the importation and dealing in certain Iranian-origin technology. The technology relates to the conversion of methane into ethylene and is of enormous potential value to the plastics industry in the United States. The technology was originally developed by the National Petroleum Corporation of Iran, Research and Technology Unit ("NPC") and is the subject of a patent application filed in Canada. US companies including Dow Chemical Company and UOP, as well as Marcus Oil itself, are interested in evaluating the technology.

To the extent a specific license may be required to import and/or deal in this Iranian-origin technology, please consider this request as an application for a specific license. If such a license is needed, it is only necessary at this time for the scope of the license to encompass evaluation of the technology. If the technology proves to be viable, a further license application will be submitted, if necessary, relating to the commercial licensing and development of the technology.

<u>Marcus Oil & Chemical – Wax Technology</u>

Marcus Oil & Chemical, a division of HRD Corporation, is located at 14549 Minetta, Houston, Texas, 77035 ("Marcus Oil"). HRD is a privately held corporation owned by two brothers, Abbas Hassan and Aziz Hassan, who are both US citizens.

Marcus Oil & Chemical has been operating since 1987 as a leading producer of specialty waxes, in particular linear, low molecular weight polyethylene ("PE") waxes with high melt points. PE wax is a low molecular weight polyethylene polymer that, because of its low molecular weight, has wax-like physical characteristics. Marcus Oil's Houston production facility was retrofitted from a new existing plant and has an annual PE wax production capacity in excess of 250 million

**Manufacturers of Polyethylene Waxes**
*14549 Minetta, Houston, TX 77035 USA   P.O. Drawer 450267, Houston, TX 77245 USA*
*713.721.9131   800.MARCUS 1   Fax 713.726.9885   E-mail marcusoil@aol.com   www.marcusoil.com*

JUL 17 2003 4:17PM    HP LASERJET 3200

P.3

pounds/year. Marcus Oil has a global customer base and sells products in more than 100 countries. Sales are both direct and through an extensive network of distributors and agents.

The Polyolefins and Elastomers Business Group of Dow Chemical Company recently announced that it had entered into an agreement to supply PE waxes to Marcus Oil and to develop a portfolio of PE waxes for Marcus. Marcus Oil will market and sell 100% of the PE wax produced by Dow under the agreement.

Additional information on Marcus Oil and its wax technology can be found on the company's website at www.marcusoil.com.

<u>Iranian-Origin Technology</u>

HRD Corporation (owned by the Hassan brothers), which owns Marcus Oil, has made an investment in an Indian company named Marcus Oil India Ltd. ("Marcus Oil India"), which like Marcus Oil in the United States is also engaged in the production and sale of specialty waxes. Marcus Oil India was established and is operated by Indian citizens and is incorporated under Indian law. The investment by HRD Corporation does not give HRD Corporation any rights to control Marcus Oil India. Other than this investment, Marcus Oil India is not affiliated with Marcus Oil in the United States. Marcus Oil India would not be considered a "United States person" as defined at ITR § 560.314.

In the course of dealing with various companies that Marcus Oil India also deals with, Mr. Abbas Hassan, Chairman and CEO of Marcus Oil in the United States, learned of a new technology that NPC had developed involving the conversion of methane directly into ethylene and for which NPC had recently filed for a patent in Canada on April 29, 2003 with the Canadian Intellectual Property Office titled "Preparation of Catalyst and Use for High Yield Conversion of Methane to Ethylene."

Realizing the potential impact of such technology on the global plastics markets, Mr. Hassan traveled to Tehran, and met with representatives of NPC to investigate the technology.[1] Upon observing the technology, Mr. Hassan returned to the US and shared his observations with several companies involved in the plastics industry including Dow. The consensus was that this technology has the potential to significantly alter the economics of making such plastics as polyethylene, PVC, styrene and other ethylene derived plastics. Conversely, should plastics companies outside the United States gain access to and implement this technology while the US plastics industry remains with the current technology, the economics of the industry would drastically change, which would have a dramatic destabilizing effect on the majority of US plastic producers. The technology has the potential to significantly reduce the capital and operating cost of producing ethylene that is the building block for most plastics in use today.

