UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DOW CHEMICAL CANADA INC. on its own behalf and as assignee of THE DOW CHEMICAL COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> HRD CORPORATION (d/b/a Marcus Oil & Chemical) <br><br> Defendant, Counterclaim Plaintiff, <br><br> v. <br><br> DOW CHEMICAL CANADA INC., on its own behalf and as assignee of THE DOW CHEMICAL COMPANY, and THE DOW CHEMICAL COMPANY, <br><br> Counterclaim Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 05-023 (JJF) |

**[PROPOSED] ORDER GRANTING DOW'S MOTION
FOR A PROTECTIVE ORDER REGARDING HRD'S NON-INDEPENDENT
EXPERTS AND APPROVAL PROCEDURE FOR INDEPENDENT EXPERTS**

WHEREAS, the Court has considered the entire record in support of Plaintiffs Dow Chemical Canada Inc. and The Dow Chemical Company's (collectively, "Dow") Motion For A Protective Order Regarding HRD's Non-Independent Experts And Approval Procedure For Independent Experts, it is hereby ordered that the Stipulation And Order Governing Discovery Materials ("Protective Order") is modified as follows:

1. Each Party's non-independent experts and/or its past, current, and/or prospective consultants for its business operations are precluded from having access to

the other Party's Highly Confidential discovery material or information derived therefrom.

    2.    Provision 6(b) of the Protective Order is hereby modified to read as follows:

> independent experts or consultants only after being approved following the procedure set forth in this provision. The Receiving Party first must provide the following information and materials to the Designating Person:
>
> - the identity of the independent expert or consultant, by name and brief description, including education, present and past employment, and general areas of expertise;
>
> - all other present and all prior relationships of the independent expert or consultant with the parties;
>
> - a signed confidentiality non-disclosure agreement described in paragraph 7 of the January 2006 Protective Order;
>
> - a CV and a list of consulting activities in the past 4 years, including a description of all companies for whom the person has consulted.

Within ten (10) business days after receipt of this information, the Designating Person may object to the disclosure of Highly Confidential discovery material or information to any of the Receiving Party's independent experts or consultants by serving written objections. Service of the objections shall be by email, personal delivery, facsimile or by certified or registered mail, return/receipt requested, and received within ten business days after the date of the Designating Person's receipt of the above-identified information for such independent expert or consultant. If no objections are served, the independent expert or consultant becomes approved only after the tenth day of the Designating Person's receipt of the information for such independent expert or consultant. If the Parties cannot agree on proper disclosure of Highly Confidential discovery material or

2

information to the proposed independent expert or consultant, the Designating Person shall file and serve a motion for an Order forbidding disclosure to the proposed independent expert or consultant. No Highly Confidential discovery material or information shall be disclosed to that independent expert or consultant until the validity of the objection has been resolved, either by negotiation or by the Court.

3. With respect to all other discovery material matters, the Parties will continue to operate under the Protective Order and any other prior orders of the Court, except that with respect to independent experts both Parties will treat Highly Confidential discovery material and/or information as set forth herein.

DATED: _____          _____
                                United States District Court Judge