# EXHIBIT A

AO88 (Rev. 12/06) Subpoena in a Civil Case

# United States District Court
### DISTRICT OF DELAWARE

Dow Chemical Canada Inc., on its own behalf and as assignee of The Dow Chemical Company

v.

HRD Corporation (d/b/a Marcus Oil & Chemical)

v.

Dow Chemical Canada Inc., on its own behalf and as Assignee of The Dow Chemical Company, and The Dow Chemical Company

**SUBPOENA IN A CIVIL CASE**

Civil Action No. 05-023 (JJF)
(D. DEL.)

TO:   **Adherent Laboratories, Inc.
ATTN: Tom Quinn
3804 Dunlap Street North
Saint Paul, MN 55112**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): see Attachment A

| PLACE | DATE AND TIME |
|---|---|
| Jenner & Block, LLP<br>330 N. Wabash Ave.<br>Chicago, IL 60611<br><br>(or another mutually agreed place) | November 10, 2007, 5:00pm |

☐ YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) <br><br> *[signature]* <br><br> Attorney for Plaintiff | Date   October 10, 2007 |
|---|---|

Issuing Officer's Name, Address, and Phone Number

Thomas W. Briggs (#4076)
MORRIS, NICHOLS, ARSHT & TUNNELL
1201 North Market Street, P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
             DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

## Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**Attachment A**
**Document Rider to Subpoena**
Dow Chemical Canada Inc., on its own behalf and as assignee of The Dow Chemical Company v. HRD Corporation (d/b/a Marcus Oil & Chemical) v. Dow Chemical Canada Inc., on its own behalf and as assignee of The Dow Chemical Company, and The Dow Chemical Company
No. 05-023 (JJF)
United States District Court for the District of Delaware

## DEFINITIONS

1.      A reference to any business entity includes the business entity named and each of its predecessors and successors, affiliated corporations, companies, associations, partnerships and joint ventures, divisions or persons acting on its behalf, including, without limitation, its officers, directors, agents, representatives, attorneys, accountants, and commissioned sales representatives, and any other related entities.

2.      "Adherent" means Adherent Laboratories, Inc., Tom Quinn or any persons acting on their behalf, including, without limitation, their employees, consultants, contractors, agents, representatives, attorneys, and accountants.

3.      "Communication" means all interchanges of thoughts, facts, information, and/or opinions between two or more persons or entities, whether written or oral, through any medium whatsoever, including the mails, memoranda, reports, telephones, telegraph, voicemail, facsimile, electronic mail, face-to-face, audiotape, contracts, agreements, solicitations, offers, proposals, financial statements and transcripts.

4.      The terms "relating to" and "relate to" mean anything which, directly, or indirectly, comprises, concerns, consists of, pertains to, reflects, evidences, describes, set forth, constitutes, contains, shows, underlies, supports, refers to in any way, is or was used in preparation of, appended to, is or was legally, logically or factually connected with, proves, disproves or tends to prove or disprove, or is in any way relevant to within the meaning of Rule 26(b).

5.      "Document" means all original written, recorded or graphic matters whatsoever and all copies thereof, including, but not limited to, papers, books, records, letters, photographs, tangible things, correspondence, communications, telegrams, cables, fax or telex messages, memoranda, notes, notations, work papers, transcripts, minutes, reports and recordings of telephone or other conversations, or of interviews or of conferences or of other meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, jottings, agendas, bulletins, notices, announcements, advertisements, instructions, charts, manuals, brochures, publications, schedules, price lists, client lists, journals, statistical records, desk calendars, appointment books, diaries, lists, tabulations, sound recordings, computer print outs, data processing program library, data processing input and output, microfilm, books of account, records and invoices reflecting business operations, expense vouchers, invoices, bills, all records kept by electronic, photographic or mechanical means, any notes or drafts relating to the foregoing, and all the things similar to any of the foregoing however denominated. In all cases where originals or nonidentical copies are not available, "document" also means identical copies of original documents and nonidentical copies thereof.

6. "Dow" means Dow Chemical Canada Inc. or The Dow Chemical Company, and any persons acting on their behalf, including, without limitation, their employees, consultants, contractors, agents, representatives, attorneys, and accountants.

7. "HRD" means HRD Corporation, Marcus Oil, Abbas or Aziz Hassan, Craig Cawley or any persons acting on their behalf, including, without limitation, their employees, consultants, contractors, agents, representatives, attorneys, and accountants.

8. "Metallocene based product(s)" or "metallocene based sample(s)" means any wax or polymer which you understand to have been formulated with metallocene catalysts.

9. "Sample" means any sample of metallocene wax(es) or polymer(s) provided by HRD.

10. "Product" means any metallocene wax or polymer product(s) supplied by HRD.

