IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DOW CHEMICAL CANADA, INC.<br>on its own behalf and as assignee of<br>THE DOW CHEMICAL COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>HRD CORPORATION<br>(d/b/a Marcus Oil & Chemical),<br><br>Defendant, Counterclaim Plaintiff,<br><br>DOW CHEMICAL CANADA, INC.<br>on its own behalf and as assignee of<br>THE DOW CHEMICAL COMPANY and<br>THE DOW CHEMICAL COMPANY,<br><br>Counterclaim Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  C.A. No. 05-23 (JJF)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF SERVICE OF SUBPOENAS DUCES TECUM

PLEASE TAKE NOTICE that, pursuant to Rules 34 and 45 of the Federal Rules of Civil Procedure Defendant and Counterclaim Plaintiff HRD Corporation (d/b/a Marcus Oil & Chemical) issued a subpoena duces tecum with accompanying schedule of document requests (attached hereto as Exhibit 1), which has been or will be served, on the third party listed below.

**Name**

Adherent Laboratories, Inc.
950 Fairmount Avenue
St. Paul, MN 55105

**Date/Location of Document Production**

November 19, 2007, 9:00 a.m.
Neil K. Johnson Reporting Agency
700 Saint Paul Building
6 West Fifth Street
St. Paul, MN 55102

|  |  |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| William C. Ferebee<br>Michael Landrum<br>O'DONNELL FEREBEE MEDLEY &<br>KEISER, PC<br>450 Gears, Eighth Floor<br>Houston, TX 77067-4512<br>(281) 875-8200 (telephone)<br>(281) 875-4962 (facsimile) | By: /s/ W. Harding Drane, Jr.<br>W. Harding Drane, Jr. (#1023)<br>Richard L. Horwitz (#2246)<br>Suzanne M. Hill (#4414)<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE 19899-0951<br>(302) 984-6000<br>wdrane@potteranderson.com<br>rhorwitz@potteranderson.com<br>shill@potteranderson.com |
| Dated: October 19, 2007 | *Attorneys for HRD Corporation (d/b/a Marcus Oil & Chemical)* |

#826631

OAO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

| FOR THE | DISTRICT OF | MINNESOTA |
|---|---|---|

| | |
|---|---|
| DOW CHEMICAL CANADA, INC. on its own behalf and as assignee of THE DOW CHEMICAL COMPANY<br>V.<br>HRD CORPORATION (d/b/a Marcus Oil & Chemical) | **SUBPOENA IN A CIVIL CASE**<br><br>Case Number:[1]  05-23 (JJF) Delaware |

TO: Adherent Laboratories, Inc.  
950 Fairmount Ave  
St. Paul, MN 55105

cc: Adherent Laboratories, Inc.  
3804 Dunlap Street, North  
St. Paul, MN 55112    Attn: Tom Quinn

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Exhibit 1 attached hereto.

| PLACE  Neil K. Johnson Reporting Agency<br>700 Saint Paul Building, 6 West Fifth Street, St. Paul, MN 55102<br>or such other location as may be agreed upon by Adherent and HRD's counsel | DATE AND TIME<br>November 19, 2007, 9:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *W. Harding Drane* | October 19, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER  
W. Harding Drane, Jr., Esq., POTTER ANDERSON & CORROON LLP  
Hercules Plaza, P.O. Box 951, Wilmington, Delaware 19899 (302) 984-6000, Attorneys for Defendant

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.  
AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|

AO88 (Rev. 12/06) Subpoena in a Civil Case

| PROOF OF SERVICE | | |
|---|---|---|
| | DATE | PLACE |
| SERVED | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| | | |
| SERVED BY (PRINT NAME) | | TITLE |
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                      DATE                                    SIGNATURE OF SERVER

                                                              _____
                                                              ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# EXHIBIT 1

## Attachment A
## Document Rider to Subpoena

HRD Corporation (d/b/a Marcus Oil & Chemical), as Defendant, Counterclaim Plaintiff, styled Dow Chemical Canada, Inc. on its own behalf and as assignee of The Dow Chemical Company vs. HRD Corporation (d/b/a Marcus Oil & Chemical)
No. 05-23 (JJF)
United States District Court for the District of Delaware

### DEFINITIONS

1. A reference to any business entity includes the business entity named and each of its predecessors and successors, affiliated corporations, companies, associations, partnerships and joint ventures, divisions or persons acting on its behalf, including, without limitation, it officers, directors, agents, representatives, attorneys, accountants, and commissioned sales representatives, and any other related entities.

2. "Adherent" means Adherent Laboratories, Inc., Tom Quinn or any persons acting on their behalf, including, without limitation, their employees, consultants, contractors, agents, representatives, attorneys, and accountants.

3. "Communication" means all interchanges of thoughts, facts, information, and/or opinions between two or more persons or entities, whether written or oral, through any medium whatsoever, including the mails, memoranda, reports, telephones, telegraph, voicemail, facsimile, electronic mail, face-to-face, audiotape, contracts, agreements, solicitations, offers, proposals, financial statements and transcripts.

