# Exhibit 1

**JENNER&BLOCK**

August 16, 2007

Jenner & Block LLP          Chicago
One IBM Plaza               Dallas
Chicago, IL 60611-7603      New York
Tel 312 222-9350            Washington, DC
www.jenner.com

VIA FACSIMILE

William C. Ferebee
O'Donnell Ferebee Medley & Keiser, P.C.
450 Gears - 8th Floor
Houston, TX 77067-4512

Aaron A. Barlow
Tel  312 923-8308
Fax  312 923-8408
abarlow@jenner.com

Re:    Dow v. HRD Corporation

Dear Bill:

We are writing regarding Dow's document production.  In spite of your motion to compel, we
remain willing to meet and confer to resolve the parties' dispute over the redaction issues.  The
briefing on the motion makes clear that every issue you have raised could have been resolved in
a meet and confer discussion.  Consequently, we suggest the parties try again to resolve the
redaction issues and, if successful, inform the Court that we have done so.

On another aspect of document production, based on your request, we have shifted to producing
documents in electronic form (i.e., TIFF images) rather than paper copies.  As we have seen, the
potential for inadvertent production increases when documents are reviewed and produced in
electronic form.  Indeed, given your experts' locations around the country, the risks associated
with inadvertent production are particularly acute given the form we are now producing
documents.  In order to guard against these new risks, we have had to change the procedures we
use to review and produce documents.  This has taken about two weeks out of our document
production efforts.  In addition, responding to your motion to compel regarding Dow's redactions
has also taken time away from our document production efforts.  Consequently, we expect our
document production not to be complete until September 1 at the earliest.  However, we expect
the vast majority of our documents will have been produced by then.

Please let us know whether you are willing to resume meet and confer discussions regarding the
redaction issues subject of your motion to compel.

Very truly yours,

*Aaron A. Barlow*

Aaron A. Barlow

# **Exhibit 2**

JENNER&BLOCK

September 21, 2007

Jenner & Block LLP          Chicago
One IBM Plaza               Dallas
Chicago, IL 60611-7603      New York
Tel 312 222-9350            Washington, DC
www.jenner.com

VIA FACSIMILE

William C. Ferebee
O'Donnell Ferebee Medley & Keiser, P.C.
450 Gears - 8th Floor
Houston, TX 77067-4512

Aaron A. Barlow
Tel  312 923-8308
Fax  312 923-8408
abarlow@jenner.com

Re:    Dow v. HRD Corporation

Dear Bill:

As we discussed, the parties have agreed to conduct an additional meet and confer regarding
Dow's redactions. We pointed out in our response to your second motion to compel that all of
the redactions you pointed to were in fact irrelevant to this case. Specifically, you complained
about the following redactions:

- You contended that blender data could be a source of contamination in products
  that Dow produced for HRD at Sarnia. However, the Sarnia plant did not use
  blenders or a blending operation during its production of waxes for HRD.

- You also contended that redactions refering to "volatiles and calculations on
  volatiles" were "likely the very light-ends that are the center of this case."
  However, as we stated in our response, we do not intend to withhold and/or redact
  information referring to volatiles and volatiles calculations in the HRD product
  runs. Indeed, the documents you pointed to in your motion related to early
  models that were being used more than four months before the HRD product runs
  and in some cases relate to products that Dow never made.

- You also contended that Dow's method of addressing its freezing problems
  referred to in some documents could have contaminated the products that Dow
  produced for HRD. The freezing you referred to was not on the reactor or in any
  piping that would contain HRD's product. The document refers to a condenser
  for processing the waste stream from the third devo, which is downstream from
  your product. Therefore, if light ends were added to the condenser to mitigate
  freezing as Dr. Anthony suggested, they would not end up in the wax; they would
  go to the waste stream.

- You also contended that Dow's commissioning procedures could be a source of
  contamination in the products that Dow produced for HRD. However, as we
  pointed out in our motion, you appear to be confusing commissioning procedures
  and plant start-up. The commissioning phase of a project is simply making sure
  that each piece of equipment and unit operation placed or present in the process

William C. Ferebee
9/21/2007
Page 2

**J E N N E R & B L O C K**

works properly, i.e. valves turn and pumps pump. Commissioning has nothing to do with plant start-up and no product is made during commissioning. Therefore, we don't understand how this commissioning is relevant to the issues raised by you.

