UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DOW CHEMICAL CANADA, INC.<br>on its own behalf and as assignee of<br>THE DOW CHEMICAL COMPANY<br>　　Plaintiff,<br><br>VS.<br><br>HRD CORPORATION (d/b/a<br>Marcus Oil & Chemical)<br>　　Defendant, Counterclaim Plaintiff<br><br>VS.<br><br>DOW CHEMICAL CANADA, INC.<br>on its own behalf and as assignee of<br>THE DOW CHEMICAL COMPANY and<br>THE DOW CHEMICAL COMPANY,<br>　　Counterclaim Defendants. | § § § § § § § § § § § § § § § § § § | C.A. No. 05-23 (JJF) |

HRD CORPORATION'S RESPONSE TO DOW'S MOTION TO COMPEL
REGARDING HRD'S TRADE SECRETS

OF COUNSEL:

Michael Landrum
William C. Ferebee
O'DONNELL   FEREBEE   MEDLEY
KEISER, PC
450 Gears, Eighth Floor
Houston, TX 77067-4512
(281) 875-8200 (telephone)
(281) 875-4962 (facsimile)

Dated: January 16, 2008

W. Harding Drane, Jr. (#1023)
Suzanne M. Hill (#4414)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
1313 N. Market Street
Wilmington, DE  19899-0951
302) 984-6000
wdrane@potteranderson.com
shill@potteranderson.com

*Attorneys for HRD Corporation*

On January 9, 2008, plaintiffs Dow Chemical Canada Inc. and The Dow Chemical Company (collectively, "Dow") filed a motion (the "Motion" or "Mot.") seeking to compel defendant/ counterclaim plaintiff HRD Corporation ("HRD") to provide "proper" answers to Dow's Interrogatories 3 and 4 (the "Interrogatories"). (D.I. 114) The Interrogatories seek more detailed information regarding HRD's counterclaim for misappropriation of trade secrets. (See Mot. Ex. 1)

Dow's Motion to Compel should be denied for at least the following three reasons: (1) HRD's Second Amended Answers to Dow's Interrogatories 3 and 4 (the "Responses", *see* Motion Ex. 2, Part 1a) are sufficient at this stage of the proceedings, particularly in view of the limited information that Dow has provided to date in response to HRD's written discovery requests, and the fact that much of the information needed to respond to the Interrogatories in Dow's exclusive possession and control; (2) for that reason, Dow's motion is premature; (3) the true basis of the Motion is not that HRD has not answered the Interrogatories; instead, Dow seeks improperly in a discovery motion to challenge the legal sufficiency of HRD's misappropriation counterclaim.

As the Court is aware from previous motion practice in this case, HRD's plant and offices and many of HRD's records were destroyed in a fire that occurred before this litigation commenced. Further, Dow has hidden material information from HRD through the use of massive redactions that render many of the documents it produced meaningless. Those redactions are the subject of HRD's pending Second Motion to Compel. (D.I. 95) As a result of the fire and Dow's redactions, many of the exact details of how and when Dow misappropriated HRD's trade secrets are contained in Dow documents and in the knowledge of Dow's employees.

Notwithstanding HRD's limited access to detailed information, HRD already has identified 39 separate items that it claims as trade secrets that were disclosed to Dow. (*See* Motion Ex. 2, Part 1a, pp. 2-6). HRD also has identified a number of individuals with knowledge of facts related to Dow's alleged misappropriation of trade secrets. These individuals include employees of Dow and HRD, as well as HRD's customers and other third parties. *Id.* p.2. In addition, HRD has provided extensive information regarding the means by which HRD believes Dow misappropriated HRD's trade secrets, and HRD has identified relevant documents, to the extent they are available to HRD at this time. *Id.* pp. 6-9. HRD noted in its Responses that it will provide more details regarding Dow's misappropriation after HRD receives from Dow disclosures regarding information within Dow's possession and control, most notably documentation regarding "the similarity of Dow's products with the JDA products [i.e. products developed pursuant to the Joint Development Agreement between Dow and HRD], and Dow's use of product, market and other business information." *Id.* p. 9.

In the Motion, Dow complains that some of the 39 items identified by Dow were "generally known" or "readily ascertainable" to the relevant public. (Motion at 1). Dow then attaches numerous exhibits to "prove" its contention. Dow's argument is superficial and without merit. The mere fact that the public may have known in general about certain items – e.g. market sectors and products – does not mean that they were aware of the confidential and proprietary details disclosed by HRD to Dow during their business relationship. Borsinger Aff. ¶¶5-12.[1] For example, although the general markets available for metallocene waxes are disclosed in the public domain – the size, key customers, and product characteristics to satisfy the market segment are not generally known and were shared with Dow. *Id.* ¶5. Likewise,

---

[1] The Affidavit of Gregory Borsinger ("Borsinger Aff.") is being filed contemporaneously in support of this response.

