# EXHIBIT 1

———————————(Cite as: 2003 WL 21054394 (Del.Super.))———————————

Not Reported in A.2d, 2003 WL 21054394 (Del.Super.)

Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Superior Court of Delaware.
SAVOR, INC.
v.
FMR CORP. and Upromise, Inc.
No. Civ.A. 00C10249JRS.
Submitted March 14, 2003.
Decided April 3, 2003.

Upromise, Inc.'s Motion for Summary Judgment-Denied.

Dear Counsel:

SLIGHTS, J.
*1
———————————(Cite as: 2003 WL 21054394, *1 (Del.Super.))———————————

Defendant, Upromise, Inc. ("Upromise"), has moved for summary judgment in this misappropriation of trade secrets case on the grounds that the undisputed facts of record reveal that Plaintiff, Savor, Inc. ("Savor"), has failed to identify a trade secret worthy of statutory protection and has failed to identify the manner in which any trade secret it may have possessed was misappropriated by Upromise. This motion follows Upromise's motion to dismiss on essentially the same grounds which was granted by the Court on March 14, 2002. The Court's order of dismissal was reversed in part by the Supreme Court of Delaware on November 25, 2002. Since the remand of this matter by Mandate dated December 13, 2003, the Court has convened a scheduling conference, the parties have exchanged written discovery, and Savor has provided responses to the written discovery. No other discovery has been initiated by the parties.

Upromise's motion for summary judgment is premised upon Savor's responses to a handful of interrogatories that it contends are insufficient to raise a factual issue with respect to the existence and/or misappropriation of a trade secret. At oral argument, counsel for Upromise acknowledged that Savor properly could have responded to the motion for summary judgment with an affidavit in accordance with Delaware Superior Court Rule 56(f) but it declined to do so. [FN1] Upon inquiry of the Court, Savor confirmed that it was not making a Rule 56(f) application because it did not believe one was necessary. According to Savor, the record as it stands is adequate to deny the motion because the trade secret and the manner of its misappropriation have been sufficiently identified in the pleadings and in response to the defendants' interrogatories to allow the disputed issues of fact to be determined by the jury.

> FN1. Del.Super. Ct. Civ. R. 56(f) provides: "Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the Court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or make such other order as is just."

Upon review of the record, the Court is satisfied that entry of judgment at this time would be

premature. Summary judgment is not appropriate when the Court determines that it does not have sufficient facts in the record to enable it to apply the law to the facts before it.[FN2] Such is the case here. The Court is not inclined to rule on a record which is comprised only of "first-cut" interrogatory answers (thus far unchallenged by Rule 37 motion practice) and self serving affidavits. Admittedly, the Court's sensitivity to the status of the record is enhanced by the procedural history of this case. Nevertheless, this history cannot be ignored. Prudence dictates that further discovery be permitted before requests for dispositive relief are entertained.

> FN2. See Ebersole v. Lowengrub, 180 A.2d 467, 470 (Del.1962). See also Guy v. Judicial Nominating Comm'n, 659 A.2d 777, 780 (Del.Super.1995) (citation omitted)("summary judgment may not be granted … if it seems desirable to inquire more thoroughly into the facts in order to clarify the application of law to the circumstances").

The Court envisions a bifurcated discovery plan, the particulars of which will be ironed out with counsel at a status conference to be scheduled promptly by the Court. The first phase of discovery will address the trade secret and misappropriation issues. The second phase will address causation and damages. And while the Court does not intend to outline specifically the scope of discovery that should be initiated, it seems clear, at a minimum, that the following discovery should be made a part of the record before the Court considers another motion for summary judgment the deposition of Mr. Doyle (to be limited for now to trade secret and misappropriation issues); the depositions of the individuals involved in the direct communications between Savor and FMR Corp., including Mr. Claude and Mr. Fadule (to be limited to the trade secret and misappropriation issues); and expert reports and/or Rule 26(b) disclosures from Savor (and, perhaps, the defendants) addressing specifically the identification/explanation of the trade secret, with follow-up expert discovery as appropriate. The Court will, of course, consider appropriate applications for protection along the way to limit the scope of discovery consistent with the bifurcated plan.[FN3]

> FN3. See e.g. Engelhard Corp. v. Savin Corp., 505 A.2d 30, 33 (Del. Ch.1986) (recognizing general rule that plaintiff may not obtain discovery of its adversary's trade secrets until it has identified its own trade secret with "reasonable particularity").

*2
————————————————(Cite as: 2003 WL 21054394, *2 (Del.Super.))————————————————

The motion for summary judgment is DENIED with leave to renew after further development of the record.

IT IS SO ORDERED.

Del.Super.,2003.
Savor, Inc. v. FMR Corp.
Not Reported in A.2d, 2003 WL 21054394 (Del.Super.)

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, W. Harding Drane, Jr., hereby certify that on January 16, 2008, a copy of the foregoing document was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF and in addition copies were delivered as indicated below:

BY HAND
Kenneth Nachbar
Thomas W. Briggs
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

I hereby certify that on January 16, 2008, I have Electronically Mailed the document to the following non-registered participants:

Harry J. Roper
Raymond N. Nimrod
Aaron A. Barlow
Jenner & Block LLP
One IBM Plaza
Chicago, IL 60611

By: /s/ W. Harding Drane, Jr.
W. Harding Drane, Jr. (#1023)
Richard L. Horwitz (#2246)
Suzanne M. Hill (#4414)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899-0951
(302) 984-6000
wdrane@potteranderson.com
rhorwitz@potteranderson.com
shill@potteranderson.com