UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DOW CHEMICAL CANADA, INC.<br>on its own behalf and as assignee of<br>THE DOW CHEMICAL COMPANY<br><br>Plaintiff,<br><br>v.<br><br>HRD CORPORATION (d/b/a<br>Marcus Oil & Chemical)<br><br>Defendant, Counterclaim Plaintiff | §<br>§<br>§<br>§<br>§<br>§<br>§   C.A. No. 05-23 (JJF)<br>§<br>§<br>§<br>§<br>§<br>§ |

### HRD CORPORATION'S MOTION FOR PROTECTIVE ORDER TO LIMIT SCOPE OF DEPOSITIONS AND REQUESTING EXPEDITED CONSIDERATION

Pursuant to Fed. R. Civ. P. 26(c), Defendant HRD Corporation respectfully asks the Court to grant a partial protective order to limit the scope of examination at depositions planned to take place in Houston, Texas next Monday, February 18 and next Tuesday, February 19, 2008. Specifically, HRD asks that the Court limit Dow to examination regarding HRD's damage claim only, and prohibit Dow at this time from examining the witnesses regarding matters related to settlement negotiations between the parties, and, in particular alleged "threats" that were the subject of Dow's Report To The Court Concerning Unlawful Activity and Emergency Motion to Compel Discovery ("Dow's Motion"). (D.I. 119). Further, HRD respectfully asks the Court to hear counsel on an expedited basis on the present motion.

During the time since the hearing conducted by the Court on January 23, 2008 (Transcript attached as Exhibit A), counsel have conferred extensively regarding the depositions and associated written discovery that Dow seeks from HRD. (Copies of the correspondence between counsel is attached in chronological order as Exhibits B through K).

The parties have reached agreement on all points related to Dow's discovery regarding damages. In particular, HRD has agreed to provide all of the discovery regarding damages that Dow has requested, including written discovery responses, document production, and depositions of four HRD witnesses (Abbas Hassan, Aziz Hassan, Craig Cawley, and Greg Borsinger).[1] However, Dow has insisted on examining these witnesses not only regarding damages, but also regarding other matters related to Dow's Motion. Therefore, the parties have not reached closure regarding the permissible scope of the depositions.

HRD believes that the matters that Dow seeks to inject into the depositions are inappropriate and counter-productive, at least at the present time, because (a) these issues are unrelated to damages, or more broadly to any of Dow's claims or HRD's counterclaims; (b) these issues unnecessarily will raise, not lower, the "temperature" between the parties' principals, and will require HRD to depose Dr. Swogger, Dow's consultant, regarding threats that he allegedly made to "bankrupt" HRD that sparked HRD's response; and (c) even if these issues were relevant (which HRD denies), Dow may inquire into them when it takes depositions of HRD witnesses on the merits.[2]

HRD understood following the January 23, 2008 Hearing that the Court made it clear that it wanted both parties to reduce any antagonism, and get back to addressing the legal issues. ("I think the way to resolve the impasse that is in place [between the parties] is to get to the bottom of what supports – whatever the damage claim of HRD is by way of its counterclaim …. And I will allow both sides the freedom to negotiate with lawyers about what discovery is necessary to

---

[1] HRD has advised Dow's counsel that the volume of documents in HRD's possession regarding the damage claim is small, and that Mr. Cawley has no information regarding the damage claim.

[2] Dow's has asserted that these issues are material "as they go to credibility, motive, and bias." (Exhibit J). As noted, HRD disagrees, but even if this assertion were true, these issues are best left for another day, during depositions on the merits, when cooler heads may or may not find them worth pursuing.

2

try and understand the assertion of the counterclaim amount and the counterclaim in principal.") (Ex. A: Transcript of January 23, 2008 Hearing, pp. 16-17)   The Court also stated that the parties "ought to get away from" any threatening conduct, "and get to work toward factual discovery that will allow people to rationally discuss the lawsuit[,] whether to settle or go to trial." (*Id.* at.18)

If Dow pursues the path it has said it will follow, HRD believes this can only be counter-productive by increasing antagonism, leading to discovery regarding matters unrelated to damages, and wasting valuable time that the parties can better spend addressing the real issues in this litigation and deciding whether to settle or try the case.  Therefore HRD requests that the Court enter a partial protective order in the form attached hereto limiting the scope of the planned depositions to HRD's damage claim.

OF COUNSEL:

William C. Ferebee
Michael Landrum
O'DONNELL FEREBEE MEDLEY &
KEISER, PC
450 Gears, Eighth Floor
Houston, TX 77067-4512
(281) 875-8200 (telephone)
(281) 875-4962 (facsimile)

Dated: February 13, 2008
848256/28882

POTTER ANDERSON & CORROON LLP

By: */s/ W. Harding Drane, Jr.*
    W. Harding Drane, Jr. (#1023)
    Richard L. Horwitz (#2246)
    Suzanne M. Hill (#4414)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE  19899-0951
    (302) 984-6000
    wdrane@potteranderson.com
    rhorwitz@potteranderson.com
    shill@potteranderson.com

*Attorneys for HRD Corporation (d/b/a Marcus Oil & Chemical)*

3