## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DOW CHEMICAL CANADA INC. on its own behalf and as assignee of THE DOW CHEMICAL COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> HRD CORPORATION (d/b/a Marcus Oil & Chemical) <br><br> Defendant, Counterclaim Plaintiff, <br><br> v. <br><br> DOW CHEMICAL CANADA INC., on its own behalf and as assignee of THE DOW CHEMICAL COMPANY, and THE DOW CHEMICAL COMPANY, <br><br> Counterclaim Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )    Case No. 05-023 (JJF) |

## DOW'S OPPOSITION TO HRD CORPORATION'S MOTION FOR PROTECTIVE ORDER TO LIMIT SCOPE OF DEPOSITIONS

Plaintiffs Dow Chemical Canada Inc. and The Dow Chemical Company (collectively, "Dow") respectfully oppose defendant HRD Corporation's ("HRD") motion for a protective order.

HRD takes the extraordinary position that *any* examination about the circumstances of its threats to publicly accuse Dow of criminal wrongdoing – including testing the veracity of representations made by its counsel to this Court – are simply off limits at the upcoming depositions of HRD's principals and other witnesses. As Dow had repeatedly advised HRD, such examination is not intended to be the preponderant focus of the depositions, but will be one

relevant topic of inquiry, for reasons that should be obvious – including, of course, that such examination bears on issues of bias, motive and veracity.

HRD's position that Dow cannot examine the deponents about bias, motive or other impeachment evidence is flatly wrong. Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," and in the Third Circuit, "it is well recognized that the federal rules allow broad and liberal discovery." *Pacitti v. Macy's*, 193 F.3d 766, 777-78 (3d Cir. 1999). Moreover, "impeachment evidence is almost always relevant, for discovery purposes, to the claims or defenses of a party." Moore's Federal Practice, § 6-26[9][a][i]. Indeed, "witness impeachment is a time-honored basis for discovery." *Neuberger v. Shapiro*, 196 F.R.D. 286, 287 (E.D. Pa. 2000); *see also United States v. Int'l Bus. Machs.*, 66 F.R.D. 215, 218 (S.D.N.Y. 1974) ("[O]ne of the purposes of discovery is to obtain information for use on cross-examination and for the impeachment of witnesses.").

In *United States v. Abel*, 469 U.S. 45, 51 (1984), the Supreme Court made clear that "it is permissible to impeach a witness by showing his bias under the Federal Rules of Evidence just as it was permissible to do so before their adoption." Evidence of bias "is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness'[s] testimony." *Id.* at 52. Evidence that an individual is willing to commit a federal crime, in this case extortion, in order to prevail in a lawsuit clearly bears on the accuracy and truth of that individual's testimony at trial. *See Int'l Bus. Machs.*, 66 F.R.D. at 219 (noting that "the nature and the extent of a witness'[s] motives and his interest in the outcome of the case bear importantly upon an evaluation of the witness's[s] objectivity, his bias, and the weight to be accorded his

testimony").[1]  Discovery of such evidence, which could be admissible as proof of bias or prior

bad acts, should therefore be permitted.  *See Behler v. Hanlon*, 199 F.R.D. 553, 555-56 (D. Md.

2001) ("[T]he information sought relates to the credibility of a witness whose testimony will be

directed towards important issues in the cases.  Such information will fall within the scope of

discovery . . . because . . . a witness always may be impeached by evidence that she or he is

biased, prejudiced, has a financial interest in the outcome of the case, or a motive to testify in a

particular manner."); 8 Charles A. Wright, et al., Federal Practice & Procedure § 2015

("Inconsistent statements, criminal convictions, proof of bias, and similar material, being

themselves admissible evidence, cannot be excluded from the scope of discovery.").

Moreover, the impeachment discovery sought here is specific and limited in scope and

clearly well-founded.  "If a plaintiff establishes a reasonable suspicion of misconduct, then

courts should allow discovery requests reasonably likely to either confirm or disconfirm the

presence of bias." *Delso v. Trs. of Ret. Plan for Hourly Employees of Merck & Co., Inc.*, No.

Civ. 04-3009 (AET), 2006 WL 3000199, at *3 (D.N.J. Oct. 20, 2006); *see also Lemanik, S.A. v.

McKinley Allsopp, Inc.*, 125 F.R.D. 602, 610 (S.D.N.Y. 1989) ("[S]ome factual basis for

believing that impeaching evidence will be revealed by the discovery sought is necessary.").

Dow has received documents from the defendants containing what on their face can be deemed

to be extortionate threats. *See* 18 U.S.C. § 875(d).  "The question whether information obtained

in the deposition will be usable, either for cross-examination or as extrinsic proof, is best left

until trial.  In the meantime, the requested discovery, *which may aid in disclosing admissible

evidence or at least offer bases for cross-examination as to credibility, [should] be allowed.*"

---

[1] Dow's requested discovery would also enable it to assess the truthfulness of the defendant's unsworn representations to the Court at the January 23 hearing regarding the possible involvement of counsel in the extortion attempt.  As the Court noted, any involvement by an attorney in such conduct would be a very serious matter.

3

*Neuberger*, 196 F.R.D. at 287 (ordering the deposition of a defendant's independent auditor where the plaintiff sought to impeach the testimony of the defendant's officer with evidence that the officer had submitted false securities filings) (emphasis supplied); *Int'l Bus. Machs.*, 66 F.R.D. at 218 (finding that discovery was warranted where a party demonstrated that it needed the information "to establish the nature and extent of the deponents' biases" (internal quotation marks and alterations omitted)).

HRD's argument that discovery on these issues is best left for another day is similarly without merit. These credibility issues are as relevant to the size of HRD's damages as they are to any other subject that would be covered in a deposition "on the merits." Indeed, HRD itself has brought the issues together through its attempt to use an inflated damages claim in order to extort a settlement out of Dow. And HRD is sure to trot out its "lower the temperature" argument and its need to depose Dr. Swogger whenever Dow seeks discovery on this issue. There is simply no good reason to postpone this discovery.

For the foregoing reasons, Dow respectfully requests that the Court deny HRD's motion for a protective order and instead permit Dow to the full extent of discovery guaranteed it by Rule 26.

4

MORRIS, NICHOLS, ARSHT & TUNNELL
LLP

*/s/ Kenneth Nachbar*

OF COUNSEL:

Harry J. Roper
Raymond N. Nimrod
Aaron A. Barlow
JENNER & BLOCK LLP
330 N. Wabash Ave.
Chicago, IL 60611
(312) 222-9350

Dated: February 14, 2008

Kenneth Nachbar (#2067)
David J. Teklits (#3221)
Thomas W. Briggs, Jr. (# 4076)
1201 N. Market Street
Wilmington, DE  19899-1347
(302) 658-9200
   *Attorneys for Dow Chemical Canada Inc.
   and The Dow Chemical Company*