UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DOW CHEMICAL CANADA INC. on its own behalf and as assignee of THE DOW CHEMICAL COMPANY,<br><br>       Plaintiff,<br><br>       v.<br><br>HRD CORPORATION (d/b/a Marcus Oil & Chemical)<br><br>       Defendant, Counterclaim Plaintiff,<br><br>       v.<br><br>DOW CHEMICAL CANADA INC., on its own behalf and as assignee of THE DOW CHEMICAL COMPANY, and THE DOW CHEMICAL COMPANY,<br><br>       Counterclaim Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 05-023 (JJF)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MOTION FOR THE ENTRY OF A SCHEDULING ORDER
AND FOR RESOLUTION OF HRD'S MOTION FOR A PROTECTIVE ORDER**

Defendant Dow Chemical Canada Inc., on its own behalf, and as assignee of the Dow Chemical Company (collectively "Dow") hereby moves for the entry of a scheduling order in the form attached hereto as Exhibit A, or alternatively, for the entry of a scheduling order in the form attached hereto as Exhibit B. Dow seeks a schedule that brings this case to resolution promptly. Defendant/Counterclaimant HRD Corporation ("HRD") has counterclaims against Dow seeking over $2.6 billion in damages and yet it is seeking unnecessarily to delay the case almost a <u>year</u> past the June 2008 pre-trial hearing date set by the Court. Dow also requests that the Court consider - and deny - HRD's pending motion to limit the scope of depositions of its principals to preclude questions regarding credibility and bias.

## **OVERVIEW**

1.  Dow filed this action more than three years ago, on January 18, 2005. Document discovery is substantially complete (and has been substantially complete since September, 2007).

2.  On January 25, 2008, the Court ordered that a pre-trial conference will be held on Thursday, June 5, 2008 at 11:30 a.m., to be governed by Local Rule 16.3, and that trial will be scheduled at the pre-trial conference to commence within 120 days of the pre-trial conference (*i.e.*, by October 3, 2008). D.I. 124.

3.  In accordance with the Court's direction, Dow proposed a schedule to HRD in compliance with the Court's Order to have a pre-trial conference on June 5, 2008. HRD has refused to agree to that schedule and proposed a schedule for trial in <u>2009</u>. *See* Statement Pursuant to Local 7.1.1 attached hereto. HRD has refused to discuss any schedule other than one that has a pretrial conference in spring of 2009 (and trial presumably in the second half of 2009). Dow does not believe that there is any justification for such delay and, therefore, respectfully requests that the Court enter an Order either in the form attached hereto as Exhibit A, which would result in a pre-trial conference on June 5, 2008 with trial to commence within 120 days (as required by the January 25 Order), or in the form attached hereto as Exhibit B, with a pre-trial conference in September and trial shortly thereafter.

4.  Dow also requests that the Court address the issues raised in HRD's motion for a protective order limiting the scope of the depositions of HRD's witnesses (D.I. 128). At the last four depositions, in contravention of applicable law which requires counsel to simply note objections on the record, counsel for HRD instructed their witnesses not to answer questions going to bias and motive. Copies of the motion and opposition (without exhibits) are attached hereto as Exhibits C and D, respectively, for the Court's convenience. The

depositions will be resumed at a later date during fact discovery and HRD's ability to unilaterally refuse to answer basic questions going to credibility needs to be addressed. In order to continue its stratagem of refusing to respond to such questions, HRD now takes the position that its motion is moot (since four depositions have been partially completed). Apparently, HRD intends to renew its motion on the eve of the resumption of these fact depositions, and then use the fact of the pendency of the motion as a basis for again instructing its witnesses not to answer questions. In any event, since the briefing on the motion was recently completed, and the HRD witnesses have already improperly refused to answer such questions, Dow requests the Court rule on this motion as well.

## FACTS RELATING TO THE SCHEDULING ORDER ISSUE

5.  This case has already been pending for over three years. Documentary discovery is nearly complete. Dow has already produced 94,290 pages of documents. This document production was completed on September 14, 2007, so HRD has had the documents for over five months.

