# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DOW CHEMICAL CANADA, INC.<br>on its own behalf and as assignee of<br>THE DOW CHEMICAL COMPANY<br><br>Plaintiff,<br><br>v.<br><br>HRD CORPORATION (d/b/a<br>Marcus Oil & Chemical)<br><br>Defendant, Counterclaim Plaintiff | §<br>§<br>§<br>§<br>§<br>§<br>§   C.A. No. 05-23 (JJF)<br>§<br>§<br>§<br>§<br>§<br>§ |

### HRD CORPORATION'S MOTION FOR PROTECTIVE ORDER TO LIMIT SCOPE OF DEPOSITIONS AND REQUESTING EXPEDITED CONSIDERATION

Pursuant to Fed. R. Civ. P. 26(c), Defendant HRD Corporation respectfully asks the Court to grant a partial protective order to limit the scope of examination at depositions planned to take place in Houston, Texas next Monday, February 18 and next Tuesday, February 19, 2008. Specifically, HRD asks that the Court limit Dow to examination regarding HRD's damage claim only, and prohibit Dow at this time from examining the witnesses regarding matters related to settlement negotiations between the parties, and, in particular alleged "threats" that were the subject of Dow's Report To The Court Concerning Unlawful Activity and Emergency Motion to Compel Discovery ("Dow's Motion"). (D.I. 119). Further, HRD respectfully asks the Court to hear counsel on an expedited basis on the present motion.

During the time since the hearing conducted by the Court on January 23, 2008 (Transcript attached as Exhibit A), counsel have conferred extensively regarding the depositions and associated written discovery that Dow seeks from HRD. (Copies of the correspondence between counsel is attached in chronological order as Exhibits B through K).

The parties have reached agreement on all points related to Dow's discovery regarding damages. In particular, HRD has agreed to provide all of the discovery regarding damages that Dow has requested, including written discovery responses, document production, and depositions of four HRD witnesses (Abbas Hassan, Aziz Hassan, Craig Cawley, and Greg Borsinger).[1] However, Dow has insisted on examining these witnesses not only regarding damages, but also regarding other matters related to Dow's Motion. Therefore, the parties have not reached closure regarding the permissible scope of the depositions.

HRD believes that the matters that Dow seeks to inject into the depositions are inappropriate and counter-productive, at least at the present time, because (a) these issues are unrelated to damages, or more broadly to any of Dow's claims or HRD's counterclaims; (b) these issues unnecessarily will raise, not lower, the "temperature" between the parties' principals, and will require HRD to depose Dr. Swogger, Dow's consultant, regarding threats that he allegedly made to "bankrupt" HRD that sparked HRD's response; and (c) even if these issues were relevant (which HRD denies), Dow may inquire into them when it takes depositions of HRD witnesses on the merits.[2]

HRD understood following the January 23, 2008 Hearing that the Court made it clear that it wanted both parties to reduce any antagonism, and get back to addressing the legal issues. ("I think the way to resolve the impasse that is in place [between the parties] is to get to the bottom of what supports – whatever the damage claim of HRD is by way of its counterclaim .... And I will allow both sides the freedom to negotiate with lawyers about what discovery is necessary to

---

[1] HRD has advised Dow's counsel that the volume of documents in HRD's possession regarding the damage claim is small, and that Mr. Cawley has no information regarding the damage claim.

[2] Dow's has asserted that these issues are material "as they go to credibility, motive, and bias." (Exhibit J). As noted, HRD disagrees, but even if this assertion were true, these issues are best left for another day, during depositions on the merits, when cooler heads may or may not find them worth pursuing.

try and understand the assertion of the counterclaim amount and the counterclaim in principal.") (Ex. A: Transcript of January 23, 2008 Hearing, pp. 16-17)  The Court also stated that the parties "ought to get away from" any threatening conduct, "and get to work toward factual discovery that will allow people to rationally discuss the lawsuit[,] whether to settle or go to trial." (*Id.* at.18)

