**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **DOW CHEMICAL CANADA, INC. on its own behalf and as assignee of THE DOW CHEMICAL COMPANY** | § | |
| **Plaintiff, Counterclaim Defendant** | § | |
| **v.** | § | **C.A. No. 05-23 (JJF)** |
| **HRD CORPORATION (d/b/a Marcus Oil & Chemical)** | § | |
| **Defendant, Counterclaim Plaintiff** | § | |

**HRD CORPORATION'S RESPONSE TO DOW'S MOTION FOR THE ENTRY OF A SCHEDULING ORDER AND FOR RESOLUTION OF HRD'S MOTION FOR A PROTECTIVE ORDER (D.I. 133)**

**INTRODUCTION**

Dow's "Motion For The Entry Of A Scheduling Order And For Resolution Of HRD's Motion For A Protective Order" (the "Motion") (D.I. 133) rests upon two major premises, both of which are false. First, Dow asserts that "Document discovery is substantially complete (and has been substantially complete since September, 2007)." Motion ¶1. In fact, Dow has not yet made any meaningful document production. Although it has produced about 100,000 pages of documents, tens of thousands of those pages, which bear on key issues in this case, have been redacted, thereby preventing HRD from engaging in any meaningful document review. Second, Dow accuses HRD of "seeking unnecessarily to delay the case". *Id.* p.1. On the contrary, it is Dow that has caused a delay in this case of almost two years by its obstructive tactics in seeking to avoid production of its documents to HRD. As a consequence of Dow's tactics, HRD has been required to file two motions to compel, yet HRD still has not received from Dow a full, unredacted document production, and based on statements in the Motion, it remains impossible

to determine when, or if, Dow intends to make a complete production. Further, to allow HRD a fair opportunity to prepare its case, the Court should enter a scheduling order in the form attached as Exhibit A hereto.

In the Motion, Dow also asks the Court to resolve the issues raised HRD's Motion For Protective Order (HRD's February 13 Motion"), filed on February 13, 2008 (D.I. 128). It is not necessary for the Court to do so, however, because HRD's February 13 Motion is now moot.

For these reasons, set forth in more detail below, the Motion should be denied in its entirety.

## I. THE SCHEDULING ORDER ISSUE

### A. Background

In the Motion, Dow seeks the entry of a scheduling order that would lead to a pretrial conference on either June 5, 2008 (Motion Exhibit A) or a date approximately three months later in September 2008. HRD recognizes that the Court's Order, entered on January 25, 2008 (D.I. 124), schedules the pretrial conference for June 5, 2008, with trial scheduled for a date within the next 120 days. For the reasons set forth herein, however, HRD respectfully submits that a schedule allowing substantial additional time beyond June 5, 2008, is necessary to allow HRD a fair opportunity to complete discovery and prepare the case for trial or possible settlement. HRD also respectfully suggests that the Court reserve the June 5, 2008 date for a status conference concerning the progress of Dow's document production, and consider at that time possible modifications to the schedule, if appropriate, based on the status of such production.

### B. Dow Has Refused To Make A Full Production Of Unredacted Documents.

In support of the schedule proposed in its Motion, Dow observes that this case has been pending for over three years. What Dow fails to mention is that much of that time has been

taken up by Dow's foot-dragging tactics designed to avoid providing meaningful documents to HRD. By such tactics, Dow has effectively prevented HRD from reviewing the documents, taking depositions, and otherwise preparing its case.

More than 22 months ago, on April 4, 2006, HRD served its first Request for the Production of Documents on Dow's counsel. (*See* D.I. 49) Although Dow served written responses and objections to the requests on June 30, 2006, it did not produce a single document. After months of fruitless efforts to get Dow to produce documents, HRD filed a motion to compel on December 18, 2006. (D.I. 71). In response to HRD's motion, Dow filed two separate motions for protective order. (D.I. 72, D.I. 77). On May 25, 2007, the Court issued a Memorandum Order (the "May 25, 2007 Order) (D.I. 92), which granted HRD's Motion to Compel and denied Dow's two motions for protective order.

Following the Court's issuance of the May 25, 2007 Order, HRD attempted to obtain Dow's voluntary compliance with that order, but HRD's efforts were largely unsuccessful. Beginning in late June 2007, Dow began a piecemeal production of its documents, but throughout Dow's production the documents have had material information redacted,[1] the documents are missing pages, and the documents have not been arranged in any logical order. The extensive redactions of Dow's documents has made it impossible as a practical matter for HRD's counsel and experts to substantively review them.

