Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Kenneth J. Nachbar
(302) 351-9294
knachbar@mnat.com

March 10, 2008

The Honorable Joseph J. Farnan, Jr.
United States District Court
Federal Building
844 North King Street
Wilmington, DE 19801

   Re: *Dow Chemical Canada Inc. v. HRD Corporation*
      C.A. 05-023 (JJF)

Dear Judge Farnan:

   Pending before the Court is The Dow Chemical Company's ("Dow") motion (D.I. 133) seeking to (1) maintain the court's pretrial conference date of June 5, 2008, and opposing the defendants' motion seeking to adjourn a trial until 2009, and (2) our application addressing HRD's repeated instructions to its witnesses at four depositions not to answer questions going to credibility. The parties engaged in expedited briefing (D.I. 133, 135), which did not leave time for a reply from Dow, so that the motion could be taken up in connection with last Friday's motion day. We understand from chambers that the Court will be deciding the motion on the papers, and, accordingly, we write to let the Court know that only one portion of the motion is still in dispute. Specifically, HRD has conceded in its answering paper that it will no longer instruct its witnesses not to answer such questions (D.I. 135 at 8). HRD has agreed that it will not be maintaining those instructions and that it will allow the witnesses to answer the questions (we also understand, correspondingly, that HRD's motion for a protective order D.I. 128 is moot). Based on that concession, Dow no longer seeks relief from the Court and the Court need not rule on that portion of Dow's motion.

   With respect to that part of Dow's motion requesting a schedule, HRD's response to the motion (D.I. 135) asks for a schedule that would delay the June 2008 pretrial conference in this three-year old case until June *2009*, on the baseless ground that Dow purportedly "has not yet made any meaningful document production" because of Dow's redaction of certain information from some of the produced documents (p. 2). HRD's statement is incorrect and there is no legitimate reason why the parties cannot be ready for a pretrial conference on June 5 as the Court already ordered.

The Honorable Joseph J. Farnan, Jr.
March 10, 2008
Page 2

       Dow has produced roughly 92,000 pages of documents, the majority of which have no redactions at all. Where redactions were made, the redacted information does not fall into the categories that HRD says would be of interest to it and which it cites as reason for delay. Indeed, Dow did not redact information which is the subject of HRD's trade secret counterclaim.[1] Thus, HRD already has the information it says it needs to proceed and Dow's document production is no reason for delay. Moreover, pursuant to Court order of January 17, 2008 (D.I. 121), Dow produced roughly 6,200 pages of the redacted documents in unredacted form on March 7, 2008 and expects to produce the additional remaining documents along with a detailed log of the basis for any remaining redactions to the defense by March 21, 2008, well in advance of the April 16 date set by the Court. There is thus no basis at this juncture for the defendants to presume that the redactions were improper. There will be ample time for the parties to complete fact depositions in April, and certainly there is no reason to adjourn the trial for a year so as to proceed at the snail's pace suggested by HRD (p. 6).

                                                             Respectfully,

                                                    */s/ Kenneth J. Nachbar*

                                                   Kenneth J. Nachbar (#2067)

KJN/dam
cc:    Richard L. Horwitz, Esquire (by e-filing and e-mail)
        William C. Ferebee, Esquire (by fax)
        Andrew Weissmann, Esquire (by e-mail)

1852407

---

[1] In response to a contention interrogatory served by Dow, HRD provided a list of its alleged trade secrets. Dow did not redact information on the list from its documents. Nor did Dow redact meeting dates or information about "light ends" in the products, which were the other two areas that HRD points to as the object of its concern.