

**Potter
Anderson
& Corroon** LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

W. Harding Drane, Jr.
Partner
Attorney at Law
wdrane@potteranderson.com
302 984-6019 Direct Phone
302 778-6019 Fax

March 12, 2008

**Via Electronic Filing and By Hand**

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 North King Street
Lock Box 27
Wilmington, DE 19801

    Re:    <u>Dow Chemical Canada, Inc. v. HRD Corporation; C.A. No. 05-23 (JJF)</u>

Dear Judge Farnan:

    HRD respectfully requests that the Court strike Dow's letter dated March 10, 2008 (D.I. 137), because it is untimely. Under the Court's procedures for non-case dispositive motions in non-patent cases, "[t]he final brief submitted shall be filed no later than 12:00 noon the Friday before the motion day on which it is to be heard." Dow's Motion For Entry of A Scheduling Order (D.I. 133) was scheduled to be heard last Friday, March 7, 2008, and the Court has indicated that it will decide Dow's Motion based upon the papers filed in advance of the hearing. In spite of the expiration of time for filing any additional argument regarding its motion, Dow has taken the liberty of submitting further argument. While HRD does not believe that the letter should be considered, in the event that the Court should choose to consider it, HRD responds briefly as follows.[1]

    As is recounted in detail in HRD's response to Dow's motion (D.I. 135), the delay in the completion of discovery is the result of Dow's dilatory tactics. Dow's proposed scheduling orders are highly prejudicial to HRD, and the entry of either of those orders would reward Dow for its tactics. Dow has had unfettered access to most of the available documents in this case for years. HRD, on the other hand, has had to fight with Dow since 2006 for access to those same documents.

    Dow inaccurately argues that HRD already has the information that it seeks. While Dow produced approximately 92,000 pages of documents between late June and October 2007, the

---

[1] Dow and HRD agree that HRD's motion for protective order (D.I. 128) and any arguments regarding that motion are moot.

The Honorable Joseph J. Farnan
March 12, 2008
Page 2

roughly 30,000 to 40,000 redacted pages prevented HRD from conducting any sort of a meaningful review of the remaining 50,000 to 60,000 unredacted pages. The insufficiency of Dow's document production was the subject of HRD's July 2007 motion to compel. (D.I. 95) On January 17, 2008, the Court partially granted that motion. (D.I. 121)

While Dow states in its letter that it has begun to submit unredacted documents, HRD's counsel just received a disk containing the 6,200 pages of unredacted documents referenced in Dow's letter on Monday, March 10, 2008, and has not had an opportunity to examine those documents in any detail. Further, Dow states that it plans to produce the remaining unredacted documents and the Court-ordered page-by-page explanation of its remaining redactions by March 21, 2008. Only after Dow completes its production of unredacted documents and its explanations for any remaining redactions will HRD be able to conduct a meaningful examination of the document production, assess the sufficiency of the substance of the document production, and challenge any of the remaining redactions.

In conclusion, HRD recognizes that the Court entered an order on January 25, 2008, which scheduled the pretrial conference for June 5, 2008, with trial to occur within 120 days of that date. (D.I. 124) HRD respectfully submits that for the reasons stated above and in its response to Dow's motion, a substantial additional period of time is necessary to allow HRD a fair opportunity to prepare for trial. HRD believes that its proposed scheduling order is reasonable under the circumstances because it is based upon a realistic analysis of when document review, depositions, expert discovery, dispositive motion practice, and remaining trial preparation can be completed. As requested in HRD's response, HRD also respectfully suggests that the Court reserve the time set aside on June 5, 2008, for a status conference concerning the parties' progress.

Respectfully,

/s/ W. Harding Drane, Jr.

W. Harding Drane, Jr.
Delaware Bar I.D. #1023

WHD:rb

cc:   Kenneth Nachbar, Esquire (via Electronic Filing and E-mail)
      Andrew Weissmann, Esquire (via Electronic Mail)