IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DOW CHEMICAL CANADA, INC., | : |
|     Plaintiff & Counterclaim Defendant | : |
| v. | :    C.A. No. 05-23 JJF |
| HRD CORPORATION, | : |
|     Defendant & Counterclaim Plaintiff | : |

**MEMORANDUM ORDER**

Pending before the Court is Plaintiff Dow Chemical Canada Inc.'s Motion to Compel Regarding HRD's Trade Secrets (D.I. 114). For the reasons discussed below, the Court will deny this Motion.

I. BACKGROUND

In 2005, Plaintiff Dow Chemical Canada, Inc. ("Dow") filed suit against Defendant HRD Corporation ("HRD") over a contract dispute involving the development of polythylene waxes. (D.I. 1) HRD counterclaimed against Dow, alleging that Dow misappropriated HRD trade secrets. (D.I. 15.) HRD filed a Second Motion to Compel Production of Documents and for Sanctions in July 2007 (D.I. 95) which the Court granted in part and denied in part on January 18, 2008 ("January 2008 Order") (D.I. 121). Dow filed the pending Motion to Compel Regarding HRD's Trade Secrets ("Motion to Compel") on January 10, 2008. (D.I. 114.)

## II. PARTIES CONTENTIONS

By its Motion to Compel, Dow contends that HRD provided insufficient answers to Interrogatories 3 and 4, which sought the identity of each HRD trade secret and the manner in which Dow allegedly misappropriated each trade secret, respectively. Specifically, Dow contends that HRD's answers failed to support at least two essential elements of a trade secret claim because: 1) HRD did not point to any information that is a trade secret; and 2) HRD did not point to any evidence providing the basis for its misappropriation allegations.

In response, HRD contends that its answers were sufficient given the stage of the proceedings and the limited information Dow had provided when responding to HRD's written discovery requests. HRD contends that many exact details concerning Dow's alleged misappropriation of trade secrets are not within their possession and control due to "massive redactions" in documents produced by Dow. (D.I. 117 at 1.) These redactions were the subject of HRD's July 2007 Second Motion to Compel Production of Documents and for Sanctions. (D.I. 95.) Because this discovery is not yet complete, HRD further contends that Dow's Motion to Compel regarding Interrogatories 3 and 4 is premature.

## III. DISCUSSION

Under Federal Rule of Civil Procedure 26, "[p]arties may obtain discovery of any matter, not privileged, that is relevant

2

to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Evidence is discoverable if it is reasonably calculated to lead to the discovery of admissible evidence. Id. A party seeking discovery may move for an order to compel if an opposing party fails to answer an interrogatory submitted under Rule 33 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 37(a)(3). However, if any interrogatory "asks for an opinion or contention that relates to fact or the application of law to fact, . . . the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference, or some other time." Fed. R. Civ. P. 33(a)(2).

The Court concludes that Dow's Motion to Compel will be denied at this time. In its January 2008 Order, the Court found that the discovery documents provided by Dow were extensively redacted, and accordingly, it ordered Dow to submit specific explanations for the redactions to HRD so that the relevance of the information could be determined. (D.I. 121 at 3.) Dow was also ordered to provide such explanations to HRD within ninety days. In light of the Court's findings in the January 2008 Order, the Court accepts HRD's assertion that it sufficiently answered Interrogatories 3 and 4 given the information then available to HRD. Further, the Court concludes that HRD should be given the opportunity to review the discovery compelled in the January 2008 Order, and to supplement its Answers to

Interrogatories 3 and 4 if necessary.  Accordingly, Dow's Motion to Compel Regarding HRD's Trade Secrets will be denied.

NOW THEREFORE, IT IS HEREBY ORDERED that Plaintiff Dow Chemical Canada, Inc.'s Motion to Compel Regarding HRD's Trade Secrets is **DENIED**.

April 22, 2008

*/s/ Joseph J. Farnan Jr.*
UNITED STATES DISTRICT JUDGE