# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DOW CHEMICAL CANADA INC. on its own behalf and as assignee of THE DOW CHEMICAL COMPANY,<br><br>        Plaintiff,<br><br>        v.<br><br>HRD CORPORATION (d/b/a Marcus Oil & Chemical)<br><br>        Defendant, Counterclaim Plaintiff,<br><br>        v.<br><br>DOW CHEMICAL CANADA INC., on its own behalf and as assignee of THE DOW CHEMICAL COMPANY, and THE DOW CHEMICAL COMPANY,<br><br>        Counterclaim Defendants. | Case No. 05-023 (JJF) |

## NOTICE OF COMPLIANCE WITH THE COURT'S JANUARY 17, 2008 ORDER COMPELLING DOW TO PROVIDE SPECIFIC EXPLANATIONS FOR REDACTIONS

Aaron A. Barlow
JENNER & BLOCK LLP
330 N. Wabash Ave.
Chicago, IL 60611
(312) 222-9350


Andrew Weissmann
Katya Jestin
JENNER & BLOCK LLP
919 Third Avenue
37th Floor
New York, NY 10022-3908
(212) 891-1600

Kenneth J. Nachbar (#2067)
Samuel T. Hirzel (#4415)
Justin B. Shane (#4912)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market Street
Wilmington, DE 19899-1347
(302) 658-9200
Attorneys for Plaintiff
The Dow Chemical Company

Dated:    April 25, 2008

1.      The Dow Chemical Company ("Dow") submits this Notice to advise the Court of its compliance with the Court's Order of January 17, 2008.

2.      Specifically, the Court ordered: "Within 90 days of this order, Dow shall submit specific explanations to HRD, on a page by page basis, for the redactions in the documents it has already disclosed and for any future redactions it makes in documents still to be disclosed." (Ex. 1). Dow was thus required to comply with this Order by April 16, 2008.

3.      To date, Dow has produced over 20,000 documents in response to HRD Corporation's ("HRD's") discovery demands in this case. Prior to the Court's Order, no more than approximately twenty-four percent of the documents produced by Dow contained redacted material. As of today's date, no more than eight percent of the pages produced by Dow contain any redactions.

4.      In compliance with the Court's Order, and well in advance of the Court's deadline, on March 24, 2008 Dow provided HRD with a detailed Redaction Key and accompanying log that, on a page by page basis, specifies a reason for each and every redaction in the documents produced by Dow. (Ex. 2).

5.      In addition, Dow provided HRD with a Redaction Key and log specifying the reason for each and every redaction for the documents it produced subsequent to the Court's Order, on April 4, 2008, April 11, 2008 and April 18, 2008. (Ex. 3-5).

6.      Further, in light of the Court's Order, and in a good faith effort to avoid additional litigation over the documents, Dow unredacted 1,879 documents and subsequently produced them in an unredacted form to HRD on March 7, 2008 and March 21, 2008. Further, Dow partially unredacted an additional 1,206 documents and produced them to HRD on March 21, 2008.

7.    Finally, for any remaining redactions challenged by HRD, Dow has offered to

provide an *in camera* review of the documents, along with a Dow expert, to support the propriety

of such redactions by the Court.

OF COUNSEL:

Aaron A. Barlow
JENNER & BLOCK LLP
330 N. Wabash Ave.
Chicago, IL 60611
(312) 222-9350


Andrew Weissmann
Katya Jestin
JENNER & BLOCK LLP
919 Third Avenue
37th Floor
New York, NY  10022-3908
(212) 891-1600

Dated:    April 25, 2008

MORRIS, NICHOLS, ARSHT & TUNNELL
LLP

By:    _____
          Kenneth J. Nachbar (#2067)
          Samuel T. Hirzel (#4415)
          Justin B. Shane (#4912)
          1201 N. Market Street
          Wilmington, DE  19899-1347
          (302) 658-9200
          Attorneys for Plaintiff
          The Dow Chemical Company