# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DOW CHEMICAL CANADA, INC.,           :
                                     :
    Plaintiff & Counterclaim     :
    Defendant                    :
                                     :
v.                                   :  C.A. No. 05-23 JJF
                                     :
HRD CORPORATION,                     :
                                     :
    Defendant & Counterclaim     :
    Plaintiff.                   :

## MEMORANDUM ORDER

Pending before the Court are Counterclaim Plaintiff HRD Corporations' Second Motion to Compel Production of Documents and for Sanctions (D.I. 95), and Counterclaim Defendant Dow Chemical Canada, Inc.'s Motion for Leave to File Supplemental Paper (D.I. 116). For the reasons discussed below, the Court will grant in part and deny in part Counterclaim Plaintiff's Motion, and deny Counterclaim Defendant's Motion.

I.  **BACKGROUND**

This lawsuit between diverse parties, Dow Chemical Canada, Inc. ("Dow") and HRD Corporation ("HRD"), arises out of a dispute over two contracts entered into in July 2002 concerning the development of polyethylene waxes. A protective order was stipulated to by the parties (D.I. 43) and entered by the Court on January 20, 2006. Following an earlier and unrelated discovery dispute, HRD filed a Motion to Compel and the Court granted that motion on May, 25, 2007. (D.I. 92.)

## II. Pending Motions

### A. Dow's Motion for Leave to File Supplemental Paper

On January 11, 2008, Dow filed a motion for leave to file supplemental paper in opposition to HRD's second motion to compel and for sanctions. Dow presents no explanation for why it should be allowed to supplement the response it filed to HRD's Motion to Compel on July 27, 2007. Accordingly, the Court will deny Dow's Motion.

### B. HRD's Motion to Compel Production of Documents

On July 20, 2007, HRD filed a motion to compel production of documents and for sanctions. In relevant part, Federal Rule of Civil Procedure 26 provides that the "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." As long as the information sought is reasonably calculated to lead to the discovery of admissible evidence, it is discoverable, even if it is ultimately not admissible at trial. In the Third Circuit, "it is well recognized that the federal rules allow broad and liberal discovery." Pacitti v. Macy's, 193 F.3d 766, 777-78 (3d Cir. 1999)(citations omitted).

By its motion, HRD contends that the documents Dow has produced have been improperly and extensively redacted, and that none of the redactions appear related to any possible claim of privilege. HRD raises several examples where it contends Dow

2

inappropriately redacted information relevant to the claims at issue. (D.I. 95, Exh. H-K.) Further, HRD contends that Dow has radacted almost all information produced concerning the production of the HRD products.

In response, Dow contends that it has redacted only information both irrelevant to the claims at issue and highly confidential. To require Dow to disclose its "unpatented trade secrets," Dow contends, would put it at risk of suffering "irreparable injury." (D.I. 98.) Dow further contends that HRD's motion should be denied because HRD has "failed to engage in good-faith 'meet and confer' discussions," as required by local rules. Lastly, Dow presents an expert declaration that purported demonstrates the irrelevance of the redacted information specifically raised by HRD. (Kolthammer Declaration.)

After reviewing the record evidence, the Court concludes that the discovery provided by Dow is extensively redacted and that the relevance of the information redacted by Dow cannot be determined without explanations of the type provided in the Kolthammer Declaration. The Court will therefore order Dow to provide specific explanations to HRD, on a page by page basis, for the redactions in the documents it has already submitted to HRD and for any redactions it makes in documents still to be submitted.

## III. Conclusion

For the reasons discussed above, the Court concludes that Dow has not adequately explained the extensive redactions in the discovery it has provided to HRD.

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Counterclaim Defendant's Motion for Leave to File Supplemental Paper (D.I. 116) is **DENIED**;

2. Counterclaim Plaintiff's Motion to Compel Production of Documents and for Sanctions is **GRANTED in part** and **DENIED in part**, as follows:

    a. Within 90 days of this order, Dow shall submit specific explanations to HRD, on a page by page basis, for the redactions in the documents it has already disclosed and for any future redactions it makes in documents still to be disclosed;

    b. The Court reserves decision on sanctions.

January 17, 2008

_____
UNITED STATES DISTRICT JUDGE