IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DOW CHEMICAL CANADA, INC.<br>on its own behalf and as assignee of<br><br>THE DOW CHEMICAL COMPANY<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HRD CORPORATION (d/b/a<br>Marcus Oil & Chemical)<br><br>　　　　Defendant, Counterclaim Plaintiff | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§    C.A. No. 05-23 (JJF)<br><br>   **PUBLIC VERSION** |

**HRD'S MOTION TO COMPEL DOW TO REMOVE ALL REDACTIONS
FROM THE DOCUMENTS IT HAS PRODUCED**

OF COUNSEL:

William C. Ferebee
Michael Landrum
O'DONNELL FEREBEE MEDLEY &
KEISER, PC
450 Gears, Eighth Floor
Houston, TX 77067-4512
(281) 875-8200 (telephone)
(281) 875-4962 (facsimile)

Dated: May 14, 2008
Public Version Dated: May 23, 2008

W. Harding Drane, Jr. (#1023)
Suzanne M. Hill (#4414)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
1313 N. Market Street
Wilmington, DE 19899-0951
302) 984-6000
wdrane@potteranderson.com
shill@potteranderson.com

*Attorneys for HRD Corporation*

1. On January 17, 2008 the Court ordered Dow to submit specific explanations to justify its thousands of redactions. (D.I. 121) But Dow's explanations do not justify the redactions. In the four pages allotted, it obviously is not possible for HRD to discuss every one of the 6100 documents (which contain more than 22,000 pages of material) redacted by Dow. The examples discussed in and attached to the Compendium are more than adequate proof, however, that Dow's shorthand explanations do not justify its massive concealment of relevant material here, and that Dow should produce all of the documents in unredacted form. Because virtually all of the redacted documents have been designated as "confidential" or "highly confidential", Dow's interests will be protected by the existing confidentiality order (D.I. 43).

2. In addition, wholly apart from Dow's improper redactions, HRD has a contractual right to all of the redacted information. In 2002 the parties entered into the "Joint Development Agreement" (the JDA). Article 4.3 of the JDA provides:

[REDACTED]

3. As set out in detail in HRD's Notice Of Dow's Noncompliance With The Court's January 17, 2008 Order Compelling Dow To Provide Specific Explanations For Redactions ("Notice Of Non Compliance") (D.I. 149), Dow has not complied with the Court's Order to provide explanations "of the type provided in the Kolthammer Declaration." Instead, Dow provided a "Redaction Key", which merely lists seventeen broad categories of redacted information, most or all of which appear highly relevant. *See Exhibit B.* Moreover, Dow frequently cites multiple reasons for redactions to a single document without pointing out

---

[1] All exhibits referenced herein are attached to the Appendix filed contemporaneously herewith.

which reason concerns a particular redacted passage, rendering it impossible to determine the reason for individual redactions. *See Exhibit C.*

4. The redacted information is not a current Dow trade secret and much of the information redacted was developed especially for HRD and this project. As Dow described in its ████████████████████████ ████████████████████████████████████████████████ ████████████████████ *Exhibit D.* Indeed, Dow modified an abandoned plant to manufacture HRD's products. Exhibit C-2 discusses ████████████████████████ ████████████████████████ Thus, if there was anything proprietary or secret about the Sarnia process, it was not part of ████████████████████ in 2004 (or in 2008).

5. The process Dow used to produce HRD products was technology developed especially for HRD, as described in ████████████████████████

████████████████████████████████████████████████
████████████████████████████████████████████████

6. Dow told HRD that it closed the Sarnia plant when HRD's production ceased in 2004, and that the plant never reopened. Thus, the information requested by HRD is not new technology. Moreover, it was developed especially for HRD and can easily be protected by the confidentiality order that the parties have negotiated in this case. Further, the design of the plant is typical for a polyethylene plant, and extraordinary measures over and above the confidentiality order are unnecessary. *See* Dale Joy Declaration ¶8 (D.I. 140).

7. As set forth in HRD'S Notice Of Noncompliance, Dow's redaction categories B-N include items that are clearly relevant. Examples of these redacted but relevant documents are attached as *Exhibits C-K.*

2

8. Dow's redaction Keys C, D and O allege categories that facially might appear legitimate, but the documents redacted under those headings are relevant and discoverable. For example, "O" claims to exclude only "Information on business plans or research projects that are not related to wax or adhesives." However Dow has used Redaction Key "O" to redact documents that clearly are related to business plans and research projects that **are** related to wax and adhesives.

9. In the area of research, Dow has redacted information from its laboratory notebooks that is directly related to wax research and HRD. *Exhibit I* contains a ▬▬▬▬▬ ▬▬▬▬▬ As the title alone shows, the document should not be redacted. However 31 of the 43 pages have been totally redacted. Page 8 states that ▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬

10. Page 42 of the ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ that are located on pages 21 and 26 of the Databook. Those pages are totally redacted. Pages 42 and 43 also reference ▬▬▬▬▬▬▬▬▬▬. That Databook has not been produced. Other Databooks that Dow has produced have the same types of redactions.

11. As noted, according to Redaction Key "O", Dow only redacted documents regarding business plans that are **not** related to wax or adhesives. However an examination of the documents shows the opposite. *Exhibit I (3)* is a ▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Clearly this presentation **is** dealing with wax, adhesives and the very parties to this litigation.

3

Thirty three pages of the 35 page presentation are redacted. However, the page headings clearly show the documents are dealing with ███████████████████████████████. Other examples of documents incorrectly redacted under category "O" are attached as *Exhibit I*.

12. Redaction Key "C" (catalysts "not used" for HRD production) may seem legitimate, but the documents redacted do not fit the description. Generally, redactions in this category relate to ████████████████████████████ One example is *Exhibit J*, a string of emails between Dow employees working on the HRD project. The redactions involve ████ ████████████████████████████ The redactions are not appropriate and do not fall under Redaction Key "C". Other examples are attached as part of *Exhibit J*.

13. Redaction Key "D" claims only to redact information on process conditions and equipment **not** used at Sarnia. *Exhibit K* is a document entitled "████████████████████ ████ By its very title, the document cannot be redacted under Redaction Key "D" since the information **does** apply to the HRD project. Other examples are attached as *Exhibit K*.



| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
|---|---|
| | By: */s/W. Harding Drane, Jr.* |
| William C. Ferebee | W. Harding Drane, Jr. (#1023) |
| Michael Landrum | Suzanne M. Hill (#4414) |
| O'DONNELL FEREBEE MEDLEY & | Hercules Plaza |
| KEISER, PC | 1313 N. Market Street |
| 450 Gears, Eighth Floor | Wilmington, DE 19899-0951 |
| Houston, TX 77067-4512 | (302) 984-6000 |
| (281) 875-8200 (telephone) | wdrane@potteranderson.com |
| (281) 875-4962 (facsimile) | shill@potteranderson.com |
| | |
| Dated: May 14, 2008 | *Attorneys for HRD Corporation* |
| Public Version Dated: May 23, 2008 | |
| 865931/28882 | |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, W. Harding Drane, hereby certify that on May 23, 2008, the attached document was hand delivered and electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

Kenneth Nachbar
Samuel Taylor Hirzel, II
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

I hereby certify that on May 23, 2008, I have Electronically Mailed the documents to the following non-registered participants:

Aaron Barlow
Jenner & Block LLP
One IBM Plaza
Chicago, IL 60611

By: /s/ W. Harding Drane, Jr.
W. Harding Drane, Jr. (#1023)
Suzanne M. Hill (#4414)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899-0951
(302) 984-6000
wdrane@potteranderson.com
shill@potteranderson.com