IN THE UNTIED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DOW CHEMICAL CANADA, INC.,      :
on its own behalf and as assignee of      :
THE DOW CHEMICAL COMPANY,      :
                                                       :
            Plaintiff                                 :
                                                       :
      vs.                                             :      Case No. 05-023-(JJF)
                                                       :
HRD CORPORATION, (d/b/a Marcus      :
Oil & Chemical),                              :
                                                       :
            Defendant,                            :
      Counterclaim Plaintiff                 :
                                                       :
      vs.                                             :
                                                       :
DOW CHEMICAL CANADA, INC.,      :
on its own behalf and as assignee of      :
THE DOW CHEMICAL COMPANY,      :
                                                       :
      Counterclaim Defendants              :

## OPINION

### HRD's Motion for Leave to File
### Second Amended Answer and Counterclaim

Pending before the Court is HRD's Motion for Leave to File a Second Amended Answer and Counterclaim.[1] Dow opposes the Motion on the basis that the proposed amendments contain new factual and legal claims and further asserts that HRD's lack of diligence in pursuing the amendments has led to a delay and would result in unfair prejudice if the amendments were

---

[1] HRD's Proposed Amendments are attached at Exhibit A to its Motion, filed on January 7, 2009.

allowed.

HRD asserts that the claims contained in the proposed amendments were known to Dow and were disclosed in its prior pleadings including its discovery responses.  It disputes that the proposed amendments create new claims which would result in undue prejudice.

The record reveals that on June 6, 2005, HRD filed its First Amended Answer and Counterclaims. *See* Exhibit B to HRD's Motion.  Subsequently, HRD forwarded a draft of additional proposed amendments to Dow on December 19, 2006. *See* Exhibit F to HRD's Motion.  Since then there has been abundant discovery by both parties.

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, after a responsive pleading has been served, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires".  The Third Circuit has frequently enunciated that the Federal Courts take "a liberal approach to pleading," and thus leave to amend shall be freely given. *Arthur v. Maersk*, 434 F.3D 196 (3rd Cir. 2006).  In *Hill v. Equitable Bank M.A.*, 19 F.R.D. 109, 112 (D.Del. 1985), it emphasized that "prejudice to the non-moving party is the touchstone for the denial of an amendment", and that "a party's delay in moving to amend a pleading generally is an insufficient ground to deny amendment unless the delay unduly prejudices an opposing party".

It is not enough for a party opposing an amendment to claim it is prejudiced.. *Pegasus Development Corp. v. Direct TV, Inc.*, 2002 U.S. Dist. LEXIS 6825, 7-8 (D.Del. Apr. 18, 2002).  The party "must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the ... amendments been timely." *Id.*

If a party is already defending against similar claims, there is no prejudice and the amendment should be allowed. *Tracinda Corp. v. Daimler Chrysler A.G.*, 200 F.Supp., 2D 439, 443 (D.Del. 2002). There is no undue prejudice if a party is on notice of the general nature of the claim contained in the proposed amendment. *Ferguson v. E.I. duPont de Nemours & Company*, 1981 U.S. Dist. LEXIS 17862, 2-3 (D.Del. May 20, 1981).

After reviewing the pleadings and the submissions of the parties, the Court concludes that Dow is not unfairly prejudiced in that it could or should have been aware of HRD's positions as elaborated in the motion *sub judice*. I have summarized my reasoning below.

A.    New Legal Theories [2]

1.    Breach of the Supply Agreement (Proposed Amendments ¶¶ 103, 120 and 121)

Succinctly put, these Proposed Amendments allege that Dow committed "multiple" breaches of the Supply Agreement. *See also* 2005 Amended Answer and Counterclaims, ¶¶ 105, 120-125. The amendments primarily relate to "light ends". "Light ends" refer to excess waste and/or byproduct (solvent), which was reintroduced into the wax production at a late stage of the manufacturing process.

Dow has long been aware of HRD's position concerning the problematic nature of the "light ends" which HRD alleges caused the finished product to be unfit for commercial purposes. Id. at ¶105. Dow has also been aware of HRD's averment that Dow deliberately reintroduced "light ends" into the product. Id. at ¶120.

---

[2] " HRD disputes this term.

These Proposed Amendments essentially identify the specific provisions of the Supply Agreement which elaborate upon averments previously made. The claims were either pointed out in the 2005 Amended Answer or in the ongoing discovery. Stated otherwise, Dow has been on notice of the various alleged breaches of the Supply Agreement HRD raises in these Proposed Amendments.

2.       Violation of Duty of Good Faith and Fair Dealing (Proposed Amendments ¶¶ 110, 122, 128-130 and 133)

The Proposed Amendments regarding Dow's duty of good faith and fair dealing clarify the previous claim that Dow violated this duty. In the 2005 Amendments, HRD alleged that Dow breached its obligation to HRD by failing to comply with its obligation to develop a conforming product in good faith. *See* 2005 Amendments at ¶¶ 108, 133-34. Further, HRD's prior Amendments alleged that Dow misused HRD's proprietary information and developed its products in direct competition with HRD, in violation of its duty of good faith and fair dealing. Id. at ¶133. This is not new information.

3.       Patent Claims (Proposed Amendments at ¶¶ 131, 150-159)

HRD previously notified Dow that it was claiming that Dow breached the JDA because of Dow's activities relative to patent claims. (Amended Responses to Dow's Interrogatories 3 and 4, served on November 26, 2007). *See* Exhibit "G" to HRD's Motion or Leave. In addition, the parties have also participated in ongoing written and deposition discovery on this issue. Dow has not demonstrated undue prejudice relative to these claims.

-4-

B.      Retraction of Admissions (Proposed Amendments at ¶¶ 58, 60-61, 103)

HRD has previously alleged that Dow failed to produce the designated product under the specifications of the Supply Agreement.  Despite Dow's contentions to the contrary, it does not appear from the 2005 Amendments that HRD made any admission that it received a product designated as "Prime Product".  *See* 2005 Amendments at ¶¶ 58, 60, 62, and 63.  Note also that HRD previously alleged that the non-conforming goods were timely inspected and rejected. *See* 2005 Amendment at ¶108.

C.      "New Factual Claims"(Proposed Amendments at ¶¶ 109, 120, 125, 127-30, 132-34, 138 and 145).

Dow argues that a number of amendments contain new factual claims.  In this regard the Court notes that:

(1) Dow's loss of ethylene did not occur until 2006, the year after HRD filed its 2005 Amendments. Dow has been aware of this loss of the ethylene supply as of August of 2006. *See* Exhibit "I" to HRD's Motion for Leave.

(2) Dow is aware from prior pleadings that HRD is claiming that it was producing wax that did not confirm to the contractual specifications.

(3) The prior draft amendments reveal that HRD has previously claimed that Dow used HRD's proprietary information to develop products in order to enter into competition with HRD. *See* Exhibit "F" to HRD's Motion for Leave at ¶¶ 128, 133.

D.      New Remedies (Proposed Amendments at ¶¶ 125, 127, 134, 138 and 145)

The remedies sought are based on: Dow's commitments to make a marketable product;

bad faith; removal of contractual mutation; value of Dow's products; value of HRD's lost patent rights; loss of market exclusivity; and removal of contract limitation on damages. The 2005 Amendments and draft Proposed Amendments submitted to Dow in 2006, alleged that Dow intentionally acted in bad faith by deliberately including solvents or light ends in the products that were not previously developed in the JDA. *See* 2005 Amendments at ¶¶ 120-24; *see also* Exhibit "F" at ¶¶126-29; 132[*sic*]. Dow is not unfairly prejudiced by the specific notation of the remedies sought.

<u>RULING</u>

While late filed pleadings can generally be argued to be problematic or prejudicial to an adverse party, Dow has been on notice for some time of the HRD claims as set forth in the currently proposed amendments. While Dow's arguments are reasonable, they do not overcome the Federal Court's policy of liberally allowing amendments unless the objecting party is unfairly disadvantaged. Dow has failed to demonstrate that it will be unduly prejudiced by the Proposed Amendments.

HRD's Motion for Leave to File its Second Amended Answer and Counterclaim is therefore GRANTED.

_____
SPECIAL MASTER B. WILSON REDFEARN

Dated: February 26, 2009