IN THE UNTIED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DOW CHEMICAL CANADA, INC., on its own behalf and as assignee of THE DOW CHEMICAL COMPANY, :<br><br>Plaintiff :<br><br>vs. :<br><br>HRD CORPORATION, (d/b/a Marcus Oil & Chemical), :<br><br>Defendant, Counterclaim Plaintiff :<br><br>vs. :<br><br>DOW CHEMICAL CANADA, INC., on its own behalf and as assignee of THE DOW CHEMICAL COMPANY, :<br><br>Counterclaim Defendants : | Case No. 05-023-(JJF) |

## DECISION AND ORDER
## ON DOW'S REQUEST FOR PRODUCTION

HRD Corporation (HRD) has alleged in its counter-claim that Dow Chemical Canada, Inc. and The Dow Chemical Company (Dow), inter alia, breached the Supply Agreement with HRD when it furnished HRD with a product which was outside of the contract specifications and which it maintains has minimal commercial value. To rebut those allegations, Dow has requested discovery relative to the disposition and value of the product in the thirty railcars that it sent to HRD. Dow argues that evidence of the disposition of that product is necessary in order to defend against HRD's assertion that the Dow material had negligible value.

At the June 4, 2009, Status Conference, HRD was ordered to produce further

documentation concerning the disposition of the railcar product. In the event that it was unable to produce this documentation, it was given the option of compliance through the submission of an affidavit signed by Aziz Hassan. At the same time, it was made aware that if the affidavit was insufficient, HRD would be required to produce its sales journals, shipping records, bills of lading, relevant correspondence and the like from 2004 to 2008. The Court reasoned that if HRD could not show the specific disposition and value of the product, Dow was entitled to probe further for relevant information. Transcript of June 4, 2009 Status Conference, p. 4-8.

Dow argues that HRD has failed to comply with the Order of the Special Master. It submits that HRD has only provided 24 pages relating to the disposition of product from one railcar and has not provided an affirmation that HRD has produced all pertinent documents. It further avers that the Hassan affidavit accounts for only a small portion of the railcar product, with essentially no supporting papers. *See*, Dow letter submission of July 6, 2009.

It is HRD's position that it has complied with all discovery requests to the extent that it could locate pertinent materials, and that, in accordance with the Special Master's directive, it has furnished an affidavit of Aziz Hassan explaining the disposition of the product in the thirty subject railcars. *See*, HRD's letter submission of July 14, 2009. Nonetheless, it still appears that the value of most of the product at issue has not been adequately verified.

I find that the HRD production and the Aziz Hassan affidavit are insufficient.

In Federal court, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party ...." Fed. R. Civ. P, 26(b)(1). To be relevant, the discovery sought need not be admissible at trial; it need only

be reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(1). *See also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978) (interpreting "relevance" broadly to include any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case).

HRD's sales journals, shipping records, payment records, pertinent correspondence and the like are relevant to Dow's defense of HRD's damages claims. The information gleaned from the documents might reasonably be expected to provide further evidence relative to the disposition and value of the product at issue. HRD has already identified some of the purchasers of the Dow product and these documents could provide further relevant information.

AND SO, this 17th day of July, 2009, having considered the application of Dow for an Order directing HRD to produce information relating to the value and disposition of the product delivered to HRD between May of 2004 and May of 2005, and having considered the arguments of the parties;

IT IS HEREBY ORDERED, that to the extent that the materials exist, HRD should produce the following within ten (10) business days of this Order:

a. All Sales Journals from 2004 to 2008.

b. All shipping records from 2004 to 2008 for any MD, D, Marcus 200 and Marcus 300 products, or any other product containing material produced by Dow.

c. All bills of lading from 2004 to 2008 for any MD, D, Marcus 200 and Marcus 300 products, or any other product containing material produced by Dow.

d. All invoices and records of payment for any MD, D, Marcus 200 and Marcus 300 products.

e. All documents reflecting HRD's blending of Dow Product.

f. All correspondence with third parties, including electronic correspondence, concerning Dow Products and MD, D, Marcus 200 and Marcus 300 products.

g. All documents supporting HRD's claim that railcars were emptied of Dow Product to abate demurrage or railcar charges.

Should the required production be deficient, Dow will be permitted to take the depositions of those persons responsible for maintaining the pertinent records.

Dow has, upon request, been permitted to designate its production materials as Highly Confidential pursuant to the terms of the Stipulation and Order governing Discovery Materials. While I am not sure that it is required here, if requested, I will allow HRD's production to be made on the same basis as allowed to Dow. Stated otherwise, upon application by HRD, production can be viewed only by Dow's counsel and, if necessary, an outside expert who has signed the Confidentiality Agreement to which reference is made in paragraph seven (7) of the aforesaid Stipulation and Order. Should the production contains relevant material, the court can lift the restrictions at trial.

Dated: July 17, 2009

B. WILSON REDFEARN
Special Master