IN THE UNTIED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DOW CHEMICAL CANADA, INC., on its own behalf and as assignee of THE DOW CHEMICAL COMPANY, | : : : : |
| Plaintiff | : : |
| vs. | : Case No. 05-023-(JJF) |
| HRD CORPORATION, (d/b/a Marcus Oil & Chemical), | : : : |
| Defendant, Counterclaim Plaintiff | : : : |
| vs. | : : |
| DOW CHEMICAL CANADA, INC., on its own behalf and as assignee of THE DOW CHEMICAL COMPANY, | : : : : |
| Counterclaim Defendants | : |

### DECISION AND ORDER ON DOW'S MOTION TO COMPEL THE PRODUCTION OF UNREDACTED MATERIALS RELATING TO THE DISPOSITION OF RAILCAR PRODUCT

On July 17, 2009, the Special Master issued a decision requiring the HRD Corporation (HRD) to produce its sales journals, shipping records, payment records, pertinent correspondence and the like. The proceedings which antedated that Opinion and Order are set out in the decision, as is the reasoning of the Court (Exhibit "A"). Production was further discussed at the August 4, 2009 Status Conference, at which time HRD confirmed that it would produce the materials referenced in the Order on a rolling basis (Tr. at 18). At no time was the Court advised that HRD intended to redact from its production those portions of the materials which it considered irrelevant or confidential.

However, when the materials were produced, there were substantial redactions. HRD's position is set out in its letter submission of August 21, 2009, which has now been filed with the Court, as has Dow's response of August 25, 2009.

An issue similar to the one *sub judice* was briefed and argued following Dow's redacted production. While the parties, following numerous meetings, were essentially able to resolve the issue, the Special Master published an Advisory Draft Opinion on January 26, 2009 (Exhibit "B") which stated:

> "In January of 2006, the parties to this litigation executed a Stipulation and Order Governing Discovery Materials which was thereafter approved by the Court and entered as an Order. This Stipulation and Order, by its terms, 'governs the treatment of all information, documents and things within the scope of discovery in this action, including...Highly Confidential Discovery Material, or information derived therefrom.' The agreements sets forth the manner in which disclosures shall be made for highly confidential materials, including provisions for limiting production to outside counsel and experts."

\* \* \*

> "This document was prepared by attorneys who had knowledge of the controlling law, as well as an awareness of the technical discovery issues with which they might be confronted. When the parties crafted and entered into this Stipulation and Order, they essentially agreed that it provided the protection each needed relative to the disclosure of confidential information. I am unwilling to accept Dow's argument at this point that it should not be bound by this agreement".

While I consider the above-quoted language to be the law of the case, and controlling in the instant matter, I can not help but note that the arguments made by HRD when it previously moved to compel Dow to remove its redactions, are essentially the same as Dow's argument here. While I believe that the case law in <u>Medtronic Ave., Inc. v. Advanced Cardiovascular Sys., Inc.</u> 204 WL 115594 (D.Del.), as well as the supporting arguments and case law which were cited by Dow here, and by HRD in its letter of November 24th, 2008 (Exhibit "C"), would require the production of the

unredacted documents, I am of the opinion that one need go no further than the Stipulation entered into by the parties to resolve the matter by compelling unredacted production.

To the extent that it is necessary to say, I also find that Dow's Requests are calculated to lead to the discovery of admissible evidence. F.R.C.P. 26(b)(1). Referencing Judge Farnan's language in his decision of July 30, 2009, I believe that HRD's position is "overzealous" and "exhibiting an unwarranted level of protectionism", particularly in light of the safeguards provided by the Stipulation and Order to which reference has been made.

Similar to my direction to Dow of last January, I am now requiring HRD, within the next ten (10) business days, to produce the materials set out in my Order of July 17, 2009, in unredacted form, with the understanding that Dow's attorneys are bound by the Stipulation and Order both as to the unredacted materials produced, and as to any new materials obtained by subpoena.

In light of the fact that the discovery cut-off deadline has passed, the Court allows Dow additional discovery, limited to records depositions of the companies revealed in the discovery responses and confined to matters relating to the disposition and value of the product in the thirty railcars that it sent to HRD.

SO ORDERED,

/s/ B. Wilson Redfearn
B. WILSON REDFEARN
Special Master

Dated: August 27, 2009