IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DOW CHEMICAL CANADA, INC., on its own behalf and as assignee of THE DOW CHEMICAL COMPANY, | : : : : | |
| Plaintiff | : : | |
| vs. | : : | C.A. No. 05-023-JJF |
| HRD CORPORATION, (d/b/a Marcus Oil & Chemical), | : : : : | |
| Defendant Counterclaim Plaintiff | : : : | |
| vs. | : : | |
| DOW CHEMICAL CANADA, INC., on its own behalf and as assignee of THE DOW CHEMICAL COMPANY, | : : : : : | |
| Counterclaim Defendant | : | |

## RULING RE: HRD SUBPOENAS

Discovery in this case was closed as of August 23, 2009. On or about September 9, 2009, HRD, without making an application to the Court, issued fourteen third party subpoenas to Dow customers. HRD argues that this discovery is calculated to lead to the discovery of relevant evidence and that it is not violative of the Court's discovery cut-off order.

First of all, whether the discovery was calculated to lead to the discovery of relevant evidence is not the controlling issue. Rather, the issue is: Could this discovery

be properly filed without the permission of the Court?

Rule 45 subpoenas filed for the purpose of securing pretrial production are encompassed within the definition of "discovery" as enunciated in Rule 26(a)(5), and are subject to the same time constraints that apply to all other methods of formal discovery, i.e., discovery which involves the authority of the Court. *Nicholas v. Wyndham Intern., Inc.*, 2003 WL 23198847 at *2 (D.V.I. 2003).

In order to properly obtain the discovery which HRD is pursuing through its subpoenas, it was required to make a "good cause" application to the Court, *Judkins v. H.T. Windows Fashions Corp.*, 2008 WL 4288345 at *2 (W.D. Pa. 2008), and in this instance, demonstrate that the discovery sought could not have been obtained within the allowed discovery period. *See, Alexiou v. Moshos*, 209 WL 2193960 at *3 (E.D. Pa. 2009).[1]

While HRD went forward with the discovery at a time when it should have known that, without permission, such discovery was prohibited[2], at this point, the subpoenas are two weeks old and it is too late to have them quashed[3]. However, should this type of discovery abuse be repeated, sanctions would not be unlikely. *See,* FRCP 53(e).

---

[1] The question of whether HRD could have shown "good cause" need not be addressed.
[2] My Order of August 27, 2009 signaled the Court's position that Rule 45 subpoenas were included in the cut-off period.
[3] The fact that a trial date has not been set also has limited significance.

While Dow is allowed to go forward with the subpoenas authorized by my August 27, 2009 Order, no further formal discovery will be permitted, absent a showing of good cause.

/s/ WILSON REDFEARN
B/ WILSON REDFEARN, Special Master

Dated: 9/24/09