```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF DELAWARE
```

| | |
|---|---|
| DOW CHEMICAL CANADA INC., on its behalf and as assignee of THE DOW CHEMICAL COMPANY,<br><br>        Plaintiff,<br><br>   v.<br><br>HRD CORPORATION (d/b/a Marcus Oil & Chemical),<br><br>        Defendant/Counterclaim Plaintiff,<br><br>   v.<br><br>DOW CHEMICAL CANADA INC., on its behalf and as assignee of THE DOW CHEMICAL COMPANY, and THE DOW CHEMICAL COMPANY,<br><br>        Counterclaim Defendants | : <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: Civil Action No. 05-023-JJF<br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: |

<u>**MEMORANDUM ORDER**</u>

    Pending before the Court is Defendant HRD Corporation's ("HRD") Motion For Reconsideration. (D.I. 437.) Plaintiffs Dow Chemical Canada Inc. and The Dow Chemical Company (collectively "Dow") oppose this Motion. (D.I. 451.)

**I. BACKGROUND**

    This litigation stems from a failed business relationship between Dow and HRD. Briefly, the parties contracted to, first, jointly develop certain polyethylene wax products and, second, at the conclusion of development, for Dow to be HRD's exclusive supplier of the new wax products. As a result of the demise of

that relationship, Dow filed a breach of contract claim against HRD, and HRD responded with numerous counterclaims.

On September 24, 2009, the Court issued an Opinion (D.I. 433) and accompanying Order (D.I. 434) ruling on the parties' summary judgment motions. In that decision, the Court granted Dow's Summary Judgment regarding its one complaint of breach of contract and the majority of Dow's Summary Judgment arguments regarding HRD's counterclaims. Following the Court's decision, the only issues left to be resolved are the amount of damages owed by HRD to Dow on the breach of contract claim and HRD's counterclaims regarding trade secrets 13, 23, 24, and 40, and breach of contract and duty of faith in perfecting patent rights regarding two patent applications, United States Patent Applications 2006/0199897 and 2008/0306217.

In response to the Court's Opinion and Order, HRD filed the instant Motion for Reconsideration on October 9, 2009. Dow responded to this Motion on October 29, 2009, in its Memorandum of Law in Opposition. (D.I. 451.)

## II. LEGAL STANDARD

The purpose of a motion to reconsider is to correct "manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 678 (3d Cir. 1999) (quoting Harsco Corp. v. Zlotnicki,

779 F.2d 906, 909 (3d Cir. 1985)). Max's Seafood also recited the standard used to evaluate a motion for reconsideration:

> [A] judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice

Id. This standard has been followed consistently by both the Third Circuit and this Court. See Beety-Monticelli v. Comm'r of Soc. Sec., No. 09-1224, 2009 U.S. App. LEXIS 19367 (3d Cir. Aug. 28, 2009); Maclary v. Kionka, Civ. No. 04-65-JJF, 2009 U.S. Dist. LEXIS 73286 (D. Del. Aug. 19, 2009).

Additionally, courts have noted that motions for reconsideration are granted sparingly and are not a tool for a party to use simply because they are not satisfied with the Court's decision, nor are they an opportunity to present new arguments that could have been presented earlier. See Transportes Aereos Pegaso, S.A. v. Bell Helicopter Textron Inc., Civ. No. 08-959, 2009 U.S. Dist. LEXIS 59006, *5-6 (D. Del. July, 10, 2009) (noting that a motion for reconsideration is not a means for presenting arguments that could have been presented earlier nor is it a means of asking the court to "re-think its prior decision"); Karr v. Castle, 768 F. Supp. 1087, 1093 (D. Del. 1991) ("Reconsideration should not be granted where it would merely accomplish repetition of arguments that were or should

have been presented to the court previously.").

### III. PARTIES' CONTENTIONS

HRD presents the argument that the Court should reconsider its rulings on the Summary Judgment Motions because there are material issues of fact remaining and consequently, Dow did not meet its burden of showing that no issue of fact remains. (D.I. 438.) HRD makes numerous arguments that the Court failed to properly evaluate evidence and that Dow failed to provide the necessary evidence to warrant summary judgment. (Id.) Dow argues that HRD's Motion should be denied because it fails to meet the high burden required for reconsideration and fails on the merits. (D.I. 451.) Dow asserts that HRD is simply trying to revive its denied claims and presents only evidence that has already been presented or should have been presented previously. (Id.)

### IV. DECISION

In the Court's view, HRD has failed to meet the burden necessary to warrant reconsideration. HRD has not shown that the prior decision was a clear error or manifest injustice, nor that there has been any intervening law or newly discovered facts. HRD's brief consisted of arguments that had been made previously or should have been made previously. Accordingly, the Court will

4

deny HRD's Motion for Reconsideration.

    NOW THEREFORE, IT IS HEREBY ORDERED that Defendant HRD's Motion For Reconsideration (D.I. 437) is **DENIED**.

January 5, 2010            _/s/ Joseph J. Farnan, Jr._
DATE                       UNITED STATES DISTRICT JUDGE