IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DOW CHEMICAL CANADA INC., on its behalf and as assignee of THE DOW CHEMICAL COMPANY,<br><br>    Plaintiff,<br><br>  v.<br><br>HRD CORPORATION (d/b/a Marcus Oil & Chemical),<br><br>    Defendant/Counterclaim Plaintiff,<br><br>  v.<br><br>DOW CHEMICAL CANADA INC., on its behalf and as assignee of THE DOW CHEMICAL COMPANY, and THE DOW CHEMICAL COMPANY,<br><br>    Counterclaim Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: Civil Action No. 05-023-JJF<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

### MEMORANDUM ORDER

Pending before the Court is Plaintiffs,' Dow Chemical Canada Inc. and The Dow Chemical Company (collectively "Dow"), Motion For An Expedited Separate Trial On the Amount Of Its Damages And, In The Alternative, Leave To File A Supplemental Summary Judgment Motion On The Amount Of Its Damages. (D.I. 441.)

### I. BACKGROUND

On September 24, 2009, the Court issued an Opinion (D.I. 433) and accompanying Order (D.I. 434) ruling on the parties' summary judgment motions. In that decision, the Court granted Dow's Summary Judgment motion regarding its breach of contract

claim and much of Dow's Summary Judgment motions regarding HRD's counterclaims. Following the Court's decision, the issues left to be resolved are the amount of damages owed by HRD to Dow on the breach of contract claim and HRD's counterclaims regarding trade secrets 13, 23, 24, and 40, and breach of contract and duty of faith in perfecting patent rights regarding two patent applications, United States Patent Applications 2006/0199897 and 2008/0306217.

In response to the Court's Decision, Dow filed the instant Motion seeking separate trials on the issue of damages and HRD's remaining counterclaims on October 13, 2009. (D.I. 441.) HRD responded to this Motion in its Memorandum of Law in Opposition on October 27, 2009. (D.I. 450.)

## II. DOW'S MOTION FOR BIFURCATION

### A. Parties' Contentions

Dow argues that an expedited one-day trial regarding the issue of Dow's damages would spare the Court and both parties burden and costs as well as avoid causing prejudice to Dow. (D.I. 442 at 2.) Dow specifically contends that bifurcation would eliminate jury confusion because the issues that would be divided into separate trials are distinct and thus there would not be any significant overlap. (D.I. 455 at 4-5.)

HRD counters that bifurcation is not appropriate because it

will not promote judicial economy and will prejudice HRD. (D.I. 450 at 2-3.) Specifically, HRD argues that bifurcation does not have any potential to eliminate the second trial because the second trial would relate to different topics than the first, that it would complicate the scene of the litigation, and that it would not be the limited one-day trial Dow proposes. (Id. at 4-7.) Lastly, HRD argues that a second trial would actually increase jury confusion because jurors would feel as if they are not being presented with the full picture of the case. (Id. at 8-9.) Dow replies that HRD's objections lack support and reveal an improper trial strategy. (D.I. 455.)

### B. Decision

The Court concludes that bifurcation of Dow's damages claims and HRD's remaining counterclaims will not promote the efficient adjudication of the parties' dispute. As argued by HRD, there is a potential for overlap of background material and witnesses with regard to the trial of the facts and issues. The Court is not persuaded that given this clear overlap separate trials will promote any efficiencies. Thus, the Court will deny the motion.

### III. DOW'S ALTERNATE MOTION FOR LEAVE TO FILE A SUPPLEMENTAL SUMMARY JUDGMENT MOTION

Dow argues that if the Court does not grant bifurcation, it should allow Dow to file a supplemental summary judgment briefing on the issue of Dow's damages. (D.I. 442 at 2.) Dow contends

this is appropriate because HRD has not disputed Dow's damage calculations and thus, summary judgment would save the Court and parties time and money. (<u>Id.</u>) HRD does not oppose Dow's request to file supplemental summary judgment briefing, but HRD does dispute the amount sought and reserves the right to contest the motion. (D.I. 450 at 10.)

Because HRD does not oppose the Motion, the Court will grant Dow leave to file supplemental summary judgment briefing on the issue of Dow's damages.

NOW THEREFORE, IT IS HEREBY ORDERED that Dow's Motion (D.I. 441) is denied in part and granted in part:

1. Dow's Motion To Bifurcate (D.I. 441) is **DENIED**;

2. Dow's Motion For Leave To File A Supplemental Summary Judgment Motion (D.I. 441) is **GRANTED**.

January  5 , 2010

*/s/ Joseph J. Farnan Jr.*
UNITED STATES DISTRICT JUDGE