IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DOW CHEMICAL CANADA INC., on its behalf and as assignee of THE DOW CHEMICAL COMPANY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>HRD CORPORATION (d/b/a Marcus Oil & Chemical),<br><br>　　　　Defendant/Counterclaim Plaintiff,<br><br>　v.<br><br>DOW CHEMICAL CANADA INC., on its behalf and as assignee of THE DOW CHEMICAL COMPANY, and THE DOW CHEMICAL COMPANY,<br><br>　　　　Counterclaim Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: Civil Action No. 05-023-JJF<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## MEMORANDUM ORDER

Pending before the Court is Plaintiffs,' Dow Chemical Canada Inc. and The Dow Chemical Company (collectively "Dow"), Motion For Costs titled: Motion For Dow Chemical Canada, Inc. And The Dow Chemical Company For An Award of Specific Costs. (D.I. 408.) Defendant HRD Corporation ("HRD"), opposes the Motion.

## I. BACKGROUND

On July 30, 2009, the Court issued an Opinion and Order (D.I. 390, 391) in which it denied HRD's Motions for Sanctions stemming from alleged misconduct of Dow and its attorneys. As

part of that decision, the Court awarded Dow "the cost of defending HRD's Motion for Sanctions." (D.I. 390 at 18.)

On August 10, 2009, Dow filed its Bill of Costs Associated With Defending HRD's Motion For Sanctions in which it sought $299,297.00 for attorneys' fees and $14,596.00 in costs. (D.I. 395.) HRD objected to Dow's bill of costs. (D.I. 400.) In response to HRD's objections, Dow filed a Motion For An Award Of Specific Costs. (D.I. 408.)

## II. LEGAL STANDARD

"It is inherent in the court's discretionary power to award attorneys' fees 'when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" In re Elonex Phase II Power Mgmt. Litig., 279 F. Supp. 2d 521, 525 (D. Del. 2003)(quoting Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991)). Based on this standard the Court awarded Dow the costs of defending HRD's Sanctions Motion. (D.I. 390, 391.)

In discussing what constitutes adequate documentation of attorneys' fees, the Supreme Court stated that a party "is not required to record in great detail how each minute of his time was expended. But at least counsel should identify the general subject matter of his time expenditures." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). The Third Circuit has added to that standard by determining that in evaluating attorneys' fees "[t]he

court's focus in assessing the adequacy of submitted documentation . . . is whether the documentation permits the court to determine if the claimed fees are reasonable." Pawlak v. Greenawalt, 713 F.2d 972, 978 (3d Cir. 1983); see also Rode v. Dellarciprete, 892 F.2d 1177, 1190 (3d Cir. 1990)("[A] fee petition should include some fairly definite information as to the hours devoted to various general activities. . . . However, it is not necessary to know the exact number of minutes spent nor the precise activity to which each hour was devoted nor the specific attainments of each attorney.  A fee petition is required to be specific enough to allow the district court to determine if the hours claimed are unreasonable for the work performed.")(internal citation omitted).  Although this standard relates to attorneys' fees in general and not specifically to the context of a sanction the Court believes it is appropriate in determining what is required of a party seeking fees and costs.

### III. PARTIES' CONTENTIONS

Dow contends that an award of $313,893.00, for defending the sanctions motion, and $10,669.00, for additional costs expended in replying to HRD's objections, for a total of $324,562.00, is warranted.  (D.I. 408.)  In support of its position Dow argues that the costs are reasonable given the seriousness of the sanctions motion and the related matters and the time that had to

be spent defending the motions and that the costs have been properly documented. (D.I. 407.)

HRD responds that the bill of costs presented by Dow should be denied or in the alternative reduced. (D.I. 400.) HRD argues that Dow failed to submit the appropriate documentation in support of its claims for attorneys' fees and costs. HRD contends that Dow's documentation is lacking and that the items included as costs in the documentation are improper and not subject to recovery. (Id.)

**IV. DECISION**

The Court concludes that Dow has demonstrated that its fees and costs are reasonable. Dow presented the declarations by attorneys setting forth the hours that had been spent working on the Sanctions Motions. (D.I. 396, 397, 398, 410, and 411.) In these declarations the area of work, the hourly rate, the number of hours worked, and the date worked were included. The Court finds that these declarations provide adequate documentation in support of Dow's attorneys' fees request.

In addition to concluding that the there is adequate documentation of the requested attorneys' fees, the Court further concludes that the fees sought are reasonable. The Court is not persuaded by HRD's argument that too many hours were listed for the type and amount of work performed. By its sanctions motions

HRD presented serious allegations of misconduct that, if proven, had the potential to impact the parties and issues of the case. In that context, the Court finds the requirement of extensive legal work reasonable. Although, HRD disputes Dow's bill, it does not provide any factual support, only speculation. Thus, the Court concludes that an award in the amount sought by Dow is warranted.

    NOW THEREFORE, IT IS HEREBY ORDERED that:

    1. Plaintiffs Dow Chemical Canada Inc. and The Dow Chemical Company's Motion For An Award of Specific Costs (D.I. 408) is **GRANTED**.

    2. Defendant HRD Corporation shall pay to Dow, within seven business days after entry of this order via wire transfer pursuant to written instructions furnished by Dow, the sum of $324,562.00.

January 5, 2010

                                                      *Joseph J. Farnan Jr.*
                                                    UNITED STATES DISTRICT JUDGE