Mr. Hassan returned to Tehran for a follow up meeting with NPC and was informed that NPC was investigating sale of this technology to several non-US based companies including Shell Oil. Mr. Hassan subsequently assisted in arranging an agreement between Marcus Oil India and NPC

---

[1] Travel transactions involving Iran by US persons are exempted from the Iranian Transactions Regulations under ITR § 560.210(d).

JUL 17 2009 4:13PM    HP LASERJET 3200    RICHARD SAVAGE    PAGE 04
p. 4

that would allow a fixed period of time (weeks not months) for Marcus Oil India to evaluate the technology and resolve any issues that may prevent US companies from benefiting from this technology. The agreement does not provide for any payments to NPC.[2]

At present, however, it is not known whether the technology is viable and, if so, what its full potential might be. Marcus Oil is seeking at this time only to evaluate the catalyst technology. Other US companies including Dow and UOP have expressed interest in evaluating the technology as well. If it appears from this evaluation that the technology is as valuable as it seems, Marcus Oil will seek further advice from OFAC regarding permissible licensing arrangements. It is not necessary at this time to address issues related to licensing the technology and any benefit that NPC may receive as a consequence.[3] All that is at issue now is the importation of the technology into the United States for the purpose of evaluation.

Regulatory Interpretation

It appears that imports of Iranian-origin technology into the United States, unlike imports of Iranian-origin goods or services, are not prohibited by the Iranian Transactions Regulations. We seek your confirmation of this interpretation of the regulations.

ITR § 560.201 prohibits the importation into the United States of goods or services of Iranian origin or owned or controlled by the Government of Iran, other than information informational materials exempted under the Berman Amendment at Section 203(b) of the International Emergency Economic Powers Act, 50 U.S.C. 1702(b)(3).[4] Implementing the statute, ITR § 560.210 exempts from the sanctions the importation and exportation of information and informational materials as defined in ITR § 560.315 "whether commercial or otherwise, regardless of format or medium of transmission." The definition of information and informational materials at ITR § 560.315 includes publications, films posters, etc., but does not include items controlled under the Export Administration Act.

By its terms, this prohibition on imports applies to "goods or services." By contrast, the prohibitions on exports and reexports at ITR §§ 560.204 and 560.205 apply to goods, *technology, or services*" (emphasis added), implying that technology is not covered by the import prohibition.[5] Furthermore, information contained in a patent application would, as such, be

---

[2] ITR § 560.208 prohibits US persons from approving or facilitating any transaction by a foreign person where the transaction by that foreign person would be prohibited if performed by a US person or within the US. However, if importing Iranian technology to the United States would not be prohibited (see discussion below), facilitating the import of Iranian technology to India would not be prohibited either.

[3] Depending on how the situation is viewed, a license between Marcus Oil and NPC, or between Marcus Oil and Marcus India which would in turn receive certain license rights from NPC, could be interpreted as the exportation of a service to or for the benefit of Iran or the Government of Iran, which would be prohibited by ITR § 560.204. On the other hand, if the technology covered by the patent application is considered information or informational materials as defined in ITR § 560.315, the importation of the technology would be exempt under ITR § 560.210.

[4] ITR § 560.534 contains a limited exemption from this import prohibition for certain foodstuffs (pistachios) and carpets.

[5] ITR § 560.306 defines Iranian-origin goods to include goods grown, produced, manufactured, extracted, or processed in Iran and goods which have entered into Iranian commerce. Iranian-origin services include services performed in Iran or by an entity organized under the laws of Iran, or a person residing in Iran and services performed outside Iran by a citizen, national or permanent resident of Iran who is ordinarily resident in Iran or by

3

JUL 17 2003 4:20PM    HP LASERJET 3200                          PAGE 06
                                                                P.5

We seek a timely response from your office regarding this interpretation of the regulations or, if needed, the issuance of a license that would permit Marcus Oil to move forward with the evaluation of the NPC technology.

If you have any questions about this request for interpretation, please feel free to contact our attorney with respect to this matter, Christopher R. Wall at Pillsbury Winthrop LLP, 1133 Connecticut Avenue, NW, Washington, DC 20036 (telephone 202-775-9850; telefax 202-833-8491; email cwall@pillsburywinthrop.com).

Sincerely,


Aziz Hassan