11. "Third party" means any business entity or individual other than Dow, HRD, or Adherent.

12. "2-pack" means a product for use in a hot melt adhesive that combines the functionality of the wax and the polymer component of a hot melt adhesive such that the addition of only a tackifier may make a hot melt adhesive.

## INSTRUCTIONS

1. These requests are continuing and must be supplemented in accordance with FED.R.CIV.P. 26(e) and FED.R.CIV.P. 45.

2. Unless otherwise indicated, each document request relates to the period December 1, 2001 through January 1, 2006.

3. For each request for production of documents below, produce every responsive document in your custody or control, including, but not limited to, the original copy thereof, any copies or drafts thereof of any variety, and any subsequent document of any kind referring to or discussing the original responsive document.

4. If you are aware of the existence of a document responsive to a request for production, but such document is not in your current custody or control, please provide a statement describing such document in detail, stating the current location of the document, and providing the name, address, and phone number of any person or entity whom you believe currently exerts custody or control over the document.

5. All words or phrases shall be construed as either singular, plural, masculine, feminine, or neuter as necessary to bring within the scope of these requests for production of any information and documents which might otherwise be construed to be outside their scope.

2

6.      "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests for production of any documents or information which might otherwise be construed to be outside their scope.

7.      Reference to any specific document, object, tangible thing, or group of persons includes all predecessor and successor documents, objects, tangible things or groups of persons which are substantially similar to the specific document, object, tangible thing, or group of persons identified in any request for production of documents.

8.      The fact that any particular paragraph of this request is more specific than any other paragraph is not intended to, nor does it, have the effect of limiting any other paragraph hereof.

9.      If you object to a particular request, or portion thereof, you must produce all documents or things called for which are not subject to that objection. Similarly, wherever a document or thing is not produced in full, please state with particularity the reason or reasons it is not being produced in full, and describe, to the best of your knowledge, information and belief, and with as much particularity as possible, those portions which are not produced.

## REQUESTS FOR PRODUCTION

### Request No. 1

All communications or documents relating to communications with HRD or Greg Borsinger concerning marketing, development or manufacturing of metallocene based products, components for hot melt adhesives, HRD's proposal for a 2-pack product to be used in hot melt adhesives or formulated hot melt adhesives.

### Request No. 2

All communications or documents relating to communications with HRD or Greg Borsinger concerning Dow, any of Dow's products or HRD's relationship with Dow.

### Request No. 3

All communications or documents relating to communications with HRD or Greg Borsinger regarding the desired adhesive properties of hot melt adhesive products, including but not limited to cloud point, paper tear, fiber tear, peel adhesion fail temperature ("PAFT") or shear adhesion fail temperature ("SAFT").

### Request No. 4

All communications or documents relating to communications with HRD or Greg Borsinger regarding the desirability, marketability or development of a hot melt adhesive product comprising a single polymer which combines the functionality of the wax, polymer and tackifier components or a process for on-line formulation of hot melt adhesives, including but not limited to documents containing such information prior to 2001.

### Request No. 5

All documents, communications or documents relating to communications concerning metallocene based products supplied, proposed or marketed by HRD or products produced by Dow and supplied, proposed or marketed by HRD, including but not limited to HRD's proposal for a 2-pack product to be used in hot melt adhesives.

### Request No. 6

All documents, communications or documents relating to communications concerning the specification of or desired physical properties for metallocene based products supplied, proposed or marketed by HRD, or products produced by Dow and supplied, proposed or marketed by HRD, including but not limited to density, viscosity, molecular weight distribution, melting temperature, glass transition temperature, molecular weight, crystallinity, pliability, brittleness and solvent or volatiles content.

**Request No. 7**

All communications or documents relating to communications with third parties regarding HRD's relationship with Dow, HRD's supply, proposal or marketing of any metallocene based products or products produced by Dow, HRD's proposal for a 2-pack product to be used in hot melt adhesives or the quality of any metallocene based products supplied, proposed or marketed by HRD or products produced by Dow and supplied, proposed or marketed by HRD.

**Request No. 8**

All documents relating to samples of metallocene based products that Adherent received from HRD or samples produced by Dow that Adherent received from HRD, or hot melt adhesives formulated with said samples, including but not limited to analyses performed on the samples, any assessment of the quality or usefulness of the samples, any feedback Adherent gave HRD or Dow about the samples or any inventory or quality control receipts documenting Adherent's receipt and use of the samples.

**Request No. 9**

All documents relating to any assessments, evaluations or feedback from any third parties, such as hot melt adhesive suppliers or end-users, on HRD's proposal for a 2-pack product to be used in hot melt adhesives, any metallocene based products supplied, proposed or marketed by HRD, or products proposed to be produced or actually produced by Dow for HRD.