4. The terms "relating to" and "relate to" mean anything which, directly, or indirectly, comprises, concerns, consists of, pertains to, reflects, evidences, describes, set forth, constitutes, contains, shows, underlies, supports, refers to in any way, is or was used in preparation of, appended to, is or was legally, logically or factually connected with, proves, disproves or tends to prove or disprove, or is in any way relevant to within the meaning of Rule 26(b).

5. "Document" means all original written, recorded or graphic matters whatsoever and all copies thereof, including, but not limited to, papers, books, records, letters, photographs, tangible things, correspondence, communications, telegrams, cables, fax or telex messages, memoranda, notes, notations, work papers, transcripts, minutes, reports and recordings of telephone or other conversations, or of interviews or of conferences or of other meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, jottings, agendas, bulletins, notices, announcements, advertisements, instructions, charts, manuals, brochures, publications, schedules, price lists, client lists, journals, statistical records, desk calendars, appointment books, diaries, lists, tabulations, sound recordings, computer print outs, data processing program library, data processing input and output, microfilm, books of account, records and invoices reflecting business operations, expense vouchers, invoices, bills, all records kept by electronic, photographic or mechanical means, any notes or drafts relating to the foregoing, and all the things similar to any of the foregoing however denominated. In all cases where originals or nonidentical copies are not available, "document" also means identical copies of original documents and nonidentical copies thereof.

6.  "Dow" means Dow Chemical Canada Inc. or The Dow Chemical Company, and any persons acting on their behalf, including, without limitation, their employees, consultants, contractors, agents, representatives, attorneys, and accountants.

7.  "HRD" means HRD Corporation, Marcus Oil, Abbas or Aziz Hassan, Craig Cawley or any persons acting on their behalf, including, without limitation, their employees, consultants, contractors, agents, representatives, attorneys, and accountants.

8.  "Metallocene based product(s)" or "metallocene based sample(s)" means any wax or polymer which you understand to have been formulated with metallocene catalysts.

9.  "Sample" means any sample of metallocene wax(es) or polymer(s) provided by HRD.

10.  "Product" means any metallocene wax or polymer product(s) supplied by HRD.

11.  "Third party" means any business entity or individual other than Dow, HRD, or Adherent.

12.  "2-pack" means a product for use in a hot melt adhesive that combines the functionality of the wax and the polymer component of a hot melt adhesive such that the addition of only a tackifier may make a hot melt adhesive.

## INSTRUCTIONS

1.  These requests are continuing and must be supplemented in accordance with FED.R.CIV.P. 26(e) and FED.R.CIV.P. 45.

2.  Unless otherwise indicated, each document request relates to the period December 1, 2001 through January 1, 2006.

3.  For each request for production of documents below, produce every responsive document in your custody or control, including, but not limited to, the original copy thereof, any copies or drafts thereof of any variety, and any subsequent document of any kind referring to or discussing the original responsive document.

4.  If you are aware of the existence of a document responsive to a request for production, but such document is not in your current custody or control, please provide a statement describing such document in detail, stating the current location of the document, and providing the name, address, and phone number of any person or entity whom you believe currently exerts custody or control over the document.

5.  All words or phrases shall be construed as either singular, plural, masculine, feminine, or neuter as necessary to bring within the scope of these requests for production of any information and documents which might otherwise be construed to be outside their scope.

2

6. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests for production of any documents or information which might otherwise be construed to be outside their scope.

7. Reference to any specific document, object, tangible thing, or group of persons includes all predecessor and successor documents, objects, tangible things or groups of persons which are substantially similar to the specific document, object, tangible thing, or group of persons identified in any request for production of documents.

8. The fact that any particular paragraph of this request is more specific than any other paragraph is not intended to, nor does it, have the effect of limiting any other paragraph hereof.

9. If you object to a particular request, or portion thereof, you must produce all documents or things called for which are not subject to that objection. Similarly, wherever a document or thing is not produced in full, please state with particularity the reason or reasons it is not being produced in full, and describe, to the best of your knowledge, information and belief, and with as much particularity as possible, those portions which are not produced.

3

# ATTACHMENT B
# DOCUMENTS TO BE PRODUCED

## REQUEST FOR PRODUCTION NO. 1

All communications with Dow concerning the marketing of metallocene based products from 2001 to the present.

## REQUEST FOR PRODUCTION NO. 2

All communications with Dow concerning the development of metallocene based products from 2001 to the present.

## REQUEST FOR PRODUCTION NO. 3

All communications with Dow concerning the manufacturing of metallocene based products from 2001 to the present.

## REQUEST FOR PRODUCTION NO. 4

All communications with Dow concerning the testing of metallocene based products from 2001 to the present.

## REQUEST FOR PRODUCTION NO. 5

All communications with Dow concerning the marketing of hot melt adhesives from 2001 to the present.

## REQUEST FOR PRODUCTION NO. 6

All communications with Dow concerning the development of hot melt adhesives from 2001 to the present.

## REQUEST FOR PRODUCTION NO. 7

All communications with Dow concerning the manufacturing of hot melt adhesives from 2001 to the present.

**REQUEST FOR PRODUCTION NO. 8**

All communications with Dow concerning the testing of hot melt adhesives from 2001 to the present.

**REQUEST FOR PRODUCTION NO. 9**

All communications with Dow concerning the marketing of a 2-pack product to be used in hot melt adhesives from 2001 to the present.

**REQUEST FOR PRODUCTION NO. 10**

All communications with Dow concerning the development of a 2-pack product to be used in hot melt adhesives from 2001 to the present.

**REQUEST FOR PRODUCTION NO. 11**

All communications with Dow concerning the manufacturing of a 2-pack product to be used in hot melt adhesives from 2001 to the present.

**REQUEST FOR PRODUCTION NO. 12**

All communications with Dow concerning the testing of a 2-pack product to be used in hot melt adhesives from 2001 to the present.

**REQUEST FOR PRODUCTION NO. 13**

All communications with any third party concerning the marketing of metallocene based products from 2001 to the present.

**REQUEST FOR PRODUCTION NO. 14**

All communications with any third party concerning the development of metallocene based products from 2001 to the present.

**REQUEST FOR PRODUCTION NO. 15**

All communications with any third party concerning the manufacturing of metallocene based products from 2001 to the present.

**REQUEST FOR PRODUCTION NO. 16**

All communications with any third party concerning the testing of metallocene based products from 2001 to the present.

**REQUEST FOR PRODUCTION NO. 17**

All communications with any third party concerning the marketing of hot melt adhesives from 2001 to the present.

**REQUEST FOR PRODUCTION NO. 18**

All communications with any third party concerning the development of hot melt adhesives from 2001 to the present.

**REQUEST FOR PRODUCTION NO. 19**

All communications with any third party concerning the manufacturing of hot melt adhesives from 2001 to the present.

**REQUEST FOR PRODUCTION NO. 20**

All communications with any third party concerning the testing of hot melt adhesives from 2001 to the present.

**REQUEST FOR PRODUCTION NO. 21**

All communications with any third party concerning the marketing of a 2-pack product to be used in hot melt adhesives from 2001 to the present.

**REQUEST FOR PRODUCTION NO. 22**

All communications with any third party concerning the development of a 2-pack product to be used in hot melt adhesives from 2001 to the present.

**REQUEST FOR PRODUCTION NO. 23**

All communications with any third party concerning the manufacturing of a 2-pack product to be used in hot melt adhesives from 2001 to the present.

**REQUEST FOR PRODUCTION NO. 24**

All communications with any third party concerning the testing of a 2-pack product to be used in hot melt adhesives from 2001 to the present.

**REQUEST FOR PRODUCTION NO. 25**

All communications with Dow regarding the desirability, marketability or development of a hot melt adhesive product comprising a single polymer which combines the functionality of wax, polymer and/or tackifier from 2001 to the present.

**REQUEST FOR PRODUCTION NO. 26**

All communications with any third party regarding the desirability, marketability or development of a hot melt adhesive product comprising a single polymer which combines the functionality of wax, polymer and/or tackifier from 2001 to the present.

**REQUEST FOR PRODUCTION NO. 27**

All communications with Dow concerning metallocene based products from 2000 to the present.

**REQUEST FOR PRODUCTION NO. 28**

All communications with Dow concerning the specification of or desired physical properties for metallocene based products from 2000 to the present.

**REQUEST FOR PRODUCTION NO. 29**

All communications with third parties concerning the specification of or desired physical properties for metallocene based products from 2000 to the present.

**REQUEST FOR PRODUCTION NO. 30**

Test results for all metallocene based products received from Dow from 2000 to the present.

**REQUEST FOR PRODUCTION NO. 31**

Test results for all metallocene based products received from third parties from 2000 to the present.

**REQUEST FOR PRODUCTION NO. 32**

Documents reflecting any assessments, evaluations or feedback on any product to be used in the hot melt adhesive market from 2000 to the present.

## **REQUEST FOR PRODUCTION NO. 33**

All documents produced pursuant to the Dow subpoena dated October 10, 2007.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, W. Harding Drane, Jr., hereby certify that on October 19, 2007, a copy of the foregoing Notice of Subpoena Duces Tecum was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF and in addition copies were delivered as indicated below:

BY HAND
Kenneth Nachbar
Samuel T. Hirzel
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

I hereby certify that on October 19, 2007, I have faxed the documents to the following non-registered participants:

Harry J. Roper
Raymond N. Nimrod
Aaron A. Barlow
Jenner & Block LLP
One IBM Plaza
Chicago, IL 60611

By: /s/ W. Harding Drane, Jr.
W. Harding Drane, Jr. (#1023)
Richard L. Horwitz (#2246)
Suzanne M. Hill (#4414)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899-0951
(302) 984-6000
wdrane@potteranderson.com
rhorwitz@potteranderson.com
shill@potteranderson.com