- You also contended that Dow's operating conditions throughout the plant are necessary to determine whether Dow knowingly added or failed to remove light ends from the final product. However, the only operating conditions that are relevant in analyzing the amount of residual solvent or light ends present in the product are the temperature and pressure of the third devo. We do not intend to redact any temperature or pressure information for the third devo, and none of the other information is relevant.

Consequently, we believe a further meet and confer may moot part of, or all of, your second motion to compel.

We also request that the parties also meet and confer to address certain deficiencies in HRD's discovery responses. The deficiencies are set forth below.

On many of Dow's requests, HRD recites a number of broad, general objections relating to relevance, which are wholly unreasonable. On other requests, HRD has promised to produce documents but to date has failed to do so. And in other cases, HRD has simply failed to respond at all.

1.    **Documents relating to HRD's corporate structure, capacity to perform under the contract, and future business plans**: HRD has either failed to produce or simply refused to produce numerous documents relevant to HRD's $2.6 billion damage claim against Dow. These include documents relating to HRD's plans for the HMA market, documents relating to HRD's Corporate Structure & Governance, and documents relating to HRD's financial condition. These documents were requested in Dow document requests Nos. 51-58, 64-66, 76-85, and 107-109 and were the subject of Dow's Second Set of Interrogatories, which HRD has failed to even respond to. HRD's objections are completely frivolous. For example, request No. 107 sought documents relating to contacts or communications *beginning January 2005*. HRD objected to this request on the grounds that these documents "were destroyed as a result of the fire and explosion" that occurred in *December 2004*, a month before the documents in question even existed. We are entitled to the requested documents. Please produce them immediately.

2.    **Documents relating to the December 2004 explosion at HRD's Houston plant.** HRD also objected to producing documents related to the explosion and fire at HRD's plant in Houston as irrelevant. However, this information is relevant to HRD's $2.6 billion contract damage claim. HRD has admitted that the explosion "impeded, prevented, and delayed [HRD's] ability to perform" under the contracts in question. Whether HRD withdraws its *force majeure* defense or not, this admission still stands. Even without the admission, Dow contends in this

1579492.1

William C. Ferebee                                    **J E N N E R & B L O C K**
9/21/2007
Page 3

case that HRD cannot seek damages for any alleged breach because of the fire and the explosion.
The requested documents are unquestionably relevant to that contention. Consequently, all non-
privileged documents responsive to Dow's document requests No. 89-93 must be produced.

3.    **Documents relating to the Hassans and HRD's dealings with Iran and OFAC.** You
also object to producing documents related to HRD's business relations with entities outside the
United States. For example, Request No. 67 seeks documents relating to "HRD's business or
other relationship considered or entered into with any person or entity outside the United States
of America." HRD has made multiple representations in its course of dealings with Dow relating
to it relations with entities in Iran and India, and, in the course of responding to Dow's motion
for a protective order re Iran. Aziz Hassan also made representations under oath to this Court
regarding those relations. We believe discovery will show some of these representations were
false. Consequently, this information is properly discoverable to impeach the Hassans'
credibility. Under Federal Rule of Civil Procedure 26(b)(1) information that could be used to
impeach a likely witness is properly discoverable, whether or not the information sought is
directly relevant to the core issues in the case. If the Hassans have made misrepresentations to
Dow and the Court that call their credibility into question, then Dow is entitled to this
information. Please reconsider your objections to our document requests.

4.    **Greg Borsinger's documents.** Despite repeated assurances, we still have not received
the documents in response to our subpoena from Greg Borsinger. You have admitted that these
documents, or copies thereof, reside in your offices. Please immediately produce these
documents.

5.    **Failure to respond or object to Dow's Second Set of Interrogatories.** HRD has never
provided any written responses or objections to our second set of interrogatories. As you know,
under the law, any objections you may have had are waived. Please let us know when you plan
to answer the interrogatories.

6.    **Failure to exhaust possible sources of documents.** HRD, whenever it is convenient,
repeatedly states it has no documents in certain key categories because they were allegedly
destroyed in the fire and explosion. However, HRD has failed to demonstrate that all copies of
these documents were destroyed. Hard drives may still be read, even after floods and fires. The
Hassan's home computers are possible sources of documents. Please identify what hard drives
existed prior to the fire/explosion and what became of them. With respect to the hard drives that
were allegedly in the HRD offices during the explosion/fire, please explain what became of them
after the fire.

7.    **Failure to produce documents identified in HRD's initial disclosures.** Item 7 in
Section B of your initial disclosures reads "Financial Statements regarding the financial
consequences of the Contracts." Those documents have not been produced. Additionally, we
don't believe documents relating to Item 4 "Documents pertaining to the purchase and sale of
wax at issue" and Item 6 "Documents pertaining to the quality and specifications of the wax at
issue" have been produced. Please let us know when you plan to produce these documents.

1579492.1

William C. Ferebee
9/21/2007
Page 4

**JENNER&BLOCK**

In an effort to resolve our discovery disagreements before filing a motion to compel, Dow would like to meet and confer regarding HRD's objections. We are available to meet on September 26 or 28 or October 2 or 3, 2007.

Very truly yours,

Aaron A. Barlow
AAB:pts

# FAX TRANSMITTAL             JENNER&BLOCK

Jenner & Block LLP          Chicago
330 N. Wabash Avenue        Dallas
Chicago, IL 60611           New York
Tel 312 222-9350            Washington, DC
www.jenner.com

Date:              September 21, 2007

To:                William C. Ferebee           Fax:        (281) 875-4962
                   O'Donnell Ferebee Medley & Keiser,   Voice:      (281) 875-8200
                   P.C.

From:              Aaron A. Barlow              Fax:        312 923-8408
                   abarlow@jenner.com          Voice:      312 923-8308

Employee Number:   027981                       Client Number:   37571-11117

**Important:** This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is attorney work product, privileged, confidential, and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via postal service. Thank you.

**Message:**

Total number of pages including this cover sheet: 5          Time Sent: 4:20 p.m.

If you do not receive all pages, please call: 312 222-9350    Sent By: Pat Sotiropoulos

Secretary: Patty T. Sotiropoulos                              Extension: 4791

```
************* -COMM. JOURNAL- ***************** DATE SEP-21-2007 **** TIME 16:29 *** P.01

     MODE = MEMORY TRANSMISSION              START=SEP-21 16:26    END=SEP-21 16:29

     FILE NO.= 204

  STN   COMM.    ONE-TOUCH/    STATION NAME/EMAIL ADDRESS/TELEPHONE NO.    PAGES      DURATION
  NO.            ABBR. NO.

  001    OK      ≋            912010754962---3757111117                  005/005    00:02:13


************************************* -          - **** -           - ********
```

# FAX TRANSMITTAL            JENNER&BLOCK

Jenner & Block LLP          Chicago
330 N. Wabash Avenue        Dallas
Chicago, IL 60611           New York
Tel 312 222-9350            Washington, DC
www.jenner.com

| | |
|---|---|
| Date: | September 21, 2007 |
| To: | William C. Ferebee |
| | O'Donnell Ferebee Medley & Keiser, P.C. |

| | | | |
|---|---|---|---|
| | | Fax: | (281) 875-4962 |
| | | Voice: | (281) 875-8200 |
| From: | Aaron A. Barlow | Fax: | 312 923-8408 |
| | abarlow@jenner.com | Voice: | 312 923-8308 |
| Employee Number: | 027981 | Client Number: | 37571-11117 |

Important: This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is attorney work product, privileged, confidential, and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via postal service. Thank you.

**Message:**

| | |
|---|---|
| Total number of pages including this cover sheet: 5 | Time Sent: 4:20 p.m. |
| If you do not receive all pages, please call: 312 222-9350 | Sent By: Pat Sotiropoulos |
| Secretary: Patty T. Sotiropoulos | Extension: 4791 |

# Exhibit 3

**JENNER&BLOCK**

September 28, 2007

Jenner & Block LLP     Chicago
One IBM Plaza     Dallas
Chicago, IL 60611-7603    New York
Tel 312 222-9350     Washington, DC
www.jenner.com

VIA FACSIMILE

Aaron A. Barlow
Tel  312 923-8308
Fax  312 923-8408
abarlow@jenner.com

William C. Ferebee
O'Donnell Ferebee Medley & Keiser, P.C.
450 Gears - 8th Floor
Houston, TX 77067-4512

Re:    Dow v. HRD Corporation

Dear Bill,

I'm writing to confirm what I believe to be our agreements and disagreements arising from our meet and confer today.

1.    On Dow's redactions, we agreed each side would consider whether it would be fruitful to conduct a face-to-face meeting among Dow's in-house experts, HRD's outside experts (other than Mr. Borsinger) and the attorneys to review unredacted documents from the key categories of information related to HRD's contention that Dow left in and/or added light ends to the process. The purpose of this would be to allow HRD to have sufficient information to, if possible, lay a foundation for its contention that some or all of the categories of Dow's redactions relating to the manufacturing process need to be removed.  The documents will be shown to HRD's experts, but Dow will not leave the documents with them or HRD's attorneys pending follow-up discussion on the redactions.

2.    We agreed that you would provide a few samples of what you believe to be redacted business information related to HRD or its products.

3.    You agreed to provide information showing that Dow produced a two-pack product at Sarnia or that HRD believed that Dow produced a two-pack product at Sarnia.

4.    You agreed to produce corporate minute documents related to wax or two-packs.  We contended we were entitled to more than that, but would review what you produce and follow-up if what you produce is insufficient.

5.    You agreed to produce certain financial information which we would review and decide whether it was sufficient.

6.    You were not willing to confirm or deny whether you searched Marcus India for responsive documents.

7.    The parties agreed to exchange lists next Thursday of the locations where document searches were conducted.

William C. Ferebee
September 28, 2007
Page 2

8.    You agreed to search emails of HRD, the Hassans and Borsinger related to polyethylene wax and two-packs and the other documents requested in our requests 107-109.

9.    You would not agree to search emails for documents related to adhesives or non-PE wax to the extent not related to PE wax or two-packs.

10.    You object to producing any documents related to the fire and explosion in Houston.

11.    You object to producing any documents related to HRD's dealings with Iran and OFAC.

12.    You agreed to send the documents responsive to Greg Borsinger's subpoena either today or tomorrow.

13.    You agreed to provide a response to Interrogatory No. 14 shortly.

Please let us know immediately if we have misstated any of of the above.

Very truly yours,

Aaron A. Barlow

AAB:pts

# FAX TRANSMITTAL          JENNER & BLOCK

Jenner & Block LLP                    Chicago
330 N. Wabash Avenue                  Dallas
Chicago, IL 60611                     New York
Tel 312 222-9350                      Washington, DC
www.jenner.com

| | | | |
|---|---|---|---|
| Date: | September 28, 2007 | | |
| To: | William C. Ferebee<br>O'Donnell Ferebee Medley & Keiser,<br>P.C. | Fax:<br>Voice: | (281) 875-4962<br>(281) 875-8200 |
| From: | Aaron A. Barlow<br>abarlow@jenner.com | Fax:<br>Voice: | 312 923-8408<br>312 923-8308 |
| Employee Number: | 027981 | Client Number: | 37571-11117 |

**Important:** This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is attorney work product, privileged, confidential, and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via postal service. Thank you.

**Message:**

---

Total number of pages including this cover sheet: 3          Time Sent: 2:00 p.m.

If you do not receive all pages, please call: 312 222-9350          Sent By: Pat Sotiropoulos

Secretary: Patty T. Sotiropoulos          Extension: 4791

```
*************** -COMM. JOURNAL- ***************** DATE SEP-28-2007 ***** TIME 14:15 *** P.01

   MODE = MEMORY TRANSMISSION                START=SEP-28 14:14    END=SEP-28 14:15

     FILE NO.= 212

   STN    COMM.      ONE-TOUCH/    STATION NAME/EMAIL ADDRESS/TELEPHONE NO.    PAGES    DURATION
   NO.               ABBR. NO.

   001    OK         &            912818754962---8888148188                   003/003  00:01:06


   ***********************************  -        - *****  -              - ********
```

# FAX TRANSMITTAL          JENNER&BLOCK

Jenner & Block LLP          Chicago
330 N. Wabash Avenue        Dallas
Chicago, IL  60611          New York
Tel 312 222-9350            Washington, DC
www.jenner.com

| | |
|---|---|
| Date: | September 28, 2007 |
| To: | William C. Ferebee |
| | O'Donnell Ferebee Medley & Keiser, P.C. |
| From: | Aaron A. Barlow |
| | abarlow@jenner.com |
| Employee Number: | 027981 |

| | |
|---|---|
| Fax: | (281) 875-4962 |
| Voice: | (281) 875-8200 |
| Fax: | 312 923-8408 |
| Voice: | 312 923-8308 |
| Client Number: | 37571-11117 |

**Important:** This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is attorney work product, privileged, confidential, and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via postal service. Thank you.

Message:

---

| | |
|---|---|
| Total number of pages including this cover sheet: 3 | Time Sent: 2:00 p.m. |
| If you do not receive all pages, please call: 312 222-9350 | Sent By: Pat Sotiropoulos |
| Secretary: Patty T. Sotiropoulos | Extension: 4791 |

# **Exhibit 4**

# JENNER&BLOCK

November 21, 2007

VIA FACSIMILE

William C. Ferebee
O'Donnell Ferebee Medley & Keiser, P.C.
450 Gears - 8th Floor
Houston, TX 77067-4512

Jenner & Block LLP          Chicago
330 N. Wabash Avenue       Dallas
Chicago, IL 60611-7603     New York
Tel 312 222-9350           Washington, DC
www.jenner.com

Aaron A. Barlow
Tel  312 923-8308
Fax  312 923-8408
abarlow@jenner.com

Re:     Dow v. HRD Corporation

Dear Bill:

I am writing to confirm what you told me the last time we spoke regarding the redaction issue, and, hopefully, to convince you to change your position. When we last spoke on this subject, you refused to meet to attempt to resolve our dispute over Dow's redactions of its documents because your experts told you they would not testify at trial unless they have access to every document, in unredacted form, to which Dow's employees have had access. Of course, in this case, Dow's own experts will only be shown documents in the same form as they are produced to HRD. Consequently, HRD's experts will have access to the identical information as Dow's experts. As for Dow's employees, they will not be shown unredacted documents in preparation for any of their testimony in this case, and, Dow will not seek to present any testimony of a Dow employee that relies on information that has been redacted in this case. Consequently, your position is meritless.

Furthermore, the documents in question contain information on numerous categories that have nothing to do with any of the issues in this lawsuit. For example, the blender equipment used to make ESI, but was never used in making the PE wax products for your client. In addition, you have an obligation independent of your experts to determine what evidence is needed for this case. You cannot hide behind an uninformed statement of your experts as grounds for seeking irrelevant discovery.

Please reconsider your position and agree to meet with us on this issue. Please let us know by Monday whether you will change your position on this matter.

Very truly yours,

*Aaron A. Barlow*

Aaron A. Barlow
AAB:pts

# FAX TRANSMITTAL          JENNER&BLOCK

Jenner & Block LLP          Chicago
330 N. Wabash Avenue        Dallas
Chicago, IL 60611           New York
Tel 312 222-9350            Washington, DC
www.jenner.com

Date:              November 21, 2007

To:                William C. Ferebee          Fax:        (281) 875-4962
                   O'Donnell Ferebee Medley & Keiser,   Voice:      (281) 875-8200
                   P.C.

From:              Aaron A. Barlow              Fax:        312 923-8408
                   abarlow@jenner.com          Voice:      312 923-8308

Employee Number:   027981                       Client Number:    37571-11117

**Important:** This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is attorney work product, privileged, confidential, and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via postal service. Thank you.

**Message:**

Total number of pages including this cover sheet:  2          Time Sent:

If you do not receive all pages, please call:  312 222-9350   Sent By:  Pat Sotiropoulos

Secretary:  Pat Sotiropoulos                               Extension:  4791

```
*************** -COMM. JOURNAL- ***************** DATE NOV-21-2007 ***** TIME 13:25 *** P.01

    MODE = MEMORY TRANSMISSION              START=NOV-21 13:24     END=NOV-21 13:25

    FILE NO.= 121

  STN   COMM.   ONE-TOUCH/   STATION NAME/EMAIL ADDRESS/TELEPHONE NO.   PAGES   DURATION
  NO.           ABBR. NO.

  001    OK       ☎          912818754962---3757111117                 002/002  00:01:04
                                                           -                      -
  ***********************************  -           - ***** -           - ********
```

# FAX TRANSMITTAL          JENNER&BLOCK

Jenner & Block LLP        Chicago
330 N. Wabash Avenue      Dallas
Chicago, IL 60611         New York
Tel 312 222-9350          Washington, DC
www.jenner.com

| | | | |
|---|---|---|---|
| Date: | November 21, 2007 | | |
| To: | William C. Ferebee<br>O'Donnell Ferebee Medley & Keiser, P.C. | Fax:<br>Voice: | (281) 875-4962<br>(281) 875-8200 |
| From: | Aaron A. Barlow<br>abarlow@jenner.com | Fax:<br>Voice: | 312 923-8408<br>312 923-8308 |
| Employee Number: | 027981 | Client Number: | 37571-11117 |

**Important:** This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is attorney work product, privileged, confidential, and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via postal service. Thank you.

**Message:**

---

Total number of pages including this cover sheet: 2        Time Sent:

If you do not receive all pages, please call: 312 222-9350    Sent By: Pat Sotiropoulos

Secretary: Pat Sotiropoulos                                  Extension: 4791

# **Exhibit 5**

**JENNER&BLOCK**

December 10, 2007

VIA FACSIMILE

William C. Ferebee
O'Donnell Ferebee Medley & Keiser, P.C.
450 Gears - 8th Floor
Houston, TX 77067-4512

Jenner & Block LLP          Chicago
One IBM Plaza              Dallas
Chicago, IL 60611-7603     New York
Tel 312 222-9350           Washington, DC
www.jenner.com

Aaron A. Barlow
Tel  312 923-8308
Fax  312 923-8408
abarlow@jenner.com

Re:    Dow v. HRD Corporation

Dear Bill,

I am writing regarding our attempt to meet and confer in good faith on the issue of Dow's redactions of certain technical information. We believe that your actions show that you still have not engaged in a good faith meet and confer, and that you are unwilling to discuss redaction issues relating to this case in any meaningful way.

When we last spoke on this subject, you informed me that you refused to meet with both sides' attorneys and experts to resolve our dispute over Dow's redactions because your experts told you they would not testify at trial unless they have access to every document, in unredacted form, to which Dow's employees and experts have had access. HRD's reasoning for refusing to meet with Dow makes no sense, and does not fulfill your obligation to conduct a good faith meet and confer. Of course, Dow's experts in this case will only see documents in the same form as they are produced to you. So your objection on that ground is meritless.

Dow employees will obviously have personal knowledge of an assortment of products and processes that are not related to this litigation. However, this does not give HRD's experts the right to see every document or portion of document upon which the employees' personal knowledge is based. For example, Dow's employees know things about ethylene-styrene interpolymers which were made at Sarnia before Dow and HRD began working on this project. They also have knowledge about blenders, which were used to produce ethylene-styrene interpolyers at Sarnia. Some of the redactions relate to this blender information. However, Dow's employees' knowledge of this information has no relevance to this case and your experts have no reason to see it.

If you recall we previously discussed your contention that Dow's catalyst and information on reactor conditions is relevant to this litigation. You stated that your experts informed you that such information related to whether Dow used its best efforts to eliminate light ends form the product. We asked you to explain how catalyst and reactor information bears on the issue of the light-ends issue, but you could not do so. Instead, you deferred to your experts' blanket statement that Dow's catalyst and reactor information might be relevant to the case. As you know, you are required to meet and confer in good faith to resolve discovery disputes. Merely relying on your experts' conclusory statements of relevance without providing any explanation as to why this information is relevant does not fulfill this obligation.

William C. Ferebee
December 10, 2007
Page 2

It became apparent in our last meet and confer that HRD's experts needed to be present in order to conduct a proper meet and confer session. Consequently, Dow suggested, and HRD agreed to consider having both sides' experts and attorneys meet to discuss the categories of redacted information in an attempt to resolve many, if not all, of the disputed issues. This meeting would have allowed Dow to consider HRD's contentions that certain information was relevant to the case, without which, Dow would be left with HRD's experts' contention that the redacted information was relevant to the case with no supporting explanation.

Despite agreeing to consider Dow's proposal, you never responded to the numerous dates that Dow proposed to conduct the meeting. You also did not respond to my letter of November 21, 2007 asking you to reconsider your position and agree to meet with us to discuss the redactions at issue in this case.

We still do not understand the basis for your contention that the categories of redacted information are relevant to any issue in the lawsuit.

We believe that you have failed to engage in a good faith meet and confer regarding the redactions at issue in this case. Given that we have repeatedly requested that you provide us with this information and you have refused to change your opinion, if we have not heard from you by the close of business on Thursday, we will assume you are not going to change your position.

Very truly yours,

Aaron A. Barlow

# F A X   T R A N S M I T T A L         J E N N E R & B L O C K

Jenner & Block LLP                Chicago
330 N. Wabash Avenue              Dallas
Chicago, IL 60611                 New York
Tel 312 222-9350                  Washington, DC
www.jenner.com

Date:           December 10, 2007

To:             William Ferebee          Fax:     281-875-4962
                O'Donnell, Ferebee, Medley &   Voice:   281-875-8200
                Keiser, P.C.

From:           Aaron A. Barlow           Fax:     312 923-8408
                abarlow@jenner.com        Voice:   312 923-8308

Employee Number:                         Client Number:   37571-11117

**Important:**  This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is attorney work product, privileged, confidential, and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via postal service. Thank you.

**Message:**

Total number of pages including this cover sheet:      Time Sent:

If you do not receive all pages, please call:  312 222-9350      Sent By:

Secretary:  Patty T. Sotiropoulos      Extension:  4791

```
************ -COMM. JOURNAL- ****************** DATE DEC-10-2007 **** TIME 18:30 *** P.01

    MODE = MEMORY TRANSMISSION           START=DEC-10 18:28      END=DEC-10 18:30

        FILE NO.= 012

    STN    COMM.    ONE-TOUCH/    STATION NAME/EMAIL ADDRESS/TELEPHONE NO.    PAGES    DURATION
    NO.             ABBR. NO.

    001    OK       ☎            912818754962---3757111117                  003/003   00:01:19

                                                    -JENNER BLOCK LLP            -

    *********************************** -        - **** -            - ******
```

# FAX TRANSMITTAL        JENNER&BLOCK

Jenner & Block LLP          Chicago
330 N. Wabash Avenue        Dallas
Chicago, IL 60611           New York
Tel 312 222-9350            Washington, DC
www.jenner.com

Date:          December 10, 2007

To:            William Ferebee              Fax:      281-875-4962
               O'Donnell, Ferebee, Medley &  Voice:    281-875-8200
               Keiser, P.C.

From:          Aaron A. Barlow              Fax:      312 923-8408
               abarlow@jenner.com           Voice:    312 923-8308

Employee Number:                           Client Number:     37571-11117

**Important:** This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is attorney work product, privileged, confidential, and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via postal service. Thank you.

Message:

Total number of pages including this cover sheet:          Time Sent:

If you do not receive all pages, please call:  312 222-9350    Sent By:

Secretary: Betty T. Satirapradunu                         Extension: 4791

# **<u>Exhibit 6</u>**

12/12/2007 15:21 FAX                                                                    ☑002/003



**O'DONNELL
FEREBEE
MEDLEY &
KEISER, P.C.**

William C. Ferebee

**ATTORNEYS AT LAW**                              (281) 875-8200

December 12, 2007

VIA FAX (312) 923-8408

Mr. Aaron Barlow
Jenner & Block LLP
One IBM Plaza
Chicago, IL 60611-7603

     RE:   Dow v. HRD Corporation; *Our File No. M313.00026.*

Dear Mr. Barlow:

     This letter is in response to your letter dated December 10, 2007, regarding Dow's redaction of documents. First your letter overstates HRD's position on redactions.

     HRD's experts want a "level playing field". In other words, if Dow's witnesses (whether designated an expert or not) have seen an unredacted document, then our experts want to see the same document without redactions. That statement however does not apply to every document your experts and employees have ever seen in their life. **It only applies to the documents that Dow has produced in this litigation.** Frankly I am at a loss as to why Dow has any difficulty understanding that concept. If the roles were reversed, I am certain Dow would be taking the same position.

     This is particularly true in this case where Dow has redacted all of the meaningful information from virtually every technical document.

     At some point in time you suggested that our experts meet to see if they could agree on what was to be redacted. I expressed my reservations because I couldn't see how the 90,000 plus documents could be reviewed in less than two weeks. You suggested that the experts not review the documents one by one but rather discuss the matter in generalities. I took this suggestion back to my experts and they were unanimous and unequivocal in stating that they wanted the level playing field I discussed above.

     I am not sure what you hope to accomplish in a meeting of experts. My experts will not willingly be blindsided in deposition or trial by documents that your employees and/or experts have seen but which they have not seen.

     You keep forgetting that Dow's confidential information is fully protected by the Order that you prepared and the Court signed.

450 Gears - Eighth Floor■Houston, Texas 77067-4512■Fax (281) 875-4962■Email: wferebee@ofmklaw.com

Maybe my plant/processing expert would change his mind after he has a chance to see the actual facility at Sarnia were the product was made.  Can you arrange for that inspection?

Very Truly Yours,

O'DONNELL, FEREBEE, MEDLEY & KEISER, P.C.

*William C. Ferebee*

WILLIAM C. FEREBEE

cc:    CLIENT, *via fax*

WCF/cm

450 Gears – Eighth Floor■Houston, Texas 77067-4512■Fax (281) 875-4962■Email: wferebee@ofmklaw.com

# **Exhibit 7**

# JENNER&BLOCK

December 18, 2007

Jenner & Block LLP     Chicago
330 N. Wabash Avenue   Dallas
Chicago, IL 60611-7603   New York
Tel 312 222-9350     Washington, DC
www.jenner.com

VIA FACSIMILE

William C. Ferebee
O'Donnell Ferebee Medley & Keiser, P.C.
450 Gears - 8th Floor
Houston, TX 77067-4512

Aaron A. Barlow
Tel  312 923-8308
Fax  312 923-8408
abarlow@jenner.com

Re:    Dow v. HRD Corporation

Dear Bill,

I am writing in response to your letter dated December 12, 2007 regarding your refusal to engage in a meet and confer with the parties' experts to discuss Dow's redactions.

You seem to be missing the point I have repeatedly raised with respect to the redacted material. In the document set at issue, our witnesses will see the exact same information as HRD's experts. HRD's experts cannot be concerned that they will not be on a "level playing field" with respect to Dow's documents, because the "field" of documents for both sides' witness will be the same. Your suggestion that we would redact relevant information only to blindside HRD's experts or you with the unredacted versions at deposition or at trial is unfounded, and would not be countenanced by the Court in any event.

You mentioned that you are not sure what we could accomplish in a meeting of the experts. As you know, the purpose for the meeting is to determine if any of the redacted information is relevant to issues in this lawsuit. During our discussions, you have never been able to articulate why any of the redacted information is relevant to any of the issues in the case or otherwise discoverable. Rather, you have consistently deferred to your experts' conclusory statements that they "want" to see the redacted information. The issue is not what experts "want" to review, but rather what experts reasonably need to review to express their opinions – in other words, whether the requested information is relevant. If, in fact, your experts have a basis for believing that any of the categories of redacted information are relevant, we would like to discuss that basis so that we could potentially make a decision to unredact certain information. For example, we still have no basis for understanding why you believe information regarding the catalyst system could be relevant, or why information relating to blenders that were not even used on the products at issue could be relevant. Yet, you steadfastly maintain that all of this information should be unredacted. Thus, the purpose of the meeting is to give HRD, through its experts, the opportunity to explain why any of the categories of redacted information are relevant to the issues in the lawsuit.

Your last paragraph regarding an inspection of the actual facility at Sarnia appears to be disingenuous at best. If your experts think they could determine the relevance of certain information after visiting the plant, they should be able to identify and describe what redacted information relating to the manufacturing process could be relevant in a meeting. HRD's expert

William C. Ferebee
December 18, 2007
Page 2

does not need to see the plant to discuss what types of information are relevant to the lawsuit and explain to us what you have been unable to do, namely, why the redacted categories of information are relevant.  If your plant/processing expert believes that there is relevant information that he would like to see, we can discuss at a meeting the possibility of unredacting information that we agree is in fact relevant.

We would really like to resolve this issue, and we continue to believe that a good faith meet and confer is likely to be very helpful (in addition to being required by the local rules).  We would like to understand whether you have a basis to assert that the redacted information is relevant or otherwise discoverable.  However, you appear to be unwilling to do so.

Very truly yours,

Aaron A. Barlow

```
************* -COMM. JOURNAL- ************** DATE DEC-19-2007 ***** TIME 08:59 *********

    MODE = MEMORY TRANSMISSION          START=DEC-19 08:58    END=DEC-19 08:59

      FILE NO.=874

  STN    COMM.   ONE-TOUCH/   STATION NAME/TEL. NO.              PAGES   DURATION
  NO.            ABBR NO.

  001    OK      ∡            912818754962---3757111117          003/003 00:00:35
```

-JENNER BLOCK

```
******************************* -          - **** -   312 527 0484- *********
```

# FAX TRANSMITTAL    # JENNER&BLOCK

Jenner & Block LLP          Chicago
330 N. Wabash Avenue        Dallas
Chicago, IL 60611           New York
Tel 312 222-9350            Washington, DC
www.jenner.com

| | | | |
|---|---|---|---|
| Date: | December 18, 2007 | | 281 |
| To: | William C. Ferebee | Fax: | 218.875.4962 |
| | O'Donnell, Ferebee, Medley & | Voice: | 218.875.8200 |
| | Kaiser, P.C. | | |
| From: | Aaron B. Barlow | Fax: | 312.923.8408 |
| | abarlow@jenner.com | Voice: | 312.923.8308 |
| Employee Number: | | Client Number: | 37571-11117 |

Important: This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is attorney work product, privileged, confidential, and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via postal service. Thank you.

Message:

| | |
|---|---|
| Total number of pages including this cover sheet: 3 | Time Sent: |
| If you do not receive all pages, please call: 312 222-9350 | Sent By: |
| Secretary:  Rosalind G. Singleton | Extension: 7883 |