2

details regarding the nature, cost structure, target market and market introduction information regarding the 3-pack were all proprietary to HRD. *Id.* ¶8

The Interrogatories are "contention interrogatories", in that they seek all facts and other information upon which HRD bases its misappropriation claim.[2] Rule 33 of the Federal Rules of Civil Procedure specifically recognizes that to fully answer a contention interrogatory, a party may first need to conduct discovery: "An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, <u>but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time</u>." (Emphasis supplied) That recognition is particularly appropriate here, because, as noted above, details regarding Dow's alleged misappropriation rest largely within Dow's exclusive control. Thus, the Court should allow HRD to supplement its Responses, if necessary, after pertinent discovery is complete.

The purpose of interrogatories that seek a party's contentions and supporting facts, such as 3 & 4, is to require HRD to state its position. Whether HRD's misappropriation claim is legally valid or not is a question to be decided at trial, or possibly on summary judgment, but only *after* discovery is complete. While Dow claims that it doesn't understand the trade secrets being asserted (Motion ¶9), it obviously had no difficulty in understanding HRD's claims 1, 9, 11, 14-16 and 22-24 because it attaches documents that it claims controvert these trade secrets. This belies Dow's complaints that the information is not sufficient to enable it to comprehend the trade secret claim.

---

[2] *See Fischer and Porter Cop. v. Tolson*, 143 F.R.D. 93 (E.D. Pa. 1992) (motion to compel responses to interrogatories denied, without prejudice, except to the extent they seek the identities of witnesses or documents); and *In Re Covergent Technologies Securities Litigation*, 108 F.R.D. 328, 332 (N.D. Cal. 1985) (discussing various types of contention interrogatories, including those that ask for "all facts and evidence" on which a party bases a contention, and ruling that a party that wishes to propound such contention interrogatories before substantial documentary and testimonial discovery has been completed, has a burden to demonstrate that the early use of such interrogatories will materially advance the goals of the Federal Rules of Civil procedure). Dow has made no such demonstration in its Motion.

3

The case law mentioned by Dow (Motion at 1) does not support its arguments, and instead supports denial of the Motion. The court's opinion in *Savor, Inc. v. FMR Corp.*, 2004 WL 1965869 (Del. Super. Ct. 2004) (Motion at 1), was rendered on motions for summary judgment, not on a discovery motion.[3] Dow fails to mention a previous opinion in the *Savor* case, where the court ruled that a motion for summary judgment was "premature", because the record at that stage included only "'first-cut' interrogatory answers ... and self serving affidavits," and that "[p]rudence dictates that further discovery be permitted before requests for dispositive relief are entertained." *Savor, Inc. v. FMR Corp.*, 2003 WL 21054394 (Del. Super. Ct. 2003) at *1. (Ex. 1 hereto) "At a minimum," the court continued, any further motion for summary judgment should await completion of depositions of the key witnesses with knowledge of pertinent communications, and expert reports and/or Rule 26(b) disclosures addressing specifically the identification/explanation of the trade secret, with follow-up expert discovery as appropriate." *Id.* Thus, in accordance with the ruling in *Savor*, this Court should address Dow's assertions that HRD's trade secret claims are legally deficient, if at all, only after completion of pertinent witness depositions and expert discovery.

Finally, Dow complains that HRD did not sufficiently describe how Dow misappropriated each trade secret. This complaint cannot have merit because Dow has attached exhibits to its motion that <u>supposedly</u> are evidence that the HRD trade secrets are invalid. In other words, Dow understands HRD's responses, but Dow does not agree with them. However, mere disagreement with a discovery response is not a proper ground for moving to compel an additional or different response.

For all of these reasons, the Motion should be denied.

---

[3] *Imax Corp. v. Cinema Technologies, Inc.*, 152 F.3d 1161 (9th Cir. 1998) is likewise not on point, because it is a summary judgment ruling. *Cromaglass Corp. v. Ferm*, 344 F. Supp. 924 (M.D. Pa. 1972) involved sanctions for a party's refusal to comply with a court order, and thus has no bearing on this case.

4

| | |
|---|---|
| OF COUNSEL:<br><br>Michael Landrum<br>William C. Ferebee<br>O'DONNELL FEREBEE MEDLEY & KEISER, PC<br>450 Gears, Eighth Floor<br>Houston, TX 77067-4512<br>(281) 875-8200 (telephone)<br>(281) 875-4962 (facsimile)<br><br>Dated: January 16, 2008<br>842747/28882 | POTTER ANDERSON & CORROON LLP<br><br>By: _/s/ W. Harding Drane, Jr._<br>W. Harding Drane, Jr. (#1023)<br>Suzanne M. Hill (#4414)<br>1313 N. Market Street<br>Wilmington, DE 19899-0951<br>(302) 984-6000<br>wdrane@potteranderson.com<br>shill@potteranderson.com<br><br>*Attorneys for HRD Corporation* |

5