6.  There is no merit whatsoever to HRD's position that discovery cannot be completed until spring of 2009. Such delay is wholly inappropriate. Nor can HRD's counsel be heard to say that completing discovery in the time frames contemplated by Dow is difficult or imposes burdens on them. HRD has chosen to assert a $2.6 billion counterclaim against Dow. Having done so, it and its lawyers have an obligation to be reasonably available to proceed to a trial where the merits of those claims can be adjudicated.

7.  HRD will use the existence of redacted documents to seek to delay the case. That stratagem should fail. Certain documents Dow has produced have been redacted to remove information not relating in any way to HRD's contentions in this litigation. Dow has provided to HRD a list of the categories of information it has redacted. HRD has repeatedly

3

refused to explain why any of these categories include information having any relation to its contentions in this case.

8. On January 17, 2008, the Court ordered Dow to provide HRD with an explanation on a page by page basis for each redaction within 90 days, *i.e.*, by April 18, 2008.

9. On January 25, 2008, the Court set the pre-trial conference in this case for June 5, 2008.

10. In order to expedite discovery in this case so that the pre-trial conference may take place on June 5, 2008, Dow is reviewing the redacted documents and will produce as many of the documents as it is able to in *unredacted* form within the next approximately 30 days. Dow will seek to unredact as much as possible, not because HRD is entitled to such unredacted documents, but so as to avoid squabbling over documents and to move the case along. To the extent that redactions remain, Dow will provide the required explanations of the redactions by about the last week of March (well in advance of the April 18 deadline imposed by the Court's prior Order). If certain documents remain redacted, we will be happy to disclose any such redacted material to the Court *in camera* so that it can assure itself that the redactions have not removed any information pertinent to this litigation.

11. Consistent with the January 25 Order, the form of Order attached hereto as Exhibit A sets interim deadlines necessary for this case to be ready for a pre-trial conference on June 5, 2008, as previously ordered by the Court.

12. As an alternative, Dow suggests the entry of an Order in the form attached hereto as Exhibit B, which provides an additional two months of fact discovery and is fully consistent with having the case tried later this year, as is appropriate for a case that was filed in January, 2005.

### FACTS RELATING TO DOW'S REQUEST FOR RESOLUTION OF HRD'S MOTION FOR A PROTECTIVE ORDER

13. Dow also requests that the Court address the issues raised in HRD's fully-briefed motion for a protective order (D.I. 128). HRD used the existence of the motion at depositions as a basis for instructing the witnesses not to answer certain questions at depositions last week.

14. On January 11, 2008, HRD threatened to inform the Wall Street Journal and Dow's institutional investors that Dow had violated Sarbanes-Oxley by failing to report HRD's $2.6 billion counterclaim in its SEC filings. On January 17, 2008, Dow filed a motion with the court seeking depositions of the relevant HRD witnesses on this issue. On January 23, 2008, the Court directed the parties to arrange for Dow to receive discovery from HRD on HRD's $2.6 billion damages claim. The parties eventually agreed to conduct depositions on February 18 and 19, 2008.

15. But shortly before the depositions, on February 13, 2008, HRD filed a motion seeking to preclude questions going to the credibility of HRD's damages claim -- namely, questions relating to HRD's threats to Dow regarding the reporting of this damages claim. Dow filed its opposition to the motion on the next day, February 14, 2008.

16. During the depositions, HRD instructed its witnesses not to answer Dow's questions going to the credibility and bias of HRD's witnesses. The depositions have otherwise concluded, and will be resumed during fact discovery. Dow requested that HRD agree that the parties raise this motion with the Court at the next motion day. However, HRD refused, stating for the first time that its motion is now moot.

17. Apparently, HRD intends to renew its motion on the eve of the resumption of these fact depositions, and then use the fact of the pendency of the motion as a basis for again

5

instructing its witnesses not to answer questions. Moreover, HRD's grounds for its protective order are meritless. Specifically, HRD argues that Dow cannot examine the deponents about bias, motive or other impeachment evidence. As discussed in more detail in Dow's opposition to HRD's motion (D.I. 130), under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," and in the Third Circuit, "it is well recognized that the federal rules allow broad and liberal discovery." *Pacitti v. Macy's*, 193 F.3d 766, 777-78 (3d Cir. 1999).

18.  Because the motion has already been briefed and the same issue will likely be raised again, Dow requests that the Court consider this issue at the March 7 motion hearing.

### REQUEST FOR RELIEF

WHEREFORE, Dow respectfully requests that the Court enter an Order setting a schedule in this action, either in the form attached hereto as Exhibit A, or in the form attached hereto as Exhibit B and Dow respectfully requests that HRD's motion for a protective order (D.I. 128) be denied.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Kenneth Nachbar*
Kenneth Nachbar (#2067)
Samuel T. Hirzel (#4415)
1201 North Market Street
P. O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
knachbar@mnat.com
Attorneys for Plaintiff and Counterclaim
Defendants The Dow Chemical Company and
Dow Chemical Canada Inc., on its own behalf
and as assignee of The Dow Chemical Company

OF COUNSEL:

Andrew Weissmann
Aaron A. Barlow
JENNER & BLOCK LLP
330 N. Wabash Avenue
Chicago, IL 60611
(312) 222-9350

Dated:    February 26, 2008

1674405

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DOW CHEMICAL CANADA INC. on its own behalf and as assignee of THE DOW CHEMICAL COMPANY,<br><br>      Plaintiff,<br><br>      v.<br><br>HRD CORPORATION (d/b/a Marcus Oil & Chemical)<br><br>      Defendant, Counterclaim Plaintiff,<br><br>      v.<br><br>DOW CHEMICAL CANADA INC., on its own behalf and as assignee of THE DOW CHEMICAL COMPANY, and THE DOW CHEMICAL COMPANY,<br><br>      Counterclaim Defendants. | Case No. 05-023 (JJF) |

## STATEMENT PURSUANT TO LOCAL RULE 7.1.1

Following entry of the Court's Order setting a pre-trial conference for June 5, 2008, counsel for the parties exchanged written proposals for deadlines for completion of written discovery, depositions, expert discovery and the like. Consistent with the Court's Order, Dow submitted a proposal that was consistent with a June 5, 2008 pre-trial conference; HRD did not. The parties then had a telephonic conference to discuss scheduling on February 22, 2008. At that conference, Dow communicated its willingness to approach the Court jointly with HRD to seek a revised date for a pre-trial conference that would be consistent with a trial in 2008. Agreement could not be reached, however, because HRD refused to discuss any schedule that would lead to a pre-trial conference earlier than spring of 2009.

|  |  |
|---|---|
| OF COUNSEL:<br><br>Harry J. Roper<br>Raymond N. Nimrod<br>Aaron A. Barlow<br>JENNER & BLOCK LLP<br>330 N. Wabash Ave.<br>Chicago, IL 60611<br>(312) 222-9350<br><br>Dated:   February 26, 2008 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>/s/ Kenneth J. Nachbar<br><br>Kenneth J. Nachbar (#2067)<br>Samuel T. Hirzel (#4415)<br>1201 N. Market Street<br>Wilmington, DE  19899-1347<br>(302) 658-9200<br>*Attorneys for Plaintiff*<br>*The Dow Chemical Company* |

2

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on February 26, 2008 I electronically filed the attached document with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

>W. Harding Drane, Jr.
>Richard L. Horwitz
>Potter Anderson & Corroon LLP
>Hercules Plaza, 6th Floor
>1313 North Market Street
>Wilmington, DE  19899-0951

Copies were also sent by Facsimile to the following:

William C. Ferebee, Esquire
Michael Landrum, Esquire
O'DONELL, FEREBEE, MEDLEY & KEISER, P.C.
450 Gears, Eighth Floor
Houston, TX  77067-4512

/s/ Kenneth J. Nachbar
Kenneth J. Nachbar (#2067)
Samuel T. Hirzel (#4415)
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200