If Dow pursues the path it has said it will follow, HRD believes this can only be counter-productive by increasing antagonism, leading to discovery regarding matters unrelated to damages, and wasting valuable time that the parties can better spend addressing the real issues in this litigation and deciding whether to settle or try the case.  Therefore HRD requests that the Court enter a partial protective order in the form attached hereto limiting the scope of the planned depositions to HRD's damage claim.

|  |  |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| William C. Ferebee<br>Michael Landrum<br>O'DONNELL FEREBEE MEDLEY &<br>KEISER, PC<br>450 Gears, Eighth Floor<br>Houston, TX 77067-4512<br>(281) 875-8200 (telephone)<br>(281) 875-4962 (facsimile) | By: /s/ W. Harding Drane, Jr.<br>W. Harding Drane, Jr. (#1023)<br>Richard L. Horwitz (#2246)<br>Suzanne M. Hill (#4414)<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE 19899-0951<br>(302) 984-6000<br>wdrane@potteranderson.com<br>rhorwitz@potteranderson.com<br>shill@potteranderson.com |
| Dated: February 13, 2008<br>848256/28882 | *Attorneys for HRD Corporation (d/b/a Marcus Oil & Chemical)* |

3

# EXHIBIT D

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DOW CHEMICAL CANADA INC. on its own behalf and as assignee of THE DOW CHEMICAL COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>HRD CORPORATION (d/b/a Marcus Oil & Chemical)<br><br>Defendant, Counterclaim Plaintiff,<br><br>v.<br><br>DOW CHEMICAL CANADA INC., on its own behalf and as assignee of THE DOW CHEMICAL COMPANY, and THE DOW CHEMICAL COMPANY,<br><br>Counterclaim Defendants. | Case No. 05-023 (JJF) |

## DOW'S OPPOSITION TO HRD CORPORATION'S MOTION FOR PROTECTIVE ORDER TO LIMIT SCOPE OF DEPOSITIONS

Plaintiffs Dow Chemical Canada Inc. and The Dow Chemical Company (collectively, "Dow") respectfully oppose defendant HRD Corporation's ("HRD") motion for a protective order.

HRD takes the extraordinary position that *any* examination about the circumstances of its threats to publicly accuse Dow of criminal wrongdoing – including testing the veracity of representations made by its counsel to this Court – are simply off limits at the upcoming depositions of HRD's principals and other witnesses. As Dow had repeatedly advised HRD, such examination is not intended to be the preponderant focus of the depositions, but will be one

relevant topic of inquiry, for reasons that should be obvious – including, of course, that such examination bears on issues of bias, motive and veracity.

HRD's position that Dow cannot examine the deponents about bias, motive or other impeachment evidence is flatly wrong. Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," and in the Third Circuit, "it is well recognized that the federal rules allow broad and liberal discovery." *Pacitti v. Macy's*, 193 F.3d 766, 777-78 (3d Cir. 1999). Moreover, "impeachment evidence is almost always relevant, for discovery purposes, to the claims or defenses of a party." Moore's Federal Practice, § 6-26[9][a][i]. Indeed, "witness impeachment is a time-honored basis for discovery." *Neuberger v. Shapiro*, 196 F.R.D. 286, 287 (E.D. Pa. 2000); *see also United States v. Int'l Bus. Machs.*, 66 F.R.D. 215, 218 (S.D.N.Y. 1974) ("[O]ne of the purposes of discovery is to obtain information for use on cross-examination and for the impeachment of witnesses.").

In *United States v. Abel*, 469 U.S. 45, 51 (1984), the Supreme Court made clear that "it is permissible to impeach a witness by showing his bias under the Federal Rules of Evidence just as it was permissible to do so before their adoption." Evidence of bias "is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness'[s] testimony." *Id.* at 52. Evidence that an individual is willing to commit a federal crime, in this case extortion, in order to prevail in a lawsuit clearly bears on the accuracy and truth of that individual's testimony at trial. *See Int'l Bus. Machs.*, 66 F.R.D. at 219 (noting that "the nature and the extent of a witness'[s] motives and his interest in the outcome of the case bear importantly upon an evaluation of the witness's[s] objectivity, his bias, and the weight to be accorded his

testimony").[1] Discovery of such evidence, which could be admissible as proof of bias or prior bad acts, should therefore be permitted. *See Behler v. Hanlon*, 199 F.R.D. 553, 555-56 (D. Md. 2001) ("[T]he information sought relates to the credibility of a witness whose testimony will be directed towards important issues in the cases. Such information will fall within the scope of discovery . . . because . . . a witness always may be impeached by evidence that she or he is biased, prejudiced, has a financial interest in the outcome of the case, or a motive to testify in a particular manner."); 8 Charles A. Wright, et al., Federal Practice & Procedure § 2015 ("Inconsistent statements, criminal convictions, proof of bias, and similar material, being themselves admissible evidence, cannot be excluded from the scope of discovery.").

Moreover, the impeachment discovery sought here is specific and limited in scope and clearly well-founded. "If a plaintiff establishes a reasonable suspicion of misconduct, then courts should allow discovery requests reasonably likely to either confirm or disconfirm the presence of bias." *Delso v. Trs. of Ret. Plan for Hourly Employees of Merck & Co., Inc.*, No. Civ. 04-3009 (AET), 2006 WL 3000199, at *3 (D.N.J. Oct. 20, 2006); *see also Lemanik, S.A. v. McKinley Allsopp, Inc.*, 125 F.R.D. 602, 610 (S.D.N.Y. 1989) ("[S]ome factual basis for believing that impeaching evidence will be revealed by the discovery sought is necessary."). Dow has received documents from the defendants containing what on their face can be deemed to be extortionate threats. *See* 18 U.S.C. § 875(d). "The question whether information obtained in the deposition will be usable, either for cross-examination or as extrinsic proof, is best left until trial. In the meantime, the requested discovery, *which may aid in disclosing admissible evidence or at least offer bases for cross-examination as to credibility, [should] be allowed.*"

---

[1] Dow's requested discovery would also enable it to assess the truthfulness of the defendant's unsworn representations to the Court at the January 23 hearing regarding the possible involvement of counsel in the extortion attempt. As the Court noted, any involvement by an attorney in such conduct would be a very serious matter.

*Neuberger*, 196 F.R.D. at 287 (ordering the deposition of a defendant's independent auditor where the plaintiff sought to impeach the testimony of the defendant's officer with evidence that the officer had submitted false securities filings) (emphasis supplied); *Int'l Bus. Machs.*, 66 F.R.D. at 218 (finding that discovery was warranted where a party demonstrated that it needed the information "to establish the nature and extent of the deponents' biases" (internal quotation marks and alterations omitted)).

HRD's argument that discovery on these issues is best left for another day is similarly without merit. These credibility issues are as relevant to the size of HRD's damages as they are to any other subject that would be covered in a deposition "on the merits." Indeed, HRD itself has brought the issues together through its attempt to use an inflated damages claim in order to extort a settlement out of Dow. And HRD is sure to trot out its "lower the temperature" argument and its need to depose Dr. Swogger whenever Dow seeks discovery on this issue. There is simply no good reason to postpone this discovery.

For the foregoing reasons, Dow respectfully requests that the Court deny HRD's motion for a protective order and instead permit Dow to the full extent of discovery guaranteed it by Rule 26.

| | |
|---|---|
| OF COUNSEL:<br><br>Harry J. Roper<br>Raymond N. Nimrod<br>Aaron A. Barlow<br>JENNER & BLOCK LLP<br>330 N. Wabash Ave.<br>Chicago, IL 60611<br>(312) 222-9350<br><br>Dated: February 14, 2008 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>*/s/ Kenneth Nachbar*<br>Kenneth Nachbar (#2067)<br>David J. Teklits (#3221)<br>Thomas W. Briggs, Jr. (# 4076)<br>1201 N. Market Street<br>Wilmington, DE  19899-1347<br>(302) 658-9200<br>   *Attorneys for Dow Chemical Canada Inc.*<br>   *and The Dow Chemical Company* |