---

[1] As explained in further detail in Dow's second motion to compel (D.I. 95 ¶¶7-16), the redactions involve core issues in the case, such as whether Dow was using the most current metallocene catalyst technology to develop and manufacture HRD products, whether Dow's plant (that HRD paid to retrofit) could manufacture HRD products, whether Dow used its best efforts to produce HRD products, whether Dow knowingly added offensive solvents or light ends to the HRD products, and whether Dow has taken certain intellectual property rights belonging to HRD.

On July 20, 2007, in light of Dow's massive redactions, HRD filed its second motion to compel, and a request for sanctions. (D.I. 95). Meanwhile, Dow continued its piecemeal production. By October 2007, Dow produced approximately 100,000 pages of documents, but a vast number of those documents (HRD estimates about 30,000 to 40,000 of the pages) are partially or wholly redacted.

On January 17, 2008, the Court granted in part and denied in part HRD's second motion to compel. Specifically, the Court ruled that "within 90 days of this Order, Dow shall submit specific explanations to HRD, on a page by page basis, for the redactions in the documents it has already produced, and for any future redactions it makes in documents still to be disclosed." (D.I. 121). The Court reserved decision on sanctions. *Id.*[2] To date, Dow has not produced any explanations regarding the redactions and has not produced any of the previously redacted documents in unredacted form.

C. Both of Dow's Proposed Scheduling Orders Are Unfair to HRD.

In its Motion, Dow says that it "is reviewing the redacted documents and will produce as many of the documents as it is able to in *unredacted* [italicized emphasis in original] form within the next approximately 30 days.... To the extent that redactions remain, Dow will provide the required explanation of the redactions by about the last week of March." Motion ¶10. (Underlined emphasis added). Thus, under Dow's Exhibit A proposal, even if Dow produces *all* of the documents in unredacted form by March 27 (i.e. 30 days following its filing of the Motion), this would leave HRD less than one month to review tens of thousands of pages, and to

---

[2] The Court also denied Dow's "Motion For Leave To File A Supplemental Paper" in opposition to the motion. (D.I. 121).

prepare for and complete all fact depositions.[3] HRD would then have only one month to complete all expert reports, expert depositions, and motions in limine, and eight days thereafter to complete the pretrial order. Of course, Dow still has not committed to a date certain for its document production, nor has Dow specified how many documents will remain redacted, so it is impossible for HRD to determine when Dow's document production will be complete.

Dow's Exhibit B proposal is only marginally better, leaving HRD less than three months from March 27, assuming full production of unredacted documents on that date (or less time if redactions remain), to review all documents and complete all depositions. Interestingly, Exhibit B provides for document production to be "complet[ed]" by March 21, 2008, which is before Dow indicates it *may* provide documents to HRD, some of which almost certainly will remain redacted. Under Dow's Exhibit B proposal, HRD would have only one week after the close of depositions to prepare expert reports, and then less than two months in total to complete all of the following: rebuttal expert reports, expert depositions, motions in limine, and preparation of the pretrial order.

In sum, by any measure, both of Dow's proposed schedules would render it essentially impossible for HRD adequately to prepare its case for trial. Dow's proposals also are unfairly one-sided, because Dow has been able to review all of its documents at its leisure, while withholding any meaningful production from HRD. It would be highly inequitable to force HRD to squeeze its preparation into such a short period, not only in light of Dow's nearly two years of foot-dragging, but also because Dow has had much greater time to prepare and even now has failed to make a full production of its documents.

[3] The Amended Rule 16 Scheduling Order in this case states that "Depositions shall not commence until document production is substantially complete." (D.I. 57 ¶4(d)).

D. HRD's Proposed Scheduling Deadlines.

HRD believes that all new deadlines and time frames should be conditioned upon HRD's prior receipt of all of Dow's documents without redactions. Under the Court's January 17, 2008 Order (D. I. 121), Dow has until April 16, 2008 to provide HRD with specific page by page explanations of its redactions. If Dow elects to follow the Court's order and provide written explanations, instead of producing all documents in unredacted form, then HRD estimates that there will be a 30-60 day delay while HRD evaluates the basis and sufficiency of Dow's explanations, then an additional delay while the parties attempt to resolve the redaction issue, followed perhaps by a Motion to Compel and an additional delay awaiting the Court's decision. Therefore all of the times listed below assume that document production has been completed.

HRD believes that it can review the 100,000 pages of documents produced by Dow and prepare for fact depositions in five months. This time frame is based in part on the length of time Dow required to produce documents in redacted form. (The Court ordered production in May 2007 and Dow produced the last group of documents in October 2007). It seems likely to HRD that if Dow needed at least five months to read and redact its own documents, HRD will need not less than five months to read and analyze those same documents.

HRD believes that a reasonable amount of time to complete twenty fact witness depositions (10 per side) is four months. This anticipates that five depositions could be taken each month. Assuming each deposition consumes one day, and also assuming at least one day to prepare for and travel to and from each deposition, that would mean half of the work days each month would be spent preparing for or taking depositions, and in associated travel. Considering other work commitments, other trials, vacations and scheduling conflicts, HRD believes this to be an aggressive schedule.

HRD believes that expert discovery will require four months considering the time required for opening expert reports, rebuttal expert reports, and expert depositions. Dispositive motions should be filed 30-60 days after the completion of expert discovery.

Based on the above considerations, HRD proposes the following schedule, which is set forth in the form of order attached as Exhibit A hereto:[4]

| | |
|---|---|
| Completion of Dow's Document Production: | Day 1 |
| HRD Review of Dow Documents | Months 1-5 |
| Fact Depositions | Months 6-9 |
| Expert Reports and Depositions | Months 10-13 |
| Dispositive Motions | Month 14 |
| Submission of Motions in Limine, Pretrial Order | Month 15 |

## II. HRD'S MOTION FOR A PROTECTIVE ORDER IS NOW MOOT.

In HRD's February 13 Motion (D.I. 128), HRD asked the Court on an expedited basis to grant a partial protective order to limit the scope of Dow's examination during the depositions of four HRD witnesses (Abbas Hassan, Aziz Hassan, Craig Cawley, and Greg Borsinger). The depositions were to be taken by agreement of the parties, following the Court's instruction that the parties meet and confer regarding Dow's request for discovery set forth in Dow's Report To The Court Concerning Unlawful Activity and Emergency Motion to Compel Discovery ("Dow's Report") (D.I. 119).[5]

---

[4] The time frames HRD suggests are very similar to the ones that Dow's counsel proposed in his letter to HRD's counsel in June 2007. (Ex. B hereto).

[5] The Court stated in part: "I think the way to resolve the impasse that is in place [between the parties] is to get to the bottom of what supports – whatever the damage claim of HRD is by way of its counterclaim .... And I will allow both sides the freedom to negotiate with

Specifically, in HRD's February 13 Motion, HRD asked the Court to limit Dow's examination to HRD's damage claim, and to prohibit Dow *at that time* from examining the witnesses regarding matters related to settlement negotiations between the parties, and, in particular alleged "threats" that were the subject of Dow's Report.

At Dow's urging, HRD agreed to go ahead with the depositions as scheduled in Houston on February 18 and 19, even though HRD's February 13 Motion remained pending. HRD told Dow in advance, however, that HRD's counsel would instruct the witnesses not to answer any questions within the scope of HRD's pending motion. During the depositions, Dow examined the four witnesses over the course of two days regarding damages and a host of other issues. HRD's counsel instructed the witnesses not to answer only those few questions that were squarely within the scope of HRD's February 13 Motion. Such instructions were entirely proper under Fed. R. Civ. P. 30(c) and Local Rule 30.2, because HRD's February 13 Motion remained pending.

Now that the depositions have been completed, HRD's Motion is moot. Contrary to what Dow says, when Dow resumes the fact depositions of HRD's witnesses "on the merits", HRD does not intend to seek a protective order or instruct witnesses not to answer questions related to the matters raised in Dow's Report. If Dow wants to use its limited deposition time to explore such extraneous questions, HRD will not seek to stop it from doing so.[6]

lawyers about what discovery is necessary to try and understand the assertion of the counterclaim amount and the counterclaim in principal.") (Transcript of January 23, 2008 Hearing, pp. 16-17 (D.I.122)). The Court also stated that the parties "ought to get away from" any threatening conduct, "and get to work toward factual discovery that will allow people to rationally discuss the lawsuit[,] whether to settle or go to trial." (*Id.* at.18)

[6] It is HRD's position that, unless otherwise stipulated or ordered by the Court, Dow's total time for deposing any one witness, inclusive of the time expended on February 19 and February 20, is limited to seven hours, under Fed. R. Civ. P. 30(d)(1).

## CONCLUSION

For the reasons stated above, HRD respectfully asks the Court to (1) enter a scheduling order in the form attached hereto as Exhibit A, and (2) rule that HRD's February 13 Motion is now moot.

OF COUNSEL:

William C. Ferebee
Michael Landrum
O'DONNELL FEREBEE MEDLEY & KEISER, PC
450 Gears, Eighth Floor
Houston, TX 77067-4512
(281) 875-8200 (telephone)
(281) 875-4962 (facsimile)

Dated: February 29, 2008
851180/28882

POTTER ANDERSON & CORROON LLP

By: /s/ W. Harding Drane, Jr.
W. Harding Drane, Jr. (#1023)
Richard L. Horwitz (#2246)
Suzanne M. Hill (#4414)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899-0951
(302) 984-6000
wdrane@potteranderson.com
rhorwitz@potteranderson.com
shill@potteranderson.com

*Attorneys for HRD Corporation (d/b/a Marcus Oil & Chemical)*

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **DOW CHEMICAL CANADA, INC.**<br>**on its own behalf and as assignee of**<br>**THE DOW CHEMICAL COMPANY**<br>**Plaintiff,** | § | |
| **v.** | § | **C.A. No. 05-23 (JJF)** |
| **HRD CORPORATION (d/b/a**<br>**Marcus Oil & Chemical)**<br>**Defendant, Counterclaim Plaintiff** | § | |
| **v.** | § | |
| **DOW CHEMICAL CANADA, INC.**<br>**on its own behalf and as assignee of**<br>**THE DOW CHEMICAL COMPANY and**<br>**THE DOW CHEMICAL COMPANY,**<br>**Counterclaim Defendants.** | § | |

**ORDER**

**AND NOW**, this _____ day of _____________, having considered Dow's "Motion For The Entry Of A Scheduling Order And For Resolution Of HRD's Motion For A Protective Order", and HRD's response thereto, and having heard the arguments of counsel,

It is hereby **ORDERED** that the Motion is DENIED, and that the following dates shall govern the remaining pretrial proceedings in this case:

| | |
|---|---|
| Completion of Dow's Document Production: | Day 1 |
| HRD Review of Dow Documents | Months 1-5 |
| Fact Depositions | Months 6-9 |
| Expert Reports and Depositions | Months 10-13 |
| Dispositive Motions | Month 14 |

| Submission of Motions in Limine, Pretrial Order | Month 15 |
|---|---|

The Court will conduct a status conference on June 5, 2008 at 11:30 AM in Courtroom 4B.

____________________________________
The Honorable Joseph J. Farnan, Jr.

# EXHIBIT B

JENNER&BLOCK

Jenner & Block LLP
330 N. Wabash
Chicago, IL 60611
Tel 312-222-9350
www.jenner.com

Chicago
Dallas
New York
Washington, DC

Raymond N. Nimrod
Tel 312 923-8306
Fax 312 923-8406
rnimrod@jenner.com

June 6, 2007

**VIA FACSIMILE**

William C. Ferebee
O'Donnell, Ferebee, Medley & Keiser, P.C.
450 Gears Road, Suite 800
Houston, TX 77067

**Re: Dow Chemical Canada Inc. and The Dow Chemical Company (collectively "Dow") v. HRD Corporation ("HRD"), Case No. 05-023 (JJF)**

Dear Bill:

In response to your letter of May 30, 2007, we have the following proposal for a schedule going forward in this case:

| | |
|---|---|
| Start document production: | Next week (subject to the provision in the paragraph below) |
| Document production substantially complete: | middle of August |
| Close of fact discovery: | mid November |
| Opening expert reports: | mid December |
| Rebuttal expert reports: | mid January |
| Close of expert discovery: | end of March |

We are going to file a request for reconsideration of the Court's decision on the motion regarding modification of the Protective Order. Accordingly, we request that you limit access to any Confidential and Highly Confidential documents to outside attorneys, Mr. Borsinger and Dr. Ewen until we get a decision on the request for reconsideration.

Please let me know if this proposal is agreeable to you. If it is, we suggest we inform the Court that we are working out a revised scheduling order and request a quick decision on our request for reconsideration.

Sincerely,

Raymond N. Nimrod

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

I, W. Harding Drane, hereby certify that on February 29, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following persons and the document is available for viewing and downloading from CM/ECF, and that a copy was delivered by Electronic Mail to:

Kenneth Nachbar
Thomas W. Briggs
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
PO Box 1347
Wilmington, DE 19899-1347

I also certify that a copy was delivered via Electronic Mail to the following persons:

Harry J. Roper
Raymond N. Nimrod
Aaron A. Barlow
Jenner & Block LLP
One IBM Plaza
Chicago, IL 60611

By: _/s/ W. Harding Drane, Jr._
W. Harding Drane, Jr. (#1023)
Richard L. Horwitz (#2246)
Suzanne M. Hill (#4414)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899-0951
(302) 984-6000
wdrane@potteranderson.com
rhorwitz@potteranderson.com
shill